KAREN SUE NAYLOR, TRUSTEE
PO BOX 504
SANTA ANA, CA 92702
(714) 708-3900
(714) 708-3949 Fax
knaylor@burd-naylor.com

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CONSOLIDATED EMPLOYER | § | Case No. 2:12-bk-16115-RK |
| MANAGEMENT SOLUTIONS, INC., a | § | (Substantively consolidated with Case Nos. |
| California Corporation; COASTAL | § | 2:12-bk-16130-RK and 2:12-bk-16131-RK) |
| EMPLOYERS, INC., a New York | § | |
| Corporation; and COASTAL | § | |
| EMPLOYERS, INC., a California | § | |
| Corporation, | § | |
| | § | |
| Debtor | § | |

## CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED AND APPLICATION TO BE DISCHARGED (TDR)

KAREN SUE NAYLOR, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1) All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | |
|---|---|
| Assets Abandoned: 51,504,719.39 *(Without deducting any secured claims)* | Assets Exempt: NA |
| Total Distributions to Claimants: 226,816.02 | Claims Discharged Without Payment: NA |
| Total Expenses of Administration: 1,916,634.47 | |

3) Total gross receipts of $ 2,143,450.49  (see **Exhibit 1**), minus funds paid to the debtor and third parties of $ 0.00  (see **Exhibit 2**), yielded net receipts of $ 2,143,450.49  from the liquidation of the property of the estate, which was distributed as follows:

|  | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| SECURED CLAIMS (from **Exhibit 3**) | $ 6,588,633.01 | $ 329,015.27 | $ 225,816.02 | $ 225,816.02 |
| PRIORITY CLAIMS: CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4**) | NA | 1,413,461.21 | 1,719,522.48 | 1,719,522.48 |
| PRIOR CHAPTER ADMIN. FEES AND CHARGES (from **Exhibit 5**) | NA | 430,234.92 | 449,734.92 | 197,111.99 |
| PRIORITY UNSECURED CLAIMS (from **Exhibit 6**) | 6,068,161.90 | 3,630,941.28 | 3,628,899.73 | 1,000.00 |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7**) | 27,630,175.04 | 19,497,131.07 | 21,442,517.07 | 0.00 |
| **TOTAL DISBURSEMENTS** | $ 40,286,969.95 | $ 25,300,783.75 | $ 27,466,490.22 | $ 2,143,450.49 |

4)  This case was originally filed under chapter 11 on  04/04/2007 , and it was converted to chapter 7 on  11/16/2007 .  The case was pending for 113 months.

5)  All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6) An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**.  The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated: 02/16/2017 _____    By:/s/KAREN SUE NAYLOR _____

                                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

EXHIBITS TO
FINAL ACCOUNT

## EXHIBIT 1 – GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE[1] | $ AMOUNT RECEIVED |
|---|---|---|
| Workers Comp expense reimburseable receivable | 1149-000 | 170,000.00 |
| Asset No. 8 from COASTAL-CA 07-10994: | 1180-000 | 1,500,000.00 |
| DIP Account No. 375559522 | 1229-000 | 157.24 |
| DIP Account No. 375559593 | 1229-000 | 5.00 |
| Claims against Alias Confidential | 1249-000 | 8,600.00 |
| Claims against Robert Anderson | 1249-000 | 275,000.00 |
| Claims against Fretto, Flynn, Heinrich | 1249-000 | 25,000.00 |
| Claims against Askew Kabala | 1249-000 | 10,000.00 |
| Claims against Village Motors | 1249-000 | 10,000.00 |
| Post-Petition Interest Deposits | 1270-000 | 173.69 |
| Funds Turned Over from Coastal-NY | 1290-000 | 39,159.01 |
| Segregated Funds from Coastal-NY | 1290-000 | 105,355.55 |
| TOTAL GROSS RECEIPTS | | $2,143,450.49 |

[1]The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

## EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES

| PAYEE | DESCRIPTION | UNIFORM TRAN. CODE | $ AMOUNT PAID |
|---|---|---|---|
| NA | | NA | NA |
| TOTAL FUNDS PAID TO DEBTOR & THIRD PARTIES | | | $ 0.00 |

## EXHIBIT 3 – SECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6D) | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Internal Revenue Service Mailstop 5503 24000 Avila Road Laguna Niguel, CA 92677 | | 5,236,821.80 | NA | NA | 0.00 |
| 130-05-2 | NATIONAL UNION FIRE INSURANCE | 4110-000 | NA | 0.00 | 0.00 | 0.00 |
| 131-10 | AICCO, INC | 4210-000 | NA | 103,199.25 | 0.00 | 0.00 |
| 115-01-3A | DEPARTMENT OF THE TREASURY | 4300-070 | 799,276.77 | 125,816.22 | 125,816.22 | 125,816.22 |
| 131-01-2A | DEPARTMENT OF THE TREASURY | 4300-070 | 552,534.44 | 99,999.80 | 99,999.80 | 99,999.80 |
| TOTAL SECURED CLAIMS | | | $ 6,588,633.01 | $ 329,015.27 | $ 225,816.02 | $ 225,816.02 |

## EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| KAREN SUE NAYLOR | 2100-000 | NA | 87,553.51 | 87,553.51 | 87,553.51 |
| KAREN SUE NAYLOR | 2200-000 | NA | 3,133.08 | 3,133.08 | 3,133.08 |
| INTERNATIONAL SURETIES , LTD. | 2300-000 | NA | 11,599.44 | 11,599.44 | 11,599.44 |
| Bank of America | 2600-000 | NA | 864.52 | 864.52 | 864.52 |
| UNION BANK | 2600-000 | NA | 1,218.68 | 1,218.68 | 1,218.68 |
| US BANKRUPTCY COURT-LA | 2700-000 | NA | 1,250.00 | 1,250.00 | 1,250.00 |
| FRANCHISE TAX BOARD | 2820-000 | NA | 94,283.34 | 94,283.34 | 94,283.34 |
| FRANCHISE TAX BOARD (ADMINISTRATIVE | 2820-000 | NA | 7,284.07 | 7,284.07 | 7,284.07 |
| STATE BOARD OF EQUALIZATION | 2820-000 | NA | 4,251.59 | 4,251.59 | 4,251.59 |
| OFFICE OF THE UNITED STATES TRUSTEE | 2950-000 | NA | 750.00 | 750.00 | 750.00 |
| MARSHACK HAYS LLP | 3210-000 | NA | 1,042,113.50 | 1,030,749.50 | 1,030,749.50 |
| RUS, MILIBAND & SMITH | 3210-000 | NA | 0.00 | 148,826.00 | 148,826.00 |
| KAPLIN STEWART MELOFF REITER & STEI | 3210-600 | NA | 118,680.00 | 118,680.00 | 118,680.00 |
| MARSHACK HAYS LLP | 3220-000 | NA | 36,165.33 | 36,165.33 | 36,165.33 |

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| RUS, MILIBAND & SMITH | 3220-000 | NA | 0.00 | 5,394.27 | 5,394.27 |
| KAPLIN STEWART MELOFF REITER & STEI | 3220-610 | NA | 1,983.25 | 1,983.25 | 1,983.25 |
| HAHN FIFE & COMPANY, LLP | 3410-000 | NA | 0.00 | 163,205.00 | 163,205.00 |
| HAHN FIFE & COMPANY, LLP | 3420-000 | NA | 2,330.90 | 2,330.90 | 2,330.90 |
| TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES | | $ NA | $ 1,413,461.21 | $ 1,719,522.48 | $ 1,719,522.48 |

## EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| GOE & FORSYTHE, LLP | 6210-160 | NA | 0.00 | 19,500.00 | 19,500.00 |
| EMPLOYMENT DEVELOPMENT DEPARTMENT | 6820-000 | NA | 342,156.62 | 342,156.62 | 141,251.01 |
| FRANCHISE TAX BOARD | 6820-000 | NA | 79,549.61 | 79,549.61 | 32,840.12 |
| STATE BOARD OF EQUALIZATION | 6820-000 | NA | 8,528.69 | 8,528.69 | 3,520.86 |
| TOTAL PRIOR CHAPTER ADMIN. FEES AND CHARGES | | $ NA | $ 430,234.92 | $ 449,734.92 | $ 197,111.99 |

## EXHIBIT 6 – PRIORITY UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | EDD 3321 Power Inn Road Sacramento CA 95826 | | 1,780,787.00 | NA | NA | 0.00 |
| | EDD 3321 Power Inn Road Sacramento CA 95826 | | 547,473.00 | NA | NA | 0.00 |
| | Employment Development Dept Bankruptcy Group MIC 92E PO Box 826880 Sacramento, CA 94280-0001 | | 694,903.90 | NA | NA | 0.00 |
| | Internal Revenue Service Mail Stop 5503 24000 Avila Road Laguna Niguel CA 92677 | | 1,667,047.00 | NA | NA | 0.00 |
| | Internal Revenue Service Mail Stop 5503 24000 Avila Road Laguna Niguel CA 92677 | | 852,298.00 | NA | NA | 0.00 |
| | Internal Revenue Service Mail Stop 5503 24000 Avila Road Laguna Niguel, CA 92677 | | 525,653.00 | NA | NA | 0.00 |
| | Representing: Employment Development Dept | | 0.00 | NA | NA | 0.00 |
| | Representing: Internal Revenue Service | | 0.00 | NA | NA | 0.00 |
| 115-12 | DAMON RICE | 5200-000 | NA | 2,041.55 | 0.00 | 0.00 |
| 130-14-1 | TINA LOUISE BANKS | 5300-000 | NA | 1,000.00 | 1,000.00 | 1,000.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 115-01-3B | DEPARTMENT OF THE TREASURY | 5800-000 | NA | 110.14 | 110.14 | 0.00 |
| 115-04 | DEPARTMENT OF THE TREASURY | 5800-000 | NA | 0.00 | 0.00 | 0.00 |
| 130-01-2 | DEPARTMENT OF THE TREASURY | 5800-000 | NA | 0.00 | 0.00 | 0.00 |
| 130-02 | DEPARTMENT OF THE TREASURY | 5800-000 | NA | 0.00 | 0.00 | 0.00 |
| 131-01-2B | DEPARTMENT OF THE TREASURY | 5800-000 | NA | 398,248.91 | 398,248.91 | 0.00 |
| 131-05 | DEPARTMENT OF THE TREASURY | 5800-000 | NA | 0.00 | 0.00 | 0.00 |
| 130-03A | EMPLOYMENT DEVELOPMENT DEPARTMENT | 5800-000 | NA | 0.00 | 0.00 | 0.00 |
| 130-07A | EMPLOYMENT DEVELOPMENT DEPARTMENT | 5800-000 | NA | 1,379,398.48 | 1,379,398.48 | 0.00 |
| 131-08A | EMPLOYMENT DEVELOPMENT DEPARTMENT | 5800-000 | NA | 1,136,899.93 | 1,136,899.93 | 0.00 |
| 115-07A | EMPLOYMENT DEVELOPMENT DEPT | 5800-000 | NA | 548,789.70 | 548,789.70 | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 131-06 | FRANCHISE BAX BOARD | 5800-000 | NA | 0.00 | 0.00 | 0.00 |
| 131-07 | FRANCHISE BAX BOARD | 5800-000 | NA | 8,421.99 | 8,421.99 | 0.00 |
| 115-05A | FRANCHISE TAX BOARD | 5800-000 | NA | 116,031.42 | 116,031.42 | 0.00 |
| 115-21 | FRANCHISE TAX BOARD | 5800-000 | NA | 0.00 | 0.00 | 0.00 |
| 130-09 | ORANGE COUNTY TREASURER-TAX COLLECT | 5800-000 | NA | 675.70 | 675.70 | 0.00 |
| 130-10 | ORANGE COUNTY TREASURER-TAX COLLECT | 5800-000 | NA | 0.00 | 0.00 | 0.00 |
| 130-06 | STATE BOARD OF EQUALIZATION | 5800-000 | NA | 25,152.34 | 25,152.34 | 0.00 |
| 131-13 | STATE BOARD OF EQUALIZATION | 5800-000 | NA | 12,171.12 | 12,171.12 | 0.00 |
| 131-16 | STATE OF NEW JERSEY | 5800-000 | NA | 2,000.00 | 2,000.00 | 0.00 |
| TOTAL PRIORITY UNSECURED CLAIMS | | | $ 6,068,161.90 | $ 3,630,941.28 | $ 3,628,899.73 | $ 1,000.00 |

## EXHIBIT 7 – GENERAL UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | A-1 Credit Co 80 Pine Street 6th Floor New York NY 10005 | | 14,638.00 | NA | NA | 0.00 |
| | ACE American Insurance Company c/o Mr. Benjamin Hollensbee 525 W Monroe Street Chicago IL 60661 | | 1,818,631.00 | NA | NA | 0.00 |
| | AFCO Premium Finance 110 William Street 29th Floor New York NY 10038 | | 109,877.00 | NA | NA | 0.00 |
| | AIG Insurance c/o James Hennessy 300 S Riverside Plaza #2100 Chicago IL 60606 | | 7,075,194.00 | NA | NA | 0.00 |
| | AIG Insurance c/o James Hennessy 300 S Riverside Plaza #2100 Chicago IL 60606 | | 4,275,565.00 | NA | NA | 0.00 |
| | AT&T Box 78230 San Francisco CA 94107 | | 256.07 | NA | NA | 0.00 |
| | AT&T Box 989029 West Sacramento CA 95798-9029 | | 35.82 | NA | NA | 0.00 |
| | AT&T Payment Center Sacramento CA 95877-0001 | | 856.17 | NA | NA | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | AT&T Sacramento CA 95887-0001 | | 856.17 | NA | NA | 0.00 |
| | Alhambra and Sierra Springs Box 660579 Dallas TX 75266-0579 | | 19.76 | NA | NA | 0.00 |
| | Bayview Labor Org Benefits PO Box 132 Oriskany, CA 13424 | | 199,561.00 | NA | NA | 0.00 |
| | Coastal Employers (NY) 8580 State Route 69 Suite 2000 Oriskany, NY 13424 | | 3,435,450.00 | NA | NA | 0.00 |
| | Consolidated Employer Mgmt Sol PO Box 132 Oriskany NY 13424 | | 1,677,595.00 | NA | NA | 0.00 |
| | Federal Express Box 371461 Pittsburgh PA 15250 | | 98.85 | NA | NA | 0.00 |
| | Federal Express Box 371461 Pittsburgh PA 15250 | | 643.44 | NA | NA | 0.00 |
| | Federal Express PO Box 371461 Philadelphia PA 15250-7461 | | 1,222.94 | NA | NA | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Global Crossing PO Box 741276 Cincinnati OH 45274-1276 | | 999.95 | NA | NA | 0.00 |
| | Golden State Ovenight Box 2508 Alameda CA 94501 | | 5,082.90 | NA | NA | 0.00 |
| | Golden State Overnight PO Box 2508 Alameda CA 94501 | | 4,655.35 | NA | NA | 0.00 |
| | Kaiser Permanente File #73030 PO Box 60000 San Francisco CA 94160-3030 | | 3,315.50 | NA | NA | 0.00 |
| | Law Offices of Douglas Holmes Three Point Drive Suite 302 Brea CA 92821 | | 1,080.50 | NA | NA | 0.00 |
| | Morgan Alarm Company 1487 Lemon Street Vallejo CA 94590 | | 42.00 | NA | NA | 0.00 |
| | PG&E Box 997300 Sacramento CA 95899-7300 | | 227.04 | NA | NA | 0.00 |
| | Preferred Long Distance 16830 Ventura Blvd Suite 350 Encino CA 91436 | | 0.00 | NA | NA | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Preferred Personnel c/o Joanne Idleman 3552 Green Avenue #200A Los Alamitos, CA 90720 | | 0.00 | NA | NA | 0.00 |
| | Reinsurance Company of America c/o Mr. James Kernan 1310 Utica Street Oriskany NY 13424 | | 2,631,572.00 | NA | NA | 0.00 |
| | Reinsurance Company of America c/o Mr. James Kernan 1310 Utica Street Oriskany, NY 13424 | | 3,956,920.00 | NA | NA | 0.00 |
| | Robert J. Anderson, Sr. 1010 Utica Street Oriskany NY 13424 | | 243,769.00 | NA | NA | 0.00 |
| | Robertson Ryan & Assoc Inc. c/o Mr. Mark Denman 8338 Washington Avenue #110 Racine WI 53406 | | 174,000.00 | NA | NA | 0.00 |
| | Select Personnel Services c/o Mr. D. Stephen Sorenson 3820 State Street Santa Barbara CA 93105 | | 0.00 | NA | NA | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Source One Security 3354 Tyler Ave El Monte CA 91731 | | 37.00 | NA | NA | 0.00 |
| | Southern California Edison Box 600 Rosemead CA 91771-0001 | | 316.63 | NA | NA | 0.00 |
| | Southern California Edison Box 600 Rosemead CA 91771-0001 | | 177.51 | NA | NA | 0.00 |
| | State of New York Processing Center PO Box 61000 Albany, NY 12261-0001 | | 9,917.00 | NA | NA | 0.00 |
| | Summit Park LLC 8580 State Route 69 Oriskany NY 13424 | | 110,397.00 | NA | NA | 0.00 |
| | Summit Park, LLC 8580 State Route 69 Suite 2010 Oriskany, NY 13424 | | 1,858,014.00 | NA | NA | 0.00 |
| | Summit Software 9307 Manumelle Blvd N Little Rock AR 72113 | | 1,200.00 | NA | NA | 0.00 |
| | The New Directions Group Inc. 160 West Foothill Parkway Suite 105-200 Corona CA 92882-3037 | | 12,422.00 | NA | NA | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Verizon Box 9688 Mission Hills CA 91346 | | 382.92 | NA | NA | 0.00 |
| | Wells Fargo Bank c/o WF Business Direct PO Box 348750 Sacramento CA 95834 | | 5,146.52 | NA | NA | 0.00 |
| 115-11-2 | ACE AMERICAN INSURANCE COMPANY | 7100-000 | NA | 664,840.15 | 664,840.15 | 0.00 |
| 131-09-2 | ACE AMERICAN INSURANCE COMPANY | 7100-000 | NA | 664,840.15 | 664,840.15 | 0.00 |
| 131-17-3 | ACE AMERICAN INSURANCE COMPANY | 7100-000 | NA | 963,087.00 | 963,087.00 | 0.00 |
| 131-12 | AICCO, INC | 7100-000 | NA | 240.27 | 240.27 | 0.00 |
| 115-16-2 | AIG BANKRUPTCY COLLECTIONS | 7100-000 | NA | 0.00 | 5,570,386.00 | 0.00 |
| 115-15 | AT&T WEST ATTORNEY: JAMES GRUDUS ES | 7100-000 | NA | 4,199.04 | 4,199.04 | 0.00 |
| 115-09 | CORPORATE PERSONNEL NETWORK, INC., | 7100-000 | NA | 1,000,000.00 | 0.00 | 0.00 |
| 115-13 | CORPORATE PERSONNEL NETWORK, INC., | 7100-000 | NA | 1,000,000.00 | 0.00 | 0.00 |
| 131-19 | CRAIG P. BROWN AND JANET BROWN | 7100-000 | NA | 40,706.04 | 40,706.04 | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 115-01-3C | DEPARTMENT OF THE TREASURY | 7100-000 | NA | 7,914.76 | 7,914.76 | 0.00 |
| 131-01-2C | DEPARTMENT OF THE TREASURY | 7100-000 | NA | 34,812.55 | 34,812.55 | 0.00 |
| 130-03B | EMPLOYMENT DEVELOPMENT DEPARTMENT | 7100-000 | NA | 0.00 | 0.00 | 0.00 |
| 130-07B | EMPLOYMENT DEVELOPMENT DEPARTMENT | 7100-000 | NA | 208,599.45 | 208,599.45 | 0.00 |
| 131-08B | EMPLOYMENT DEVELOPMENT DEPARTMENT | 7100-000 | NA | 146,528.65 | 146,528.65 | 0.00 |
| 115-07B | EMPLOYMENT DEVELOPMENT DEPT | 7100-000 | NA | 89,729.38 | 89,729.38 | 0.00 |
| 115-02 | FEDEX CUSTOMER INFORMATION SERVICE | 7100-000 | NA | 6,526.00 | 6,526.00 | 0.00 |
| 115-10 | FOUNTAIN VALLEY SCHOOL DISTRICT | 7100-000 | NA | 30,770.00 | 30,770.00 | 0.00 |
| 115-05B | FRANCHISE TAX BOARD | 7100-000 | NA | 16,553.74 | 16,553.74 | 0.00 |
| 131-18 | GLOBAL CROSSING | 7100-000 | NA | 896.75 | 896.75 | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 115-19 | GOLDEN STATE OVERNIGHT | 7100-000 | NA | 5,605.92 | 5,605.92 | 0.00 |
| 131-03 | LAW OFFICES OF DOUGLAS HOLMES | 7100-000 | NA | 8,640.68 | 8,640.68 | 0.00 |
| 115-03 | NATIONAL UNION FIRE INSURANCE | 7100-000 | NA | 0.00 | 0.00 | 0.00 |
| 131-20-2 | NATIONAL UNION FIRE INSURANCE COMPA | 7100-000 | NA | 0.00 | 0.00 | 0.00 |
| 115-06 | REAL TIME STAFFING, INC., | 7100-000 | NA | 1,625,000.00 | 0.00 | 0.00 |
| 115-22 | REINSURANCE COMPANY OF AMERICA | 7100-000 | NA | 9,387,010.52 | 9,387,010.52 | 0.00 |
| 130-12 | REINSURANCE COMPANY OF AMERICA | 7100-000 | NA | 3,327,247.68 | 3,327,247.68 | 0.00 |
| 131-15-2 | ROBERTSON RYAN & ASSOC INC | 7100-000 | NA | 249,000.00 | 249,000.00 | 0.00 |
| 131-02 | ROBERTSON RYAN & ASSOC. INC. | 7100-000 | NA | 0.00 | 0.00 | 0.00 |
| 130-04-1 | TINA LOUISE BANKS | 7100-000 | NA | 0.00 | 0.00 | 0.00 |
| 130-08-1 | TINA LOUISE BANKS | 7100-000 | NA | 0.00 | 0.00 | 0.00 |

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 115-14 | VERIZON WIRELESS NORTHEAST | 7100-000 | NA | 3,776.10 | 3,776.10 | 0.00 |
| 131-04 | WELLS FARGO BANK NA | 7100-000 | NA | 10,606.24 | 10,606.24 | 0.00 |
| TOTAL GENERAL UNSECURED CLAIMS | | | $ 27,630,175.04 | $ 19,497,131.07 | $ 21,442,517.07 | $ 0.00 |

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    1

Exhibit 8

| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | |

For Period Ending: 02/16/17

| Trustee Name: | KAREN SUE NAYLOR |
| Date Filed (f) or Converted (c): | 11/16/07 (c) |
| 341(a) Meeting Date: | 01/09/08 |
| Claims Bar Date: | 04/08/08 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Post-Petition Interest Deposits (u) | Unknown | N/A | | 173.69 | Unknown |
| 2. Petty cash | 5.17 | 0.00 | | 0.00 | FA |
| 3. Bank of America - Reserve Account  The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 9,103.15 | 0.00 | | 0.00 | FA |
| 4. Bank of America - Operating Account  The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 45.74 | 0.00 | | 0.00 | FA |
| 5. Bank of America - Payroll Account  The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 446.71 | 0.00 | | 0.00 | FA |
| 6. HSBC - Operating Account  The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 3,946.58 | 0.00 | | 0.00 | FA |
| 7. HSBC - Savings  The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 1,362.26 | 0.00 | | 0.00 | FA |
| 8. 100 Shares of Coastal Employers Inc. (CA)  100% owner; estimate based on Debtor's financial statements valuation of investment in company    Pursuant to order entered 04/09/09, cases substantively consolidated.  Shares have no value. | 775,924.00 | 0.00 | | 0.00 | FA |
| 9. 100 Shares of Coastal Employers Inc. (NY)  100% owner; estimate based on Debtor's financial statement valuation of investment in company    Pursuant to order entered 04/09/09, cases substantively consolidated.  Shares have no value. | 2,257,645.00 | 0.00 | | 0.00 | FA |
| 10. Preferred Stock of Nor Eastern Holdings  (holding company which owns Reinsurance Company of America); value based on estimate from Debtor's financial statements - valuation date 03/31/07 | 3,249,588.00 | 0.00 | | 0.00 | FA |
| 11. Accounts Receivable | 165,202.00 | 10,000.00 | | 0.00 | FA |

FORM 2

Page:    2

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN | Trustee Name: | KAREN SUE NAYLOR |
|---|---|---|---|---|---|

Case Name:    CONSOLIDATED EMPLOYER MANAGEMENT SO

Date Filed (f) or Converted (c):    11/16/07 (c)

341(a) Meeting Date:    01/09/08

Claims Bar Date:    04/08/08

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| Trustee attempted to collect the receivables but the costs to pursue exceed the benefit to the estate; Some collections were made in Coastal NY case. | | | | | |
| 12. Client Lists<br>Value scheduled as "Unknown"<br><br>This asset was sold to Select during the Chapter 11 | Unknown | 0.00 | | 0.00 | FA |
| 13. Motor Vehicles<br>Value scheduled as "Unknown"<br><br>Trustee was informed this entity owned no vehicle on the date of the filing | Unknown | 0.00 | | 0.00 | FA |
| 14. Workers Comp Collateral Trust<br>In possession of RCA | 1,663,082.00 | 0.00 | | 0.00 | FA |
| 15. Workers Comp expense reimburseable receivable<br>In possession of Preferred Personnel<br><br>Trustee had reached a settlement with Preferred in which ultimately they defaulted and the Trustee obtained a judgment pursuant to stipulation entered 06/07/12 [Doc 71] in the amount of $4,131,562.54.  While the settlement was pending, prior to default, the Trustee had been collecting under the terms of the agreed upon payment schedule and pursuant to the 06/07/12 Order, the Trustee was authorized to retain the funds collected.  Trustee informed that Defendant is out of business and the balance of the funds is uncollectable. | 1,546,066.00 | 750,000.00 | | 170,000.00 | FA |
| 16. Workers Comp loss fund<br>In possession of RCA | 120,000.00 | 0.00 | | 0.00 | FA |
| 17. Due from Gresham NA<br>In Gresham's possession<br><br>Trustee filed complaint--Litigation resolved<br><br>See Asset No. 65 as Defendant is included within adversary. | 438,083.00 | 50,000.00 | | 0.00 | FA |
| 18. Due from Coastal Employers Inc., California<br>In Coastal California's possession | 1,677,595.00 | 0.00 | | 0.00 | FA |

## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Exhibit 8

| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN | Trustee Name: | KAREN SUE NAYLOR |
|---|---|---|---|---|---|

Case Name:    CONSOLIDATED EMPLOYER MANAGEMENT SO

Date Filed (f) or Converted (c):    11/16/07 (c)
341(a) Meeting Date:    01/09/08
Claims Bar Date:    04/08/08

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| Pursuant to order entered 04/09/09, cases substantively consolidated. | | | | | |
| 19. Due from APE<br>In APE's possession<br><br>Trustee was informed that APE is out of business | 489,010.00 | 0.00 | | 0.00 | FA |
| 20. DIP Account No. 375559522 (u) | 0.00 | 157.24 | | 157.24 | FA |
| 21. DIP Account No. 375559593 (u) | 0.00 | 5.00 | | 5.00 | FA |
| 22. Funds Turned Over from Coastal-NY (u)<br>pursuant to order of consolidation entered 04/09/09<br><br>See Asset Nos. 39, 50, 59, 61, 63. | 0.00 | 39,159.01 | | 39,159.01 | FA |
| 23. Segregated Funds from Coastal-NY (u)<br>(Per order entered 11/09/07, $105,000.00 was to be used solely for investigation of claims against insiders). Funds turned over pursuant to order of consolidation entered 04/09/09.<br><br>Pursuant to order entered March 19, 2012, the Court ordered that the Trustee was no longer required to segregate these funds.<br><br>See Asset No. 60. | 0.00 | 105,355.55 | | 105,355.55 | FA |
| 24. Asset No. 1 from COASTAL-CA 07-10994:<br>Security Deposit - 2043 Spring Rd, Vallejo, CA<br>Trustee is informed that debt owed exceeds deposit | 6,300.00 | 0.00 | | 0.00 | FA |
| 25. Asset No. 2 from COASTAL-CA 07-10994:<br>Security Deposit - 237 E. Katella, Orange, CA<br>Trustee is informed that debt owed exceeds deposit | 2,170.00 | 0.00 | | 0.00 | FA |
| 26. Asset No. 3 from COASTAL-CA 07-10994:<br>Security Deposit - 265 S. Anita Dr, Ste 201, Orange, CA<br>Trustee is informed that debt owed exceeds deposit | 2,805.00 | 0.00 | | 0.00 | FA |
| 27. Asset No. 4 from COASTAL-CA 07-10994:<br>Security Deposit - 3395 N. Long Beach Blvd, Long Beach, | 2,700.00 | 0.00 | | 0.00 | FA |

**FORM 1**

Page: 4

### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Exhibit 8

| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN |
| --- | --- | --- | --- |

Case Name: CONSOLIDATED EMPLOYER MANAGEMENT SO

Trustee Name: KAREN SUE NAYLOR
Date Filed (f) or Converted (c): 11/16/07 (c)
341(a) Meeting Date: 01/09/08
Claims Bar Date: 04/08/08

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| CA Trustee is informed that debt owed exceeds deposit | | | | | |
| 28. Asset No. 5 from COASTAL-CA 07-10994: Security Deposit for performance of contract Southern California Edison; Acct # 2-28-833-3107 | 1,750.00 | 0.00 | | 0.00 | FA |
| 29. Asset No. 6 from COASTAL-CA 07-10994: Security Deposit for performance of contract Source One Secuirty Acct # 237EKatella | 72.00 | 0.00 | | 0.00 | FA |
| 30. Asset No. 7 from COASTAL-CA 07-10994: Preferred Shares in NorEastern Holdings (holding company which owns Reinsurance Company of America); value based on estimate from Debtor's financial statements - valuation date 03/31/07 | 1,649,587.00 | 0.00 | | 0.00 | FA |
| 31. Asset No. 8 from COASTAL-CA 07-10994: Accounts Receivable - Workers' Compensation accounts; In possession of Select Trustee filed complaint against Select. Pursuant to order entered April 24, 2012, the Court approved the sale. Pursuant to order entered September 17, 2013, the Ninth Circuit appeal was dismissed so the order is now final. | 4,934,692.00 | 1,000,000.00 | | 1,500,000.00 | FA |
| 32. Asset No. 9 from COASTAL-CA 07-10994: Accounts Receivable - Payroll taxes (Select) In possession of Select Trustee informed that this asset is not property of the estate, or to the extent it is, the global sale of claims against Select is tied to Asset No. 31 | 2,074,393.00 | 0.00 | | 0.00 | FA |
| 33. Asset No. 10 from COASTAL-CA 07-10994: Workers Comp Loss Fund This is part of RCA. See Asset No. 7. | 120,000.00 | 0.00 | | 0.00 | FA |
| 34. Asset No. 11 from COASTAL-CA 07-10994: Due from Coastal Employers Inc a New York Corp. Pursuant to order entered 04/09/09, cases substantively consolidated. | 7,135,781.00 | 0.00 | | 0.00 | FA |

PFORM1

Ver: 19.06

**FORM 1**

Page:    5

### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

### ASSET CASES

Exhibit 8

| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN |
| --- | --- | --- | --- |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | |

| | |
| --- | --- |
| Trustee Name:  KAREN SUE NAYLOR | |
| Date Filed (f) or Converted (c): | 11/16/07 (c) |
| 341(a) Meeting Date: | 01/09/08 |
| Claims Bar Date: | 04/08/08 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 35. Asset No. 12 from COASTAL-CA 07-10994: Deferred income AIG Reserves  Pursuant to Amended Schedule B dated 10/03/08, this asset was removed | 7,075,194.00 | 0.00 | | 0.00 | FA |
| 36. Asset No. 13 from COASTAL-CA 07-10994: Workers Comp Collateral Trust  This is part of RCA.  See Asset No. 7. | 626,430.00 | 0.00 | | 0.00 | FA |
| 37. Asset No. 14 from COASTAL-CA 07-10994: AIG Depleting Cash Fund | 6,366,185.00 | 0.00 | | 0.00 | FA |
| 38. Asset No. 15 from COASTAL-CA 07-10994: Workers Comp expense reimbursement receivable In possession of Select  Trustee is informed this should be deleted as it is encompassed within Asset No. 8 | 25,325.00 | 0.00 | | 0.00 | FA |
| 39. Asset No. 1 from COASTAL-NY 07-10995: (u) Post-Petition Interest Deposits (u);  Column 5 Sale/Funds Received by the Estate of Coastal-NY for this asset was $854.15 at time of transfer to CEMS on 04/17/09 and is now tied to Asset No. 22 both in estimated value and sales/funds received. | Unknown | 854.15 | | 0.00 | FA |
| 40. Asset No. 2 from COASTAL-NY 07-10995: Cash on Hand | 100.00 | 0.00 | | 0.00 | FA |
| 41. Asset No. 3 from COASTAL-NY 07-10995: HSBC Account - Oriskany, NY The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 44,062.77 | 0.00 | | 0.00 | FA |
| 42. Asset No. 4 from COASTAL-NY 07-10995: Wells Fargo Bank - Oriskany, NY Acct 140 (PR)  The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 30.73 | 0.00 | | 0.00 | FA |

FORM

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    6

Exhibit 8

| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |

Trustee Name:   KAREN SUE NAYLOR
Date Filed (f) or Converted (c):    11/16/07 (c)
341(a) Meeting Date:    01/09/08
Claims Bar Date:    04/08/08

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 43. | Asset No. 5 from COASTAL-NY 07-10995: Wells Fargo Bank - Oriskany, NY Acct 157 (PR) The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 30.84 | 0.00 | | 0.00 | FA |
| 44. | Asset No. 6 from COASTAL-NY 07-10995: Wells Fargo Bank - Oriskany, NY Acct 864 (SAV) The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 20.00 | 0.00 | | 0.00 | FA |
| 45. | Asset No. 7 from COASTAL-NY 07-10995: Wells Fargo Bank - Oriskany, NY Acct Sweep The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 767,512.21 | 0.00 | | 0.00 | FA |
| 46. | Asset No. 8 from COASTAL-NY 07-10995: Wells Fargo Bank - Oriskany, NY Acct 768 (OP) The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | -211,382.91 | 0.00 | | 0.00 | FA |
| 47. | Asset No. 9 from COASTAL-NY 07-10995: Adirondack Bank 136 Oriskany Blvd, Oriskany, NY; Acct # 1400236118 The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 245.13 | 0.00 | | 0.00 | FA |
| 48. | Asset No. 10 from COASTAL-NY 07-10995: Adirondack Bank 136 Oriskany Blvd, Oriskany, NY; Acct # 1400236193 The account was closed while in the Chapter 11 and the balance, if any, was transferred to the DIP accounts. | 3,925.83 | 0.00 | | 0.00 | FA |

**FORM 1**

Page:    7

### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

### ASSET CASES

**Exhibit 8**

| | |
|---|---|
| Case No:    12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name:    CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | 341(a) Meeting Date:    01/09/08 |
| | Claims Bar Date:    04/08/08 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Estimated Net Value<br>(Value Determined<br>by Trustee, Less<br>Liens, Exemptions,<br>and Other Costs) | Property<br>Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered (FA)/<br>Gross Value of Remaining<br>Assets |
| 49. Asset No. 11 from COASTAL-NY 07-10995:<br>    Security Deposit - Office lease in Oriskany, NY | 25,000.00 | 0.00 | | 0.00 | FA |
| 50. Asset No. 12 from COASTAL-NY 07-10995:<br>    Accounts Receivable<br><br>Column 5 Sale/Funds Received by the Estate of Coastal-NY<br>for this asset was $10,810.78 at time of transfer to CEMS on<br>04/17/09 and is now tied to Asset No. 22 both in estimated<br>value and sales/funds received. | 967,004.00 | 10,810.78 | | 0.00 | FA |
| 51. Asset No. 13 from COASTAL-NY 07-10995:<br>    Due from Gresham Insurance Brokers<br>    In GIB's possession<br><br>Pursuant to Amended Schedule B dated 10/03/08, this<br>asset's description was changed to "Due from R J Anderson<br>(London), Ltd.--In possession of RJA"<br><br>This is a duplicate of Asset No. 17.  Thus, any funds<br>received will be tied to Asset No. 17. | 700,020.00 | 0.00 | | 0.00 | FA |
| 52. Asset No. 14 from COASTAL-NY 07-10995:<br>    Due from GNA<br>    In GNA's possession<br><br>This is a duplicate of Asset No. 17.  Thus, any funds<br>received will be tied to Asset No. 17. | 1,174,831.00 | 0.00 | | 0.00 | FA |
| 53. Asset No. 15 from COASTAL-NY 07-10995:<br>    Due from GMS<br>    In GMS' possession<br><br>Pursuant to Amended Schedule B dated 10/03/08, this<br>asset's value was changed from $25,000.00 to $360,279.00 | 360,279.00 | 0.00 | | 0.00 | FA |
| 54. Asset No. 16 from COASTAL-NY 07-10995:<br>    Due from Consolidated Employer Management Solutions,<br>    Inc.;<br>    In CEMS' possession<br><br>Pursuant to order entered 04/09/09, cases substantively<br>consolidated. | 3,435,450.00 | 0.00 | | 0.00 | FA |

PFORM1

Ver: 19.06

FORM 2

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    8

Exhibit 8

| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN | Trustee Name:  KAREN SUE NAYLOR |
|---|---|---|---|---|
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | | | 341(a) Meeting Date:    01/09/08 |
| | | | | Claims Bar Date:    04/08/08 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 55. | Asset No. 17 from COASTAL-NY 07-10995: Due from APE In APE's possession Trustee is informed that APE is out of business | 70,154.00 | 0.00 | | 0.00 | FA |
| 56. | Asset No. 18 from COASTAL-NY 07-10995: AIG Depleting Cash Fund In AIG's possession | 6,957,991.00 | 0.00 | | 0.00 | FA |
| 57. | Asset No. 19 from COASTAL-NY 07-10995: Due from Dolias/Piazza In Dolias/Piazza possession Trustee filed lawsuit but unable to locate and serve Defendants | 335,279.00 | 0.00 | | 0.00 | FA |
| 58. | Asset No. 20 from COASTAL-NY 07-10995: Prepaid Workers' Compensation claims This amount was paid to ACE. | 798,130.00 | 0.00 | | 0.00 | FA |
| 59. | Asset No. 21 from COASTAL-NY 07-10995: (u) DIP Account No. 375559603 (u) Column 5 Sale/Funds Received by the Estate of Coastal-NY for this asset was $27,771.47 at time of transfer to CEMS on 04/17/09 and is now tied to Asset No. 22 both in estimated value and sales/funds received. | 0.00 | 27,771.47 | | 0.00 | FA |
| 60. | Asset No. 22 from COASTAL-NY 07-10995: (u) Funds reserved from Sale (u) Pursuant to order entered 11/09/07, Court ordered the reserve of $105,000 from sale proceeds to be used for investigation of insider claims. Column 5 Sale/Funds Received by the Estate of Coastal-NY for this asset was $105,000.00 at time of transfer to CEMS on 04/17/09 and is now tied to Asset No. 23 both in estimated value and sales/funds received. | 0.00 | 105,000.00 | | 0.00 | FA |
| 61. | Asset No. 23 from COASTAL-NY 07-10995: (u) Reimbursement of photocopy fees (u) | 0.00 | 45.00 | | 0.00 | FA |

**FORM 2**

### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Page:  9

Exhibit 8

Case No:        12-16115     RK    Judge: ROBERT N. KWAN

Case Name:      CONSOLIDATED EMPLOYER MANAGEMENT SO

Trustee Name:   KAREN SUE NAYLOR

Date Filed (f) or Converted (c):    11/16/07 (c)

341(a) Meeting Date:    01/09/08

Claims Bar Date:    04/08/08

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| Column 5 sale/Funds Received by the Estate of Coastal-NY for this asset was $45.00 at time of transfer to CEMS on 04/17/09 and is now tied to Asset No. 22 both in estimated value and sales/funds received. | | | | | |
| 62. Asset No. 24 from COASTAL-NY 07-10995: Other Assets: PPS Judgment Pursuant to Amended Schedule B dated 10/03/08, this asset was added | 136,306.18 | 0.00 | | 0.00 | FA |
| 63. Asset No. 25 from COASTAL-NY 07-10995: (u) Refund of Overpayment (u) on Claim of Rodolfo Martinez<br><br>Column 5 Sale/Funds Received by the Estate of Coastal-NY for this asset was $489.78 at time of transfer to CEMS on 04/17/09 and is now tied to Asset No. 22 both in estimated value and sales/funds received. | 0.00 | 489.78 | | 0.00 | FA |
| 64. Claims against Alias Confidential (u) Investigations, LLC and Anthony Gubler<br><br>[Motion filed 07/20/12 Doc 524] Pursuant to order entered 09/10/12 [Doc 536] approving settlement, Alias is to pay $10,000.00 Payment terms: $100.00 per month for 36 months with a balloon payment of $6,400.00 due by June 2015.<br><br>Alias Confidential made the required $3,600 in monthly payments pursuant to the original court-approved settlement agreement. However, it was financially unable to and failed to timely pay the $6,400 balloon payment by June 2015. Pursuant to the Amended Compromise Agreement [Doc 618] and Order thereon entered 09/15/15 [Doc 637], the settlement was modified to a $5,000 balloon payment.  Alias paid $5,000 to the Trustee on 06/29/15 in full satisfaction of the obligation. | 0.00 | 7,500.00 | | 8,600.00 | FA |
| 65. Claims against Robert Anderson (u) and related insiders<br><br>See Asset No. 17.  Gresham is included as defendant in this | 0.00 | 1,500,000.00 | | 275,000.00 | FA |

FORM

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    10

Exhibit 8

| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN |
|---|---|---|---|
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | |

Trustee Name:   KAREN SUE NAYLOR
Date Filed (f) or Converted (c):   11/16/07 (c)
341(a) Meeting Date:   01/09/08
Claims Bar Date:   04/08/08

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| adversary. | | | | | |
| | | | | | |
| [Motion filed 08/01/13 Doc 559] Pursuant to order entered 09/03/13 [Doc 566] approving settlement, the following Lesser Defendants paid $50,000.00. Lesser Defendants: Robert J. Anderson, Sr.; Anderson Executive Air, Inc.; Gresham Insurance Brokers Limited; Gresham Marine Services, Inc.; Gresham North American, Corp. fka London Market Inc.; Nexus Network, LLC; RJ Anderson (London) Limited; Robert J. Anderson, Inc.; AMS, Inc.; APE, Inc.; Jennifer Anderson; Judith Anderson; Mercator Marine Co., Ltd.; Turboprop East, Inc.; General Herkimer, Corporation; Bayview Labor Organizational Benefits, Inc. | | | | | |
| | | | | | |
| [Motion filed 08/01/13 Doc 559] Pursuant to order entered 09/03/13 [Doc 566] approving settlement, Summit and Anderson are to pay $225,000.00. Payment terms: Initial $15,000.00 due by April 1, 2013, $4,000.00 due monthly beginning April 1, 2013, then $5,000.00 due monthly beginning April 1, 2014, then a balloon payment for the outstanding balance of $102,000.00 due April 1, 2015 Interest of 5% per annum waived if all payments are timely made. | | | | | |
| | | | | | |
| Final payment was received on June 2, 2015 | | | | | |
| | | | | | |
| Pursuant to order entered 10/28/13 [Doc 111], adversary against Robert Anderson Sr., Anderson Executive Air Inc., Gresham Insurance Brokers Limited, Gresham Marine Services Inc., Gresham North American Corp., Nexus Network LLC, RJ Anderson [London] Limited, Robert J. Anderson Inc., AMS Inc., APE Inc., Jennifer Anderson, Judith Anderson, Turboprop East, General Herkimer Corporation, and Bayview Labor dismissed; Adversary matter will remain open as to Robert J. Anderson, Jr. and Summit Park, LLC until the necessary conditions of the Settlement Agreement regarding security have been met. | | | | | |

FORM

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    11

Exhibit 8

| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN | Trustee Name: | KAREN SUE NAYLOR |
| --- | --- | --- | --- | --- | --- |

Case Name:    CONSOLIDATED EMPLOYER MANAGEMENT SO

Date Filed (f) or Converted (c):    11/16/07 (c)

341(a) Meeting Date:    01/09/08

Claims Bar Date:    04/08/08

| | 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- | --- |
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 66. | Claims against Fretto, Flynn, Heinrich (u) [Motion filed 06/27/13 Doc 551] Pursuant to order entered 07/24/13 [Doc 555] approving settlement, Heinrich is to pay $1,400.00 per month for 17 months with $1,200.00 due the 18th and last month for a total of $25,000.00 by July 2014. Payments are still being made. | 0.00 | 10,000.00 | | 25,000.00 | FA |
| 67. | Claims against Askew Kabala (u) [Motion filed 11/30/12 Doc 545] Pursuant to order entered 01/16/13 [Doc 549] approving settlement, Askew Kabala is to pay $1,000.00 per month for 10 months totaling $10,000.00 by June 2013. | 0.00 | 10,000.00 | | 10,000.00 | FA |
| 68. | Claims against Village Motors (u) [Motion filed 07/26/13 Doc 556] Pursuant to order entered 08/16/13 [Doc 562] approving settlement, Village Motors is to pay $10,000.00 and litigation against Village Motors, John Dolias, and Anthony Piazza dismissed   Pursuant to order entered 10/15/13, adversary against Village Motors LLC dismissed | 0.00 | 10,000.00 | | 10,000.00 | FA |

Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $57,985,477.39 | $3,637,147.98 | | $2,143,450.49 | $0.00 |
| --- | --- | --- | --- | --- | --- |

(Total Dollar Amount
in Column 6)

---

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

***NOTE: 02/17/12 - Main case and adversary actions transferred from Santa Ana Divisional Office to
Los Angeles Divisional Office
Previous Case Number 8:07-bk-10992-RK; New Case Number 2:12-bk-16115-RK
Previous Case Number 8:07-bk-10994-RK; New Case Number 2:12-bk-16130-RK
Previous Case Number 8:07-bk-10995-RK; New Case Number 2:12-bk-16131-RK
Previous Case Number 8:07-ap-01105-RK; New Case Number 2:12-ap-01310-RK
Previous Case Number 8:09-ap-01266-RK; New Case Number 2:12-ap-01311-RK
Previous Case Number 8:09-ap-01269-RK; New Case Number 2:12-ap-01312-RK
Previous Case Number 8:09-ap-01270-RK; New Case Number 2:12-ap-01313-RK
Previous Case Number 8:09-ap-01271-RK; New Case Number 2:12-ap-01314-RK

***NOTE: Pursuant to Order entered 04/09/09, the cases of Coastal-CA (07-10994~2:12-16130-RK) and
Coastal-NY (07-10995~2:12-16131-RK) were substantively consolidated with Consolidated Employer

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    12

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

Management Solutions Inc. (07-10992~2:12-16115-RK)--Consolidated Employer Management Solutions Inc.
8:07-10992-RK~2:12-16115-RK is main case.  As a result, as instructed by the Office of the United
States Trustee, all assets from Coastal-CA and Coastal-NY have been transferred to the main case.
Additionally, pursuant to the order of substantive consolidation, the funds that were on deposit in
Coastal-CA and Coastal-NY were transferred to the account in this estate.


TAXES - An accountant was employed by order entered 04/24/08; All tax returns have been prepared and
all tax clearance letters have been received
ASSETS - The Trustee pursued claims against Select Personnel, Preferred, the insiders of the
Debtors, and entities or parties paid for services provided personally to the insiders.
INSURANCE - None required
LITIGATION - Trustee pursued the counterclaim in the adversary action against Select Personnel (Adv.
No 07-01105-RK~2:12-01310-RK) (Settled) and was a party to litgation against Preferred in New York,
which claims were sold in the bankruptcy court action (Judgment entered).  In March and April 2009,
the Trustee filed adversary actions in pursuit of preferential transfers among other causes of
action--Naylor v. Corporate Personnel Network Inc., Adv. No. 09-ap-01266-RK~2:12-01311-RK; Naylor v.
Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK~2:12-01312-RK
(Settled) ; Naylor v. Cherie M. Fretto, Kevin Flynn, and Teresa Heinrich, Adv. No.
09-ap-01270-RK~2:12-01313-RK; Naylor v. Robert J. Anderson, et al., Adv. No.
09-ap-01271-RK~2:12-01314-RK.  All matters resolved.
OPERATING ORDER - None required
STATUS - Detailed narrative to follow:
The reason for the length of time it took to close this case is set forth in detail below, but in
summary it has been due to multiple complex litigation matters resulting in appeals to the Ninth
Circuit and very extensive and comprehensive claims analysis and objections.


DETAILED NARRATIVE:

Consolidated Employers Management Solutions, Inc. filed a voluntary petition under Chapter 11 of
Title 11, United States Code on April 4, 2007 bearing case number 8:07-bk-10992 RK.  On the same
day, two related entities, Coastal Employers, Inc., a California Corporation and Coastal Employers
Inc., a New York Corporation filed voluntarily petitions for relief under Chapter 11 of Title 11,
United States Code bearing case numbers 8:07-bk-10994 RK and 8:07-bk-10995 RK  respectively
(collectively referred to as "Debtors").

On April 6, 2007, the Debtors filed an emergency motion authorizing joint administration of the
Chapter 11 cases.  In addition, the Debtors filed motions for orders authorizing payment of
pre-petition payroll, benefits, and employee expense charges, authorizing payment to brokers of
pre-petition obligations, authorizing retention of the pre-petition accounts, and an order
authorizing the Debtors to limit notice pursuant to FRBP 2002 and 9007.

On April 10, 2007, the Court issued an Order administratively consolidating the Debtors' cases.

On February 17, 2012, the Case along with all the adversary actions were transferred from the Santa
Ana Division to the Los Angeles Division due to the reassignment of Judge Kwan from Santa Ana to Los
Angeles.  The new case number assigned to the matter is 2:12-bk-16115-RK.

On or after April 10, 2007, the Court entertained the other motions, including early motions filed
by insurance companies for relief from the automatic stay to terminate the insurance contracts.  The
Debtors also filed stipulations for interim use of cash collateral.

FORM 1

Page:    13

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

Because of the various allegations asserted amongst these hearings regarding the conduct of the principals, the Office of the United States Trustee sought to have an examiner put in place. As a result, the United States Trustee filed a motion to approve the stipulation to appoint an examiner on shortened notice.

On May 15, 2007, the Court entered an Order directing the appointment of an Examiner. On May 21, 2007, the Court entered an Order granting the application of the United States Trustee to appoint David Gottlieb as Examiner.

On June 8, 2007, the Examiner filed his Preliminary Report (the "Examiner's Report"). The Examiner's Report identified transfers by the Debtors to insiders totaling approximately $15.8 million. The Examiner's Report further provided preliminary evidence that some or all of these transfers could be avoided as fraudulent and recovered by the estate for the benefit of creditors.

On June 14, 2007, the Court entered an Order approving the sale of substantially all of the assets of these jointly administered estates for $1,350,000.00. As a result of the sale, and other collections by the Debtors during the cases, the Debtors were in possession of cash exceeding $1.4 million (the "Proceeds").

On July 20, 2007, the Debtors filed a motion to dismiss the three jointly-administered Chapter 11 cases and, inter alia, seeking an order to pay the secured claim of the IRS and to reserve funds for payment of final fee applications (the "Motion to Dismiss"). The amount of projected Chapter 11 administrative expenses exceeded the amount of the Proceeds. The Motion to Dismiss was opposed by the Office of the United States Trustee and creditors, including Koosharem Corp. dba Select Personnel Services and National Union Fire Insurance. If dismissed, none of the estate's pre-petition unsecured creditors would have received any benefit from these bankruptcy cases.

After several hearings, the Court entered an Order which disposed of the Motion to Dismiss (the "Order") and separate Findings of Fact and Conclusions of Law ("Findings") on November 9, 2007. The Order authorized the Debtors to do the following:

A.   Pay the IRS the sum of $529,075.54 on account of a portion of its secured claim;
B.   Pay Goe & Forsythe, LLP the sum of $334,656.65 on account of its Chapter 11 administrative claim;
C.   Pay the Examiner, David Gottlieb, the sum of $165,677.00 on account of his Chapter 11 administrative claim; and
D.   Pay ACE American Insurance Company the sum of $270,000.00 on account of its Chapter 11 administrative claim.
E.   The Order further provided that the cases would be converted to cases under Chapter 7 and the approximate $105,000.00 balance of the Proceeds would be turned over to the Chapter 7 Trustee (the "Contributed Funds") for the "sole purpose of investigating certain claims against insiders of the Debtors."

On November 14, 2007, the Court entered an Order converting the cases to cases under Chapter 7 which specifies that the effective date of conversion was November 16, 2007. The Trustee learned of the case on or about Friday, November 16, 2007 and immediately began reviewing the file. On or about November 19, 2007, Karen Sue Naylor accepted her appointment as the Chapter 7 Trustee for all three cases.

Upon the review of the pleading, the Trustee had concerns regarding the inequity in the order converting the case and authorizing payment to only certain Chapter 11 administrative creditors, but

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit 8

| | | | |
|---|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

not to others.  In particular, while the IRS and certain trade creditors were paid, the administrative claim of the EDD was ignored.  In addition, there were questions regarding other portions of the order that caused the Trustee concern regarding her ability to effectively administer the case.  In particular, there was a provision that put a 60-day time frame for the Trustee to object to the IRS's claims otherwise the claims would be deemed valid.  The Trustee believed this provision to be contrary to a Trustee's orderly administration of a case as a Trustee does not normally spend substantial sums litigating a complex tax claim (or any claim for that matter) unless and until it is determined that there would be funds available for distribution.

Consequently, the Trustee filed a Motion for Reconsideration regarding certain provisions of the Order including provisions that the Chapter 11 administrative claims and the IRS statutory tax lien would be paid prior to conversion on a "final" basis.  Payments pursuant to the Order totaled approximately $1.3 million.

The Trustee was blasted for filing the motion which was strenuously opposed.  In addition, the Debtors filed renewed motions to dismiss.  The Trustee opposed the Motion to Dismiss.  Essentially, with the exception of the Debtors who wanted the case dismissed, the consensus was that the case should not be dismissed because it was believed the alleged actions of the principals should be investigated; however, no one wanted to revisit the terms of the order converting the case and authorizing payments to only select parties regardless of the issues raised by the Trustee, with the exception of the EDD who did not receive any payment under the Order despite its pending Chapter 11 claim.

There were several continued hearings on the motion for reconsideration and the Debtors' motion to dismiss.  Ultimately when the tentative proposal acceptable to the parties who were paid under the conversion order was to reconvert the case to Chapter 11 to put in a new Trustee who was willing to look beyond the issues raised by this Trustee, it was determined that the Trustee would withdraw her motion to avoid seeing such precedent being set.  The Trustee simply filed the motion since she believed it was her fiduciary duty to all creditors to file it and did not want to be criticized for allowing an order to stand that contained provisions that she believed were contrary to the distribution provisions of the Code.   In light of the Trustee's withdrawal of the motion, the Court denied the motion to dismiss.

As result of the numerous potential avoidance actions set forth in the examiner's report, the immediate actions required pertaining to the conversion and distribution order and the complexity of the case, the Trustee immediately consulted with counsel to represent her in this case.  In particular, the Trustee consulted with Ed Hayes of Rus, Miliband & Smith.  On or about December 4, 2007, the Trustee's proposed counsel served notice of the Trustee's application to employ general counsel.

On or about  December 18, 2007, the Trustee was served with an objection to the employment of Rus, Miliband & Smith, in large part because several of the entities that had received payment did not appreciate the Trustee's motion for reconsideration and thus used the objection as a means to question the Trustee's actions.  The hearing was originally noticed for January 8, 2008 and thereafter continued.  Ultimately by order entered March 24, 2008, the Court approved the Trustee's employment of general counsel.

In or about May 2009, as D. Edward Hays was leaving Rus, Miliband & Smith and as he was the primary counsel in this case, the Trustee executed the substitution of attorney substituting the newly formed entity of Marshack Hays LLP as the Trustee's counsel so that Edward Hays would remain the primary counsel for the estate.  On June 9, 2009, the Trustee's counsel served its application for

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | | |
|---|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

employment.  On November 6, 2009, the Court entered the order approving the employment.

The Trustee likewise caused to be served on or about February 27, 2008, a notice of application to employ Hahn & Fife as accountants for the estate.  The notice of application was likewise responded to with an objection.  Ultimately, by order entered April 24, 2008, the Court approved the employment of the Trustee's accountant.

In addition, immediately after the Trustee's appointment, on November 20, 2007, the Trustee sent letters to Bank of America requesting the closing of the Chapter 11 Debtor-in-Possession accounts and demanding the turnover of the funds on hand.  On or about December 12, 2007, the Trustee received the funds from the accounts and deposited them into the estate's bank accounts.

When the first 60-day deadline was approaching to file objections to the IRS's claims, the Trustee contacted the IRS regarding a stipulation to continue the time for the Trustee to file objections to its claims.  The Trustee's concern was that the IRS's claims were based on estimates but the Trustee was not in possession of the information or documentation to prepare the required tax returns so that the claim of the IRS could be liquidated or accurate.  Although the IRS originally indicated that it would not agree to such an extension, it ultimately agreed.  Since the first extension, the Trustee obtained several subsequent extensions with the IRS.  The Trustee sought the extensions while the Debtor tried to organize its books and records, while the principal, Rob Anderson, negotiated with the IRS regarding offsets, credits, and the application of tax payments to particular quarters.  When the extension to object to the IRS's claim was set for April 29, 2011, the IRS declined to further extend the Trustee's time to object without numerous limitations on the types of objections that could be raised in the future.  The limitations were not acceptable to the Trustee or to Rob Anderson.  As a result, the Trustee filed an objection to the claims of the Internal Revenue Service as set forth below.

In light of the way the distributions were made, and the separate fund set up for the Trustee's investigation, the Trustee took a closer look at the order for joint administration.  As evident from the facts of the case, the parties already were acting as if the cases were substantively consolidated, not just jointly administered.  To avoid additional issues in the future, the Trustee sought to make the record clear and filed a motion to substantively consolidate the cases on or about June 13, 2008.

In the Trustee's motion for substantive consolidation, the Trustee pointed out the Court's previous order of joint administration that had been entered pre-conversion that had the elements of substantive consolidation but yet was titled joint administration.  In particular, the Court already established the joint and several liability of the various estates for payment of administrative expenses.  Prior to conversion, the only funds collected were from the sale of assets of the Coastal New York case.  Upon conversion, more than $1 million in administrative expenses incurred by the three estates were paid by this one entity.  Since the administrative claims of all three estates are to be paid first from any funds collected in any of the estates, the Trustee anticipated that there would end up being disputes amongst the creditors.  In particular, the Trustee anticipated a dispute regarding funds collected in one case used to pay Chapter 11 and administrative claims of another case.  In addition, in order to avoid intercompany avoidance actions and competing litigation against the common insiders of the three Debtors, the Trustee believed that good cause existed for substantive consolidation.

Once again, the Trustee received opposition to her motion by the Debtors, and two creditors.  In the Trustee's reply, the Trustee set forth the various claims and percentage of claims and noted that there would be nominal overall impact on the creditors.  In addition, the Trustee noted that the

FORM

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

granting of the motion could result in avoiding the potential conflicts amongst the estates, such that ultimately three Trustees may be required. This result would be contrary to the ultimate goal in these cases and would prove to be quite costly. One creditor also again used it as a forum to attack the Trustee indicating that since there were not a lot of pleadings on the docket, the Trustee must not be taking action in this case. This contention had no merit whatsoever. The Trustee also obtained a report from her accountant to demonstrate the intercompany transfers and to establish that the Debtors operated the three cases as if it were one entity. The Debtor and one creditor subsequently withdrew the oppositions recognizing the merits of the Trustee's motion and the rationale for the motion and in fact contemplated filing pleadings in support of the Trustee's motion. The Court was not convinced of the merits of the motion and requested further briefing. The hearing was continued to October 28, 2008, and several additional times thereafter with a final hearing held on March 24, 2009, at which time the Court granted the Trustee's motion for substantive consolidation and the order was entered April 9, 2009.

Thereafter, the Trustee conferred with the UST's office regarding the substantive consolidation of the three cases and the effect on the estate's property and receipts/disbursements records and was advised to combine the assets from Coastal-CA and Coastal-NY into Consolidated, such that the Trustee would maintain one Form 1 and one Form 2 for all three cases.

OBJECTION TO CLAIMS OF THE INTERNAL REVENUE SERVICE

As indicated above, the Trustee was put in an untenable position of having to file objections to the complex claims of the taxing authorities within 60 days. The Trustee was able to obtain extensions through April 29, 2011. The IRS would not grant any further extensions without certain limitations that were unacceptable to the Trustee.

As a result, on April 29, 2011, the Trustee's counsel filed Omnibus Objection to Claims Filed by the United States Internal Revenue Service. The Trustee objected to the following amended claims: (1) Proof of Claim, No. 4-1, in the amount of $1,318,348.96 filed in the CEMS bankruptcy; (2) Claim No. 2-1, in the amount of $6,291,887.42 filed in the Coastal CA bankruptcy; and (3) Claim No. 1-2, filed on June 7, 2010, in the amount of $533,061.26 filed in the Coastal NY bankruptcy.

By way of background, the Trustee noted in the objections that prior to bankruptcy, the Debtor corporations were in the temporary personnel business. They used economies of scale to provide payroll services workers compensation insurance to large numbers of temporary employers, including some intermediate temporary employer agencies which provided temporary workers to end users and workplaces for temporary employees.

In particular, one of the Debtors, Coastal CA, provided payroll and insurance services to a group of intermediaries operating as Koosharem, Inc., and related entities, also known as the Select Companies ("Select"). The contract and practice between Coastal CA and Select called for Select to hire and place workers according to the needs of their employer clients, to keep track of hours worked, to collect funds from their employer clients to cover payroll, taxes, insurance, and fees. Select normally deposited payroll and tax funds into Coastal's dedicated payroll account in an amount equal to the payroll checks to be written and the tax payments to be made. Based upon information provided by Select, Coastal prepared tax returns and paid taxes using the funds provided by Select.

Disputes arose between Coastal and Select, and in early 2007 Coastal terminated the contract. Thereafter, Select did not provide tax information related to work already performed by its

**FORM 101-7-TDR**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    17

**Exhibit 8**

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

employees and paid through Coastal's dedicated payroll account both before and after notice of
contract termination.  More important, Select did not deposit the tax funds it had collected from
employers and withheld from employee compensation into the dedicated account for payment of taxes.
For the fourth quarter of 2006 and the first quarter of 2007, the Debtors were left with substantial
tax claims on account of these leased employees, with no reported information from Select, and none
of the tax funds, including trust funds, held by Select.

Some of the taxes claimed by the IRS in this bankruptcy were for employees that were not Debtor's
employees, and for taxes that were never collected or withheld by Debtors, but were collected and
withheld, and retained by the Select companies, and have never been released to, nor released for
payment to, the Internal Revenue Service.  Because these funds were never in the hands of the
Debtors, and because the Debtors had no control over the employees, the payroll, or the tax
collection, the Debtor asserted that the interest and penalties assessed by the IRS were
inappropriate and excessive.  In addition, the Trustee asserted that the penalties were
inappropriate as asserted in the claims.

The hearing on the claims objections was set for July 12, 2011.  On June 24, 2011, the IRS filed an
opposition to the Trustee's objection asserting, in part, that the service was improper.  As a
result, the parties entered into a stipulation to continue the hearing to August 23, 2011.  By order
entered June 30, 2011, the stipulation was approved.

In the interim the Trustee determined that it was appropriate to obtain special tax counsel to
litigate with the IRS the specific issues regarding the tax claims.  As a result, the Trustee
conferred with A. Lavar Taylor.  After speaking with him, it appeared that there may be a conflict
as a former employee of his had represented Rob Anderson, in part, while he was with Mr. Taylor's
firm.  While Mr. Taylor did not believe he had any confidential information, the Trustee and Mr.
Taylor inquired of Mr. Anderson whether he would waive the potential conflict.  Mr. Anderson refused
unless Mr. Taylor committed to insure any services he provided the estate would not have a negative
impact on him.  Neither the Trustee nor Mr. Taylor could agree to this restriction and as a result,
the Trustee was left to look for a new special tax counsel.

Because the Trustee was consulting tax counsel, the Trustee and the IRS filed a stipulation to
continue the hearing on the objection to October 25, 2011.  By order entered August 9, 2011, the
Court approved the stipulation.  The Trustee then commenced looking and conferring with new special
tax counsel and located a counsel familiar with the issues involved in this matter.  As a result,
the Trustee, on October 20, 2011, filed a stipulation with the IRS to continue the hearing based on
the newly retained counsel for the Trustee.  By order entered October 24, 2011, the Court approved
the stipulation and continued the hearing to November 29, 2011.  Thereafter, because the employment
had not yet been entered and the counsel needed time to review the files, on November 23, 2011, the
IRS and Trustee again sought to continue hearing and by order entered November 28, 2011, the hearing
on the Objection to the IRS's claim was continued to January 24, 2012.

Specifically, on October 14, 2011, the Trustee filed an application to employ Barry Furman of
Kaplin, Steward, Mcloff, Reiter & Stein as the Trustee's special tax counsel.  By order entered
November 30, 2011, the Court approved the Trustee's application to employ which included monthly
payments upon service of professional fee statements.

After the new special tax counsel had an opportunity to review the files, the Trustee, on December
15, 2011, filed an Amended Omnibus Objection to Claim 2-1 filed by the IRS in the Coastal
Bankruptcy.  In the amended claim, the Trustee sought to have the claim disallowed in its entirety
as Select was the entity that had the absolute right to direct and control the employees and thus

**FORM**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit 8

| | | | |
|---|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

was the common law employer of the workers and thus liable for the withholding and payment of employment taxes.  Additionally, it was contended that Select had control of the payment of the wages and thus was the responsible party.  Mr. Anderson filed a declaration in support of the Trustee's Objection.

Based upon the amended objection that raised new arguments and issues, the IRS sought to continue the hearing to prepare an opposition.  As a result, on January 23, 2012, the parties entered into a stipulation to continue the hearing on the objection and by order entered January 23, 2012, the hearing was continued to April 3, 2012.

The IRS then requested that the briefing schedule be modified as it needed more time to prepare a response.  In that stipulation, the parties also agreed that the Trustee was not required to maintain the segregated account for the $105,000.00 that the estate received to investigate the insiders.  By order entered March 19, 2012, the Court ordered that the Trustee was no longer required to segregate the funds and extended the briefing scheduling with the hearing still on calendar for April 3, 2012.

On March 20, 2012, the IRS filed its opposition to the amended objection asserting that the Trustee had not met her burden to establish that the Debtor was not the common law employer and raised various procedural issues.  On March 27, 2012, the Trustee filed her Reply indicating that the IRS had waived its right to assert procedural defenses, the Trustee had not taken inconsistent positions, and the Debtor did not have control over the wages.

At the April 3, 2012 hearing, the IRS sought a further continuance as the IRS asserted that it wanted to conduct discovery.  As a result, the Court set a discovery cut-off date for June 5, 2012, with the last day for the Trustee to file a motion for order disallowing the claim being June 27, 2012.  The motion and any amended objection was to be heard on August 8, 2012.

During this time, the Trustee's counsel provided further evidence to the IRS by way of deposition transcripts of third parties.

On July 3, 2012, the Trustee and the IRS entered into a Stipulation to modify the briefing schedule. As the court had indicated that it may want an evidentiary hearing, the parties agreed that they would attempt to stipulate to as many facts as possible and then the parties would brief the issue. The parties had agreed to continue the matter to September 25, 2012.  An amended stipulation was filed July 17, 2012 to revise the briefing schedule but kept the hearing for September 25, 2012.  By order entered July 18, 2012, the Court approved the modified briefing schedule.

On August 7, 2012, the Trustee filed a supplemental brief regarding the motion for order disallowing the IRS claim.  Again the Trustee set forth the points and authorities to establish that the Debtor was not the common law employer, that it had no contact with or control over Select's workers, it had no control over the payroll accounts, and no actual access to funds or information regarding the account.  As a result, the Trustee asserted that the IRS's claim should be disallowed in its entirety.

The IRS thereafter contacted the Trustee regarding a settlement which required various agency approvals.  As a result, the parties entered into a stipulation to continue the briefing scheduling and continue the hearing to December 4, 2012 so that the settlement could be further negotiated.  By order entered August 29, 2012, the Court approved the stipulation and continued the hearing to December 4, 2012.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | |
|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Date Filed (f) or Converted (c): | 11/16/07 (c) |
| 341(a) Meeting Date: | 01/09/08 |
| Claims Bar Date: | 04/08/08 |

Ultimately, the Trustee and the IRS entered into a stipulation whereby the IRS agreed that Coastal-CA for purposes of its bankruptcy proceeding was not a common law employer or an Internal Revenue Code Section 3401(d)(1) employer for purposes of Internal Revenue Code Sections 3102, 3111, or 3402; the Trustee agreed to withdraw her initial and amended objections to the IRS proof of claim filed in Coastal-CA's bankruptcy case; and after the Trustee withdrew her initial and amended objections, the IRS agreed to withdraw its proof of claim as amended filed in Coastal-CA's bankruptcy case. Pursuant to order entered November 28, 2012, the Court approved the stipulation and the December 4, 2012 hearing was taken off calendar. On November 30, 2012, the Trustee filed a withdrawal of the amended omnibus objection to the IRS's claim, and on December 14, 2012, the IRS filed a withdrawal of its claim.


COLLECTION OF ACCOUNTS RECEIVABLE


On the schedules, the Trustee noted that there were several outstanding accounts receivable. The Trustee sought and obtained information from the Debtors regarding various accounts receivable and with the assistance of her accountant commenced collections. The Trustee sent out approximately 115 letters demanding in excess of $600,000.00. The Trustee worked closely with the Debtor's principals. Most of the claimants disputed that funds were owed as certain of the claims made by the Debtors were based on a new reading of a contract. Despite the Trustee's collections efforts, the Trustee collected only $10,810.78. The Trustee then looked to packaging the accounts receivables for sale and retaining a collection agent. However, after the investigation of the same, the costs exceeded the benefit.


CLAIMS AGAINST AIG


The Trustee investigated claims and a refund from AIG, one of the entities that provided worker's compensation insurance to the Debtor. The Trustee was informed that AIG, while asserting it was under-collateralized, was holding collateral of approximately $6 million. According to information provided to the Trustee, it was not anticipated that the outstanding claims would require more than $3 million. The Debtors continued to get reports to monitor the workers' compensation claims and the Trustee was informed that the one year deadline for filing claims after a company closes expired in September 2008. It was initially believed that there would be no new claims filed and upon resolution of the final existing claims there would be funds returned to the estate. In 2010, the Trustee was informed that most of the funds on deposit would be paid to the claimants and there would be no refund of the deposit to the estate.

More specifically, the Trustee, in communicating with AIG regarding its claim, was informed that AIG would file an amended claim. The Trustee was informed that AIG was holding $750,000.00 in non-depleting cash and $1.4 million of interest but expected their claims to exceed this amount by $5 million. AIG requested that the Trustee stipulate to relief from stay to allow it to use the Cash Collateral to pay part of its secured creditor claim. Because the lien was not subject to avoidance, the Trustee believed that relief from stay was warranted and knew of no basis to oppose the relief from stay. After further discussions, the Trustee's counsel negotiated a resolution whereby the Trustee stipulated to relief from stay and AIG stipulated to withdrawal of its duplicative proofs of claim and to amend its remaining proof of claim to reflect AIG's correct reduced general unsecured claim after application of the Cash Collateral.

The motion for order approving the stipulation was filed on July 18, 2016, and pursuant to order entered August 26, 2016, the Court approved the stipulation. Upon entry of the order, AIG was to

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    20

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:  KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):  11/16/07 (c) |
| | | 341(a) Meeting Date:  01/09/08 |
| | | Claims Bar Date:  04/08/08 |

file withdrawals of its Claim No. 115-3, its Claim 130-5-2, and its Claim 131-20-2, and within five
business days they were to draw down on the Cash Collateral and file an amended proof of Claim No.
115-16-2.  Pursuant to the terms of the stipulation and order thereon, if AIG failed to file
withdrawals of its claims and file amended claims, the Trustee was authorized to do so.

On September 21, 2016, the Trustee filed the amended claims and the withdrawals of claims as allowed
by the August 26, 2016 order.


LITIGATION

Naylor v. Corporate Personnel dba Preferred Personal, et al.
Adv. No. 8:09-ap-01266-RK ~ 2:12-ap-01311-RK

Based on information provided by the Debtors, the estate had claims against Preferred Personnel,
Inc., Future Staffing, Inc., and Preferred Employment, Inc. (hereinafter collectively referred to as
"the Preferred companies").  In fact, pre-petition, the Debtor filed a complaint against Preferred
in New York.  All parties agreed that the claims should be resolved in the bankruptcy court.

According to the Debtors, based on the plain contract language of the agreement, the Debtors had
sole discretion to determine the amount required by the Preferred companies to pay an additional
loss fund necessary to collateralize the company's obligation under the staff leasing agreement.
That obligation was to pay the $500,000.00 deductible per claim with no aggregate limit.  Thus, the
Debtors suggested that the Trustee make her demand based on the obligation of the Preferred
companies to pay both the deductible reimbursement up to $500,000.00 per claim, as well as to
provide the necessary collateral.  According to information provided by the Debtor, there was
$2,530,860.39 of reimbursements owed by the Preferred companies and an additional $428,162.51 owed
in open and unpaid reserves.  Thus, the total paid and unpaid reserves referred to as "Incurred"
were $2,959,022.90.

According to an actuarial report dealing with the Preferred companies' segment of the business
prepared by a certified independent actuary, it was determined that the ultimate loss for the
Preferred segment of business (the $500,000.00 deductible) was $3,027,781.00. This amount also
included potential future and upward development of losses.

Since Preferred Companies had previously paid $1,356,082.12 towards the total obligation of
$3,027,781.00, the current demand pursuant to the plain language of the staff leasing agreement,
according to the Debtors, was $1,671,698.88.

On March 4, 2009, Southland Claims, which acts as the third-party claims administrator for the
workers' compensation carrier, prepared a report (loss run or claims run) which reflected that
incurred losses under the agreement were currently at $3,108,671.28 ("Southland Report").  After
crediting Preferred with the $1,356,082.12 in payments made, it was believed at that time the
outstanding balance owed to the Trustee was $1,752,589.16.

The Trustee's counsel worked both with the Debtors' principals and attorneys to obtain the backup
information of the contentions.  The Trustee's counsel likewise attempted to work with Preferred's
counsel in an informal exchange of documents to determine if a resolution could be reached.  When it
appeared that a resolution could not be reached informally, on March 31, 2009, the Trustee filed a
complaint (Naylor v. Corporate Personnel dba Preferred Personal, et al., Adv. No.
8:09-ap-01266-RK~2:12-ap-01311-RK) for breach of contract, turnover of property, and disallowance of

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page:    21

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

claims.

On July 30, 2009, Preferred filed an answer and cross-claim.  The Trustee filed an answer to the cross-claim on August 21, 2009.  Thereafter the Court deemed the case appropriate for mediation and required the matter to proceed to mediation.  As much of the determination of what was owed was based on a review and analysis of Preferred's books and records, the parties entered into a stipulation to continue the mediation, extend discovery cut-off and appoint a neutral expert.  The parties determined that this would eliminate substantial costs that would be incurred in discovery and would make mediation much more productive.  By order entered February 17, 2010, the Court approved the stipulation.

After the preparation of the report by the neutral expert, it was determined by the Trustee that Preferred owed the estate between the range of $3,000,000.00 to $4,000,000.00.

On June 14, 2010, the Trustee with her counsel along with Rob Anderson and his counsels and Preferred and its counsel participated in an all-day mediation before the Honorable Mitchell Goldberg.  Ultimately it appeared that Preferred was not necessarily disputing liability, but was asserting an inability to pay the amount it owed due to its own financial condition.  Based on this position, the Trustee requested that she be provided with financial information.  After the full day of mediation, subject to Bankruptcy Court approval, the Trustee and Preferred reached a complex settlement for $2,900,000.00, but which amount could be reduced depending upon the timing of payment.  A payment plan was agreed upon for a five year term, whereby the amount would be reduced to $2,160,000.00 if it was paid without default.  The payment structure for the five year term was as follows commencing August 15, 2010:

| | |
|---|---|
| First two years (8/15/10 - 7/15/12) | $10,000.00 per month |
| Third and Fourth year (8/15/12 - 7/15/14) | $50,000.00 per month |
| Fifth year (8/15/14 - 715/15) | $60,000.00 per month |

If Preferred was able to pay the Trustee within four years, the total amount due would be reduced to $2,000,000.00, and if Preferred was able to pay the Trustee within three years, the total amount due would be reduced to $1,800,000.00.  The settlement also provided the estate with a blanket UCC-1, a personal guarantee by the owners if Preferred or it assets are sold, and the estate's ability to review Preferred's financials on a quarterly basis.  In addition, general default provisions were discussed.  Due to the complexity of the agreement, the attorneys were having a difficult time memorializing the settlement agreement and ancillary documentation.

It should be noted that during this time the Trustee made numerous demands on her counsel to finalize the agreement and obtain court approval of the agreement.  The Trustee was informed that the opposing counsel had caused several delays and indicated that Preferred's financial condition was not well.  The Trustee had also previously requested that her counsel obtain the financial information on the quarterly basis as was agreed in the proposed settlement.

As a result of the pending settlement, the Court approved the stipulation to vacate the pre-trial conference and a status conference for October 4, 2011.  The Trustee then demanded that the agreement be finalized and executed by October 14, 2011, otherwise the attorneys were required to provide the Trustee with a strategy in proceeding with this matter.

On September 26, 2011 the Trustee's counsel informed the Trustee that Preferred sent a letter indicating that it was suffering from the economic downturn and could not afford to increase its payments to $60,000.00 per month, but only to $15,000.00 per month.  The Trustee's counsel again

**FORM 1**

Page:   22

### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115   RK   Judge: ROBERT N. KWAN | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

Trustee Name:   KAREN SUE NAYLOR
Date Filed (f) or Converted (c):   11/16/07 (c)
341(a) Meeting Date:   01/09/08
Claims Bar Date:   04/08/08

urged Defendant's counsel to obtain a signed agreement.  With the impending status conference it was
also discussed that the Trustee would inform the Court that a motion to enforce the settlement
agreement was going to be filed so that an order on the settlement could be entered.

At the status conference on October 4, 2011, Preferred's counsel represented to the Court that he
would have a final agreement within two weeks, by October 18, 2011.  Based on that representation
the Court continued the status conference to November 1, 2011.

At the hearing on November 1, 2011, Preferred's counsel informed the Court that they were still
working on the agreement.  As a result, the Court continued the hearing to November 29, 2011. Off
the record, Preferred's counsel explained that business was bad and that they would not be able to
make the upcoming increased payments called for in the payment schedule as new claims had arisen
against them.  He indicated that they wanted to stabilize the payments to this estate and then
settle the other claims.

Finally on November 18, 2011, the Trustee and Preferred's counsel met regarding modifying the
original term sheet and in particular requesting reduced payments.  The Trustee's counsel then
requested collateral.  Preferred's counsel left to talk to his client.  Thereafter the Trustee's
counsel drafted the revised settlement agreement and intended to inform the court of the same at the
continued status conference the following day.  The following day the Court continued the status
conference to January 3, 2012.

By order entered December 22, 2011, the Court entered a Scheduling Order setting pre-trial
conference for January 3, 2012 with the Joint Pre-trial Order due on December 27, 2011.  On December
27, 2011, the Trustee's counsel filed a declaration regarding status indicating that the Trustee
had reached a settlement that would resolve all claims and setting forth the efforts to finalize the
agreement and informing the court that when the final agreement is approved, the parties will file
a stipulation to continue the pre-trial conference.  In the interim, the parties were not filing a
joint pre-trial order.

On January 3, 2012, the Trustee learned that while the attorneys had all agreed on the form of the
agreement, Preferred's principal refused to sign it.  The principal of Preferred who had originally
negotiated the agreement had been replaced by her brother who was being very difficult.
Consequently, it was decided that the parties would go back to Judge Goldberg to resolve the final
issues.  The mediation was set for January 30, 2012 before Judge Goldberg.

On January 3, 2012, the Court continued the matter to February 14, 2012 and it was thereafter
continued to March 27, 2012.

In the meantime, the Trustee attended this mediation on January 30, 2012, only to learn that after
she arrived, Preferred's principal, after talking with Judge Goldberg, determined that he did not
want to participate in the mediation.  After that time, because Judge Goldberg met with the
principal, he continued to attempt to assist in a resolution.

Thereafter, the Trustee learned that Preferred substituted in new counsel.  The new counsel
requested that we refrain from filing a motion to enforce the settlement indicating that he would
work on settling the matter.  On March 9, 2012, it again appeared that a settlement would be
forthcoming.  Subsequently, they indicated that they would agree to a stipulated judgment in the
event of default in exchange for spread out payments.

At the March 27, 2012 hearing and pursuant to order entered March 29, 2012, the Court set the

**FORM**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK   Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):   11/16/07 (c) |
| | | 341(a) Meeting Date:   01/09/08 |
| | | Claims Bar Date:   04/08/08 |

pre-trial conference for May 15, 2012.  On May 22, 2012, the Court executed the Joint Pre-trial
order.

Thereafter, on May 16, 2012, the Trustee learned that Preferred went out of business.  On June 6,
2012, the Parties entered into a stipulated judgment which authorized the Trustee to retain the
$170,000.00 previously paid to be applied towards the judgment.  By Judgment entered June 6, 2012,
the Trustee was awarded a total judgment of $4,131,562.54.  The Trustee thereafter caused to be
issued Abstracts of Judgments and filed them in three southern California counties, creating liens
on property there.  A notice of judgment lien was also filed with the Secretary of State.

At the Trustee's request, the Trustee's counsel on August 31, 2012, filed Ex Parte Applications for
Judgment Debtor Examinations.  On September 6, 2012, the Court entered the orders which set the
production date for October 8, 2012, and the examination dates of October 15 and October 22, 2012.

On October 19, 2012, the Trustee's counsel filed a stipulation to continue the judgment debtor
examinations.  Pursuant to order entered October 23, 2012, the document production date was
continued to October 31, 2012, and the examination date was continued to November 15, 2012.  A
further stipulation to continue the examination was filed on November 14, 2012, and pursuant to
order entered November 19, 2012, the examination date was continued to November 29, 2012.

While the Trustee was initially hopeful that there would be some assets to seize in an effort to at
least partially satisfy the judgment, and although the depositions and records disclosed some
suspicious transfers which could have been avoidable preferences, the Trustee was unwilling to
participate in an involuntary filing.

Additionally, due to Preferred's skilled delay tactics, by the time the debtor examinations and
document review was conducted, it was fairly close to a year after Preferred had closed down.  Thus,
the window for recovery of the suspected preferential transfers had closed.  The Trustee was
informed by her Counsel not to expect any further payments from Preferred.

Real Time Staffing Inc., et al. v. Coastal Employers Inc., et al.
Adv. No. 8:07-ap-01105-RK~2:12-ap-01310-RK

On February 5, 2007, Real Time Staffing, Inc. filed a complaint against the Debtors in the State
Court.  The complaint alleged among other things that the Debtor and its principal, Robert Anderson,
fraudulently entered into a settlement agreement regarding the parties Staff Servicing Agreements
and breached the settlement agreement.  After the Debtors filed the voluntary petitions for relief
on April 6, 2007, the Debtors, on or about April 19, 2007, filed a Notice of Removal seeking to
remove the litigation from the Santa Barbara Superior Court to the Bankruptcy Court.  Thereafter, an
order was entered setting a status conference for June 5, 2007.

On July 27, 2007, the principal and Debtors filed answers and the Debtors filed a counterclaim.  On
September 10, 2007, an answer to the counterclaim was filed.

By way of background, the Debtors asserted in the counterclaim that the Select companies ran $77
million in payroll through the 2004/2005 contract rather than the contract amount of $50 million.
As a result, the Debtor asserted that Select owed unpaid costs of $362,651.00 and an additional $2.1
million in additional collateral funding.  For the 2005/2006 year, the Debtor asserted that Select
again did not comply with the contract and as a result owed $4,258,603.00 of which $993,674.00 was
additional fixed costs and $3,264,929.00 was minimum collateral required.  As for the 2006/2007

**FORM 4**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK   Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):   11/16/07 (c) |
| | | 341(a) Meeting Date:   01/09/08 |
| | | Claims Bar Date:   04/08/08 |

contract, the Debtor was informed that Select failed to pay certain withholding taxes collected from Select customers and failed to cooperate with an audit by AIG.  The shortfall tax liability is estimated in excess of $1.9 million and approximately $350,000.00 owed for payroll costs in excess of the contract.

In sum, upon taking into consideration the amounts that Select did pay under a settlement that was ultimately breached, the Debtors contended that Select owed the estate approximately $8 million dollars.  The Trustee was informed that the principal of the Debtor asserted that the liability exceeded $15 million.

Prior to the conversion, the Debtors propounded discovery.  Because of the pending motions to convert the case and appoint a Trustee, the response to the propounded discovery was that responses and documents would be provided to the Trustee.

After the Trustee's appointment and conferring with the Debtors' principals and attorneys, the Trustee commenced making demand for the discovery responses and in particular the documents requested.  Despite numerous representations that the documents were forthcoming, it was not until under threat of a motion to compel production that the Trustee received the documents.  The production, however, was incomplete.  The documentation requested was not only important for this litigation, but also to assist with the preparation of the unfiled tax returns as it contained information that would need to be included in the Debtors' tax returns which ultimately would assist in liquidating the IRS's claim.

After the filing of the complaint, the Trustee learned that Select improperly coded its employees to minimize the premiums for the workers compensation.  The Debtor asserted that not only was this practice improper, but it also was costly to the Debtor.  As a result, on November 8, 2009, the Trustee filed a Motion for Leave to File First Amended Counterclaim.  The hearing was set for December 1, 2009.

In the meantime, the Trustee and her counsel participated in an all day mediation before Rebecca Callahan on November 11, 2009.  Although the mediation opened up the lines of communication, the matter did not settle.

The parties thereafter, on November 13, 2009, entered into a stipulation granting motion for leave to file the first amended complaint and stipulation resolving discovery disputes pertaining to production of documents, the scheduling of depositions and extending the discovery cut-off date. Both stipulations were approved by orders entered April 6, 2010.  The answer to the first amended counterclaim was filed on April 19, 2010.  Thereafter further stipulations were entered into to extend the discovery cut off date.

The Trustee finally received a settlement offer, however the offer was not worthy of a response and no where close to the amount that they had indicated would be offered.

As it did not appear that the matter could settle, the Trustee filed two joint (with Rob Anderson) motions for summary adjudication on June 18, 2010.  The first motion for summary adjudication sought an interpretation of the settlement agreement that had previously been entered between the Debtor and Select.  Select, on one hand, contended that although the settlement agreement had been breached, its liability was limited to the amount provided in that agreement.  The Debtor, on the other hand, contended that as a result of the breach of that agreement, the Debtor was free to bring its claims totaling approximately $6.6 million under the terms of the 2004 and 2005 contracts.  The second motion for summary adjudication sought to adjudicate Select's liability to the Debtor for

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115   RK   Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):   11/16/07 (c) |
| | | 341(a) Meeting Date:   01/09/08 |
| | | Claims Bar Date:   04/08/08 |

payroll taxes. Specifically, the Debtor was seeking a determination that the payroll taxes that Select collected from their employer-clients and the payroll taxes deducted from their workforce paychecks but not paid to the appropriate taxing authorities, should be paid to the estate including all the interest and penalties that had accrued. The hearings for these matters were originally set for August 27, 2010.

Due to a scheduling conflict, the parties entered into a briefing schedule and continued the hearings on both motions to September 14, 2010. Oppositions and cross-motions for summary adjudication were filed along with various replies. At the hearing on September 14, 2010, the Court indicated that it wanted to rule on the motions after the pre-trial orders were filed. The Trustee objected. The hearings on the two motions for summary judgment were continued to October 19, 2010, then to November 23, 2010, and the pre-trial conference was ultimately set for February 28, 2011.

By order entered January 20, 2011, the Court granted the Trustee's joint motion for summary adjudication regarding the settlement agreement and ordered that Select's failure to fully comply with the terms of the subject Settlement Agreement, including Select's failure to pay the second and final settlement payment of $1,000,000.00 voided the release provisions of the Agreement and gave the Debtor the right to maintain the actions for claims arising out of and relating to the contracts between the parties covering years 2004 and 2005. Thus, Select could not assert the release provisions in the agreement as a bar or defense to the contract claims for 2004 and 2005.

Thereafter on February 2, 2011, the Trustee filed a stipulation to continue the February 28, 2011 pre-trial conference as the Trustee was in settlement communications with Select. In fact, on January 21, 2011, the Trustee and her counsel participated in an all day settlement meeting with Select, after which meeting the Trustee was to be provided with some additional information. By order entered February 7, 2011, the Court continued the pre-trial conference to March 8, 2011 and thereafter again continued to March 22, 2011.

As the pre-trial order was not yet finalized, the Trustee filed a declaration regarding unilateral pre-trial order and filed the pre-trial order in its current state. The Court then continued the Pre-Trial Conference to May 3, 2011. By order entered May 4, 2011, the Court approved the Pre-trial order and set the first four trial dates for August 25, 26, September 1 and 2, 2011. A scheduling order was entered on May 17, 2011.

On June 15, 2011, the Trustee filed the Statement of Disclosure of Expert Witness. On July 26, 2011, Select filed the Trial Declaration of Stephen Sorenson. On August 4, 2011, the Trustee filed the Direct Testimony and Evidence for Trial of: (1) Jennifer Gilbert; (2) Ronald Askew; (3) Mark Denman; (4) Douglas Holmes; and (5) Robert Anderson.

On the same day, August 4, 2011, Select filed three motions in limine. On August 11, 2011, the Trustee filed oppositions to the three motions. On August 15, 2011, Select also filed objections to the declaration and trial testimony of Robert Anderson, and then on August 18, 2011, it filed further objections to the remaining trial declarations. On August 18, 2011, the Trustee filed her trial brief.

On or about August 16, 2011, during the midst of all the filings, the Trustee received a communication from Select's counsel that the prior week Select lost a pending trial prosecuted by State Fund for $30 to $50 million. Absent prevailing in pre-trial motions, Select did not believe that it could post a bond for appeal. As a result, a letter was sent regarding a proposed settlement with the estate. Additionally, the Trustee was also informed that Select had a negative net worth.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

In light of the impending trial, the Trustee and her counsel began lengthy settlement discussions.
The discussions were complex in that the Trustee was seeking to attempt to protect the estate from
being a potential preference defendant in a bankruptcy action that was being threatened by Select.
After extensive negotiations, the Trustee entered into a settlement agreement whereby Select and
other entities would pay the estate $1.5 million which was to be collateralized by real property
and/or personal stipulated judgments.  The Trustee believed the settlement was in the best interests
of the estate based on the potential collectability of a judgment if and when obtained against
Select.  The Trustee did not believe it was appropriate to roll the dice given Select's precarious
financial position.  The Trustee proposed the resolution as a sale rather than a settlement so that
she could obtain the highest value should any party believe it was worth more.

Specifically, the Trustee was informed that since the onset of the recession, the Select Companies'
financial position had been, at best, precarious.  Although it continued to earn significant
revenues, its balance sheet was "upside down" and it was in substantial debt. Select represented
that its current tangible assets (comprised of accounts receivable) amounted to approximately $200
million.  It was represented that the accounts receivable was by far its most significant asset.
Meanwhile, the secured lenders sitting in the first and second position were owed $575 million.
Accordingly, the secured liabilities exceeded its tangible assets by approximately $375 million.

In addition, the Trustee was informed that approximately nine months prior to this time Select had
hired the law firm of Pachulski, Stang, Ziehl, & Jones as bankruptcy counsel to advise it with
respect to its various options for restructuring its debt.

As the settlement was still being documented, the Trustee informed the court of the impending
settlement and went to trial on the first day on August 25, 2011, and obtained a continuance to what
was scheduled as the third day of trial, September 1, 2011.  As the settlement was documented
before that date, the trial was vacated and the pending pre-trial motions were continued to October
4, 2011.  Additionally, the Court set October 4, 2011 as the hearing date for the sale of the
litigation claims.

On September 9, 2011, the Trustee filed a notice of hearing on the Trustee's motion for order
approving sale of the estate's claims in the Select adversary proceeding.  The corresponding motion
was filed on September 13, 2011.   On September 15, 2011, Stephen Sorenson filed a declaration
further setting forth the financial condition of Select.  On September 20, 2011, Robert Anderson
filed an objection to the Trustee's sale motion indicating that the value she was selling for was
substantially too low.  Mr. Anderson then laid out the merits of the trial and attempted to
demonstrate that the estate would prevail.  What Mr. Anderson did not do was respond to the
assertions as to the financial condition of Select which was the real basis for the sale.  As a
result, the Trustee filed a response on September 27, 2011.  A supplemental declaration was also
filed on Friday by the Trustee's accountant setting forth the August 31, 2011 Moody report.

The hearing was originally set for October 4, 2011.  Prior to the hearing, the Trustee collected and
deposited the entire $1.5 million purchase offer.

At the hearing, the Court continued the matter to October 4, then to October 11, then to October 17,
then to November 2, then to November 22, 2011, then to December 5, 2011,  and finally to December
12, 2011.   Throughout this time there were many hours of hearing and at least 50 pleadings filed.
The Trustee, through it all, was seeking to have findings made as to whether Anderson met his burden
of proof to demonstrate standing by proving that this was a surplus estate, taking into
consideration the actual collectability of the Select claim.  The Trustee also wanted rulings on all

**FORM 2**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

**Exhibit 8**

| | | | |
|---|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

the numerous evidentiary objections that were filed, a ruling on whether the Court would conduct an
in camera review of Select's audited financial statements, and whether the Trustee's sale met the
criteria for both a sale and a settlement.  Additionally the Trustee sought findings that there was
an opportunity to overbid and that the purchasers were good faith purchaser's within the protections
of Section 363(m).

At the December 12, 2011 hearing, the Court granted the Trustee's motion.  The order was entered
February 14, 2012.  The order provided that the Court had ruled on all evidentiary objections as
noted on the record, Anderson failed to demonstrate that he had standing to object to the proposed
sale, there was no in camera review required as adequate evidence existed to support the Trustee's
business judgment.  As a result, the court approved the sale for $1.5 million and the purchasers
were found to be good faith purchasers whose payment was deemed received upon deposit.  An Amended
Order was entered on April 24, 2012.

On February 17, 2012, Anderson filed an emergency motion for stay pending appeal, which the Trustee
opposed.  By order entered February 23, 2012, the Bankruptcy Court granted the motion in part and
denied it in part.  The Court found that Anderson lacked standing to seek the relief requested, that
he failed to establish a likelihood of prevailing and a likelihood of irreparable harm and finally
that the balance of equities tipped in its favor.  The Court, however, did grant Anderson a
discretionary stay through March 7, 2012.

On February 27, 2012, Anderson filed an appeal with an election to have it heard by the District
Court.  On March 3, 2012, Anderson filed the Emergency Application for Stay pending Appeal before
the District Court.  On March 9, 2012, Judge Nguyen denied the application on the grounds that it
was procedurally defective and that Anderson lacked standing.

Thereafter, pursuant to Order entered March 14, 2012 the Court dismissed the underlying adversary
action.

On March 26, 2012, Select filed a motion to dismiss the appeal as moot and for lack of standing.
The Trustee joined in the motion.  Before the matter was to be heard, Judge Nguyen was elevated to
the 9th Circuit Court of Appeals.  As a result, all of her cases including the appeal were
reassigned.  The Trustee and Select worked to get the matter back on calendar with the new judge.
In the meantime, briefing schedules for the appeal were sent out.

On June 4, 2012, the District Court entered an order consolidating the various appeals filed by
Anderson to the various orders.  The Trustee and Select again attempted to revitalize the pending
motions to dismiss.  The motion to dismiss was ultimately re-set for September 10, 2012 and the
Court thereafter re-set the briefing schedule.

The District Court issued a tentative ruling that it adopted.  Specifically, the Court noted the
prior ruling on the stay pending appeal and the lack of standing.  The Court noted that it already
addressed Anderson's standing to appeal the Bankruptcy Court order here at issue.  Specifically the
March 9th Order noted that Judge Kwan had concluded there was no standing to seek a stay pending
appeal because Anderson had failed to demonstrate that the estate would return a surplus to the
Debtor.  The Court further noted that Judge Kwan had determined that Anderson lacked standing on
three occasions and yet Anderson still failed to offer any reason why such a finding was clear
error.  The Court further noted that Anderson had presented no new grounds or basis for
reconsidering the Court's March 9th Order or Judge Kwan's prior three orders holding that Anderson
lacked standing.  As a result, the Motion to Dismiss the appeal was granted with prejudice.  The
District Court entered the minute order on September 12, 2012.

FORM
### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Page:   28

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

On September 18, 2012, Anderson filed a notice of appeal of the dismissal orders to the Ninth
Circuit.  On September 26, 2012, the Trustee's counsel sent a letter to Anderson's counsel citing
Rule 11 and demanding that the appeal be dismissed as frivolous.

As the Trustee and Anderson began discussing settlement, the Ninth Circuit appeal was stayed as this
was a required term by the Trustee that Anderson dismiss the appeal to avoid further unnecessary
costs and for all the $1.5 million sale proceeds to become property of the estate.  The dismissal of
this appeal was a provision in the settlement with Anderson that was approved by order entered
September 3, 2013.  Thereafter, by order entered September 17, 2013, the Ninth Circuit appeal was
dismissed and the sale order was now final.


Naylor v. Robert J. Anderson, Jr., Robert J. Anderson, Sr., et al.  (22 Defendants)
Adv. No. 8:09-ap-01271-RK~2:12-ap-01314-RK

The Debtors' principals believed that if the Trustee were to pursue Preferred and Select that this
would be a surplus case and thus there would be no need to pursue claims against the insiders.  In
light of the examiners' report, the Trustee was not willing to await such a resolution as it could
work to the detriment of the Trustee.  As a result, the Trustee, her accountant, and her counsel had
extensive communications with the principals.  The principals asserted that the report of the
examiner while costly did not include any response information by them to the allegations.  The
Trustee requested that her accountant review the examiner's report and then review the responsive
information provided by the Debtors' principals to come up with the amount that could likely be
asserted and thereafter the amount upon which the Trustee would prevail.  In order to obtain all the
information, the Trustee requested personal information of the insiders and agreed to a
confidentiality agreement in order to obtain voluntary production.  Upon coming to a conclusion of
the actual amount that the Trustee would seek and recover in any litigation, the Trustee would
attempt to negotiate a settlement with the principals.

The principals agreed in theory to enter into a settlement that provided for an amount certain that
they would be liable.  The Trustee thereafter would receive monthly payments.  In addition,
collateral from third parties would be provided for some of the liability.  The thought behind such
an agreement was to protect the estate for not immediately pursuing actions, reduce administrative
costs tremendously, and allow the Trustee to focus on the third parties.

When no settlement was reached and the bar date was approaching, the Trustee, on April 3, 2009,
filed a complaint against the insiders, certain family members of the insiders, and related entities
(Naylor v. Robert J. Anderson, Jr., Robert J. Anderson, Sr., et al., Adv. No.
8:09-ap-01271-RK~2:12-ap-01314-RK) for avoidance and recovery of fraudulent transfers, avoidance and
recovery of preferential transfer, breach of contract, and disallowance of claims.

Since the filing, the Trustee continued to discuss settlement; however, before finalizing any
agreement, Anderson wanted a resolution with the IRS regarding his personal liability.  Anderson
then indicated that he did not have the funds to enter into an agreement in the format set forth
above as he was incurring attorney's fees and costs in assisting the Trustee with the litigation
against Preferred and Select.  As a result, despite earlier representations, Anderson discontinued
any settlement discussions.

On August 31, 2010, the Trustee's counsel sent notice to all parties advising them that they must

**FORM** **2**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

promptly file responsive pleadings or the Trustee would file requests for entry of defaults.  The Trustee's counsel further indicated that it would wait until the Court conducted the September 14, 2010 status conference before filing requests for entry of defaults to provide more time for responsive pleadings to be filed or for a settlement to be reached.  The status conference was thereafter continued to November 16, 2010.

On or about October 28, 2010, the Trustee filed requests for entry of default against AMS, Inc., Jennifer Anderson, Anthony Piazza, Turbostop East, Inc., Bayview Labor Organizational Benefits, Inc., John Dolias and Village Motors.  On November 19, 2010, the Court entered the defaults against the above named defendants with the exception of Village Motors. On November 22, 2010, Village Motors filed its answer.

On October 29, 2010, Askew Kabala & Company filed its answer.  On November 16, 2010, Judith Anderson , Anderson Executive Air, Inc. , Robert J. Anderson, Jr. , Robert J. Anderson, Sr. , Ape, Inc., General Herkimer Corp. , Gresham Insurance Brokers Limited , Gresham Marine Services, Inc. , Gresham North American Corp. , Nexus Network, LLC , RJ Anderson (London) Limited, and Robert J. Anderson, Inc. filed their answer.

At the status conference on November 16, 2010, the Court continued the status conference to December 14, 2010, and then again to February 15, 2011.  In the Defendants' portion of the status conference report, Anderson's attorney requested that litigation be stayed against all Defendants until resolution of the Select adversary as he anticipated that judgment in that action would make this case a surplus case.  Thus, the Court continued the matter to June 14, 2011.  Again, the same request by the Defendants was made, and as a result, the June 14, 2011 status conference was continued to October 4, 2011, and then to November 1, 2011.

By order entered November 10, 2011, the Court continued the status conference to September 18, 2012 and also ordered that the last day to conduct discovery was August 31, 2012 and that the parties were to select a mediator by November 30, 2011, and complete mediation by August 31, 2012.

Thereafter, a stipulation for protective order was filed with respect to financial documents produced by Anderson.  The status conference was thereafter continued to March 19, 2013 as several of the parties scheduled a mediation before Judge Goldberg of Judicate West.

The parties set for mediation were Robert Anderson, Jr. and Summit Park along with several other insider defendants close to Anderson such as his father, ex-wife, etc.  Many of the other defendants attempted to disassociate themselves with Anderson and settled or resolved the matters separately as set forth below.

The meditation was scheduled for February 25, 2013.  During continued negotiations prior to mediation, most of the Anderson defendants did not dispute their insider status, but they disputed the claims, asserting that that the Debtors' payments were intercompany transfers, and that equivalent services had been provided to the Debtors.  They also provided financial statements, and/or tax returns, and/or sworn declarations, attesting to their poor financial condition and their inability to satisfy any judgment.  As a result, a resolution was reached with the insiders other than Robert Anderson, Jr. and Summit Park so they would not have to attend mediation.  As set forth below, the settlement was for $50,000.00.

The Trustee and Anderson attended the court-ordered mediation at Judicate West before the Honorable Mitchel R. Goldberg (Ret.).  To avoid the uncertainty of continued litigation, the parties agreed to settle the action against these adversary defendants in two separate agreements-(1) The Insider

FORM 2

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   30

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK  Judge: ROBERT N. KWAN | |

| | |
|---|---|
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |

| | |
|---|---|
| Trustee Name:   KAREN SUE NAYLOR | |
| Date Filed (f) or Converted (c): | 11/16/07 (c) |
| 341(a) Meeting Date: | 01/09/08 |
| Claims Bar Date: | 04/08/08 |

Settlement/Dismissals; and (2) The Anderson Settlement.

The insider agreement was reached prior to mediation and was finalized at mediation.  The Anderson
Settlement was negotiated after a full day of mediation.  The terms of both the Insider Settlements
and the Anderson Settlement are set forth below in more detail.

The Insider Settlement/Dismissals
Just prior to the mediation, the Trustee and Anderson reached an Agreement to Dismiss, covering
fifteen (15) Anderson Insiders-Robert Anderson Sr.; Anderson Executive Air, Inc.; Gresham Insurance
Brokers Limited; Gresham Marine Services, Inc.; Gresham North American Corp.; Nexus Network, LLC; RJ
Anderson [London] Limited; Robert J. Anderson, Inc.; AMS, Inc.; APE, Inc.; Jennifer Anderson;
Judith Anderson; Turboprop East; General Herkimer Corporation; and Bayview Labor-and agreeing to
dismiss claims against them in exchange for a $50,000.00 payment.  At the meditation, the Trustee
received a check in the amount of $50,000.00 from Anderson and the check was deposited into the
estate's account on February 26, 2013.

On August 1, 2013, the Trustee filed the motion to approve compromise of controversy against the
fifteen (15) Anderson Insiders and approving The Insider Settlement/Dismissals, The Anderson
Settlement, and Dismissal of Mercator Marine.  Pursuant to order entered September 3, 2013, the
Court approved the settlements, and the claims against Mercator Marine were dismissed.  Also
pursuant to the September 3, 2013 order, the parties were to file a stipulation for dismissal of the
fifteen (15) Anderson Insiders.  On October 24, 2013, the Trustee's counsel filed the stipulation
to dismiss the insiders, and pursuant to order entered October 28, 2013, the claims were dismissed.

The Anderson Settlement
Also at the mediation, the parties agreed to settle the claims against Robert J. Anderson and Summit
Park, LLC for $225,000.00. The settlement amount would be secured by real property owned by Summit
Park in New York and was to be paid over time with $15,000.00 due by April 1, 2013, and $4,000.00
due monthly beginning April 1, 2013, then $5,000.00 due monthly beginning April 1, 2014, and a
balloon payment for the outstanding balance of $102,000.00 due by April 1, 2015.  In exchange,
Anderson would dismiss the appeal to the Ninth Circuit and the Trustee would assist in facilitating
a dismissal of the state court litigation between Select and Anderson.  The motion to voluntarily
dismiss the appeal was granted by order of the Ninth Circuit Court of Appeals entered September 17,
2013.

After further discussions, the Trustee and Robert J. Anderson, Jr. and Summit Park LLC entered into
a stipulation for dismissal of the adversary given that the defendants have been making payments as
required under the settlement, and have provided a recordable mortgage on the Bleecker Street
Property, which the Trustee recorded her lien and obtained the requisite title insurance, and
defendants agreed to provide the recordable mortgage for the Husted parcel.

On June 6, 2014, the Trustee filed a stipulation to dismiss the adversary as to Anderson and Summit
with retention of jurisdiction, and pursuant to order entered June 6, 2014, the Court approved the
stipulation.

The Trustee continued to collect these payments.  As indicated above, the balloon payment of
$106,000.00 was due on April 1, 2015.  Rather than paying the balloon payment, Anderson continued to
pay $5,000.00 in both April and May.  The Trustee instructed her counsel to send a letter of
default.  In the event of default, interest would accrue on the entire balance from the inception.
On May 18, 2015, the Trustee's counsel sent a letter of default.  Thereafter, on June 2, 2015, the
Trustee received and deposited $92,000.00 which was the balance remaining under the settlement.

**FORM 2**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   31

**Exhibit 8**

| | | |
|---|---|---|
| Case No: | 12-16115   RK   Judge: ROBERT N. KWAN | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

| | |
|---|---|
| Trustee Name:   KAREN SUE NAYLOR | |
| Date Filed (f) or Converted (c): | 11/16/07 (c) |
| 341(a) Meeting Date: | 01/09/08 |
| Claims Bar Date: | 04/08/08 |

Dismissal of Mercator Marine
Additionally, with respect to Insider, Mercator Marine, the Trustee's counsel was unable to locate
Mercator Marine for service.  According to information received from the defendants, Mercator Marine
was believed to have gone out of business.  Thus, the Trustee sought entry of an order authorizing
her to dismiss Mercator Marine, which order was entered September 13, 2013.

Settlement with Askew Kabala
In the meantime, with respect to Askew Kabala, although the adversary complaint alleged damages in
the amount of $15,000.00 to $50,000.00, Askew Kabala contested liability and provided evidence to
the Trustee indicating that it was not an insider and that it had provided financial services to
Anderson entities which may have benefitted the Debtors.  Askew Kabala also evidenced an inability
to pay the claimed amount given the economic business climate.  As a result, the Trustee reached a
settlement with Askew Kabala for $10,000.00 payable over ten months at $1,000.00 per month in
exchange for dismissal of the complaint against Askew Kabala.

On September 14, 2012, the Trustee received the first installment payment in the amount of
$1,000.00.  On November 30, 2012, the Trustee filed the motion to approve the compromise with Askew
Kabala, and pursuant to order entered January 16, 2013, the Court approved the settlement.  On June
4, 2013, the Trustee received the final $1,000.00 payment.

The Village Motors Settlement
The Complaint alleged that Village Motors was an insider and received $115,000.00 during the insider
preference period and $75,000.00 during the 90 days prepetition. Village Motors provided
information to the Trustee's counsel indicating that Village Motors was not an insider, and further
asserted that it provided services to the Debtors (and not just insiders of the Debtors). To avoid
the uncertainty of continued litigation, the parties agreed to settle the action for a cash payment
of $10,000.00, which settlement was approved by the Court as set forth below.

John Dolias and Anthony Piazza
Default was entered against John Dolias and Anthony Piazza. They subsequently provided information
to the Trustee's counsel indicating that that they were not insiders, and that transfers shown on
the Debtor's QuickBooks to have been paid to them personally were actually premiums paid to
insurance companies, and that the Debtors received equivalent value.  The Trustee obtained
additional information from these defendants indicating that they were in poor financial condition.
Given the limited likelihood of recovery, the Trustee saw no benefit to creditors in using estate
resources to obtain default judgments that were not likely to result in appreciable benefit to the
estate.  Thus, the Trustee sought to dismiss these defendants.

On February 26, 2013, the Trustee received the $10,000.00 settlement payment from Village Motors.
On July 26, 2013, the Trustee filed the motion to approve the Village Motors compromise and
dismissal of Dolias and Piazza.  By order entered August 16, 2013, the Court approved the settlement
with Village Motors and dismissed the litigation against Dolias and Piazza with a notice of
dismissal to be filed by the Trustee.  On August 23, 2013, the Trustee filed the notice of dismissal
of Dolias and Piazza.  On October 9, 2013, the Trustee filed the stipulation for dismissal of the
adversary against Village Motors LLC, and pursuant to order entered October 15, 2013, the adversary
against Village Motors was dismissed.

Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler
Adv. No. 8:09-ap-01269-RK~2:12-ap-01312-RK

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

| | |
|---|---|
| Trustee Name:   KAREN SUE NAYLOR | |
| Date Filed (f) or Converted (c): | 11/16/07 (c) |
| 341(a) Meeting Date: | 01/09/08 |
| Claims Bar Date: | 04/08/08 |

Based on investigations by the Trustee, the Trustee learned that Alias Confidential Investigations, LLC and Anthony Gubler, performed investigative services for family members of the insiders and were paid by the Debtor.  On April 3, 2009, the Trustee filed a complaint (Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 8:09-ap-01271-RK~2:12-ap-01312-RK) seeking to avoid and recover the transfers.

On June 28, 2009, the Defendants filed a general denial.  On October 21, 2009, Defendant Anthony Gubler, filed a petition for relief under Chapter 13 which stayed this adversary action as to him. The Trustee filed a proof of claim in his Chapter 13 case.  Thereafter, Defendant Gubler's bankruptcy case was converted to one under Chapter 7 and his discharge was entered leaving only Alias Confidential as a defendant in this adversary.

After the last day for the Defendants to file responsive pleadings expired, the Trustee on May 19, 2010, submitted a Request for Entry of Default against Alias Confidential Investigation LLC.  The status conference was then set for June 29, 2010, continued to September 21, 2010, November 23, 2010, February 22, 2011, and April 12, 2011.  During this time, the Court never entered the default apparently because Mr. Gubler, as an individual, attempted to file an answer for the corporation. At the status conference in August, 2009, he was advised by the court that he could not represent the corporation and that the corporation was in default.  The Court set an OSC why default should not be entered and no response was filed.  However, the default was not entered.

On June 10, 2011, the Trustee filed a motion for default judgment whereby the Trustee sought to strike the answer of Alias Confidential, and for entry of default.  The motion was brought on negative notice.  The status conference was continued to October 4, 2011.

On July 8, 2011, Alias Confidential filed an answer to the complaint.  On the same day, the Trustee had filed a notice of opposition and request for hearing.  The hearing was set for September 20, 2011 and then continued to October 4, 2011 for further briefing.  On September 27, 2011, the Trustee filed a reply setting forth the lengthy background of this adversary action and setting forth further authority to strike the answer and enter the default.  Specifically, the Trustee addressed the fact that the Defendant failed to answer for over two years resulting in culpable negligence, the fact that the Defendant had no meritorious defense, and the prejudice to the Defendant.

On October 4, 2011, the Court denied the Trustee's motion for default judgment and the status conference was continued to November 1, 2011.  Thereafter the status conference was continued to April 17, 2012 and the parties were ordered to mediation.

Prior to mediation, the Trustee reached a settlement in this matter in large part due to the Defendant's ability to pay.  In sum, Alias was to pay the Trustee $10,000.00 payable at $100.00 per month for 36 months by June 2015 with a balloon payment of $6,400.00 to the estate.  In the event of default, the Trustee was entitled to a stipulated judgment for $30,000.00.  The Trustee filed the motion to approve compromise on July 20, 2012.  By order entered September 10, 2012, the Court approved the settlement.

As indicated above, a balloon payment of $6,400.00 was due by June 2015.  The Trustee sent a letter to the Defendant in May, 2015 to remind him that the balance was due in June, 2015.  The Defendant contacted the Trustee to request if he could continue to make $100 monthly payments.  The Trustee indicated that it would not make sense to keep the estate open and that the estate needed the final payment.  The Defendant was ultimately able to borrow $5,000.00 from his father to pay for the final payment.  The Trustee agreed to accept that amount rather than incurring fees to attempt to collect

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit 8

| | | | |
|---|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

the $6,400.00. As a result, the Trustee received the $5,000.00 on June 29, 2015. On July 23, 2015, the Trustee's counsel filed a motion to approve the amended compromise, and by order entered September 15, 2015, the Court approved the amended compromise.

Naylor v. Cherie Fretto, Kevin Flynn, and Teresa Heinrich
Adv. No. 8:09-ap-01270-RK~2:12-ap-01313-RK

Further investigations conducted by the Trustee revealed that fraudulent transfers were made to additional individuals. As a result, on April 3, 2009, the Trustee likewise filed a complaint (Naylor v. Cherie Fretto, Kevin Flynn, and Teresa Heinrich, Adv. No. 8:09-ap-01270-RK~2:12-ap-01313-RK) to avoid and recover transfers.

Defendants Fretto and Heinrich answered the complaint, however Trustee's counsel was unable to locate Kevin Flynn for service. In addition, discovery was also served.

By order entered September 10, 2010, the Court vacated the discovery cut-off date pending approval of the insider settlement and continued the status conference in this matter to November 23, 2010. The status conference was then continued to February 22, 2011. At that time, as with the other litigation, the parties requested that this matter be continued to determine whether the Select litigation would provide sufficient funds to pay all claims. As a result, the matter was continued to June 14, 2011 and thereafter to October 4, 2011.

At the October 4, 2011 status conference, discovery cut-off date was set for December 31, 2011 and a pretrial conference was set for January 31, 2012. On December 6, 2011, Fretto filed a motion to extend the discovery cut-off date and sought to do so on shortened notice. The Court denied the application for order shortening time and set the hearing for January 10, 2012. The Trustee did not oppose the motion. The motion was granted and discovery was extended to August 31, 2012 and the status conference was set for September 18, 2012. The status conference was then continued to November 13, 2012.

In the meantime, the Trustee negotiated separate settlements with Heinrich and Fretto.

The Heinrich Settlement
The Complaint alleged that Teresa Heinrich was an insider and received at least $200,000.00 during the preference period. Discovery disclosed that Ms. Heinrich was Robert Anderson Sr.'s former wife, and that these payments were in the nature of spousal support, consumed in ordinary expenses, and had not been used to invest in assets that might be of value to the bankruptcy estate. Ms. Heinrich provided documentation attesting to her poor financial condition. The Trustee settled the claim against Ms. Heinrich for $25,000.00, payable in installments of $1,400.00 over seventeen months beginning February 1, 2013, and ending with a final payment of $1,200.00 on July 1, 2014.

The Fretto Settlement
The Complaint alleged that the Cherri Fretto was an insider and received at least $220,000.00 during the preference period. Discovery was hampered by the Trustee's inability to obtain documents seized by the FBI. The Trustee and Ms. Fretto agreed to settle the case with a dismissal of claims, and with each party bearing its own costs and fees.

Dismissal of Claims Against Kevin Flynn
As indicated above, Trustee's counsel was unable to locate Kevin Flynn for service of the litigation. Thus, in the motion, the Trustee requested dismissal of the claims against Kevin Flynn.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   34

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):   11/16/07 (c) |
| | | 341(a) Meeting Date:   01/09/08 |
| | | Claims Bar Date:   04/08/08 |

The Trustee filed the motion to approve the Heinrich and Fretto compromise and dismissal of Flynn on
June 27, 2013.  By order entered July 24, 2013, the Court approved the settlements and dismissed
the litigation against Flynn.  On July 18, 2014, the Trustee received the final settlement payment
from Heinrich.


OTHER ADMINISTRATION

Interim Fee Applications
On November 22, 2013, the Trustee's counsel filed a notice to retained professionals regarding
hearing on interim fee applications.  The hearing was set for January 7, 2014, which was continued
on the Court's own motion to January 21, 2014.  On December 17, 2013, the Trustee was served with a
motion for supplemental fees in defending final fee award filed by Goe & Forsythe, LLP, the attorney
for the Debtors.  In its motion, Goe & Forsythe was seeking supplemental fees of $29,912.55 for
fees incurred in defending against the Reconsideration Motion filed by the Trustee as a direct
attack on its final fee award.  The Reconsideration Motion created months of intense litigation from
numerous parties, including Goe & Forsythe.  Eventually, the Trustee voluntarily withdrew the
Reconsideration Motion.

On December 27, 2013, the Trustee filed a response to Goe & Forsythe, LLP's supplement fee motion
stating that the Supplemental Application did not accurately describe the relief requested in the
Reconsideration Motion.  The Reconsideration Motion stated: "The Trustee is not seeking disgorgement
of any funds paid to Goe & Forsythe, LLP at this time.  Rather, the Trustee merely seeks to retain
the right to enforce the provisions of the Bankruptcy Code [Section 726(b)] should subsequent facts
in the case require her to seek disgorgement and/or subordination."

Additionally, the Supplemental Application further claimed that the Trustee voluntarily withdrew the
Reconsideration Motion suggesting that it had no merit.  In reality, the Trustee did "not withdraw
any portion of the Motion pertaining to payments made to Goe & Forsythe."

In her response, the Trustee did not dispute that Goe & Forsythe was entitled to fees and costs in
defending its fee award.  However, the Trustee did not believe that the Supplemental Application
satisfied Goe &Forsythe's burden of proof to establish that the entire $29,912.55 was related to
defending its fee award as the pleadings filed by Goe & Forsythe in response to the Reconsideration
Motion were filed on behalf of the Debtors and not the firm as applicant.

After further discussions, the Trustee and Goe & Forsythe reached a settlement regarding its
supplemental fee motion whereby Goe & Forsythe would reduce its supplemental request for fees from
$29,912.55 to $19,500.00, which amount was agreeable to the Trustee.  Thereafter, the Trustee filed
a notice of withdrawal of her objection.  The notice of settlement was filed on December 30, 2013.

At the hearing on January 21, 2014 hearing, the Court granted all interim fee requests.  Pursuant to
order entered January 30, 2014, Marshack Hays LLP, general counsel for the Trustee was granted fees
of $895,950.00 and expenses of $23,227.55; Rus, Miliband & Smith, APC, former general counsel for
the Trustee was granted fees of $148,826.00 and expenses of $5,394.27; Hahn Fife & Company, LLP, the
Trustee's accountant was granted fees of $71,042.50 and expenses of $205.50; and Goe & Forsythe,
LLP, general counsel for the Debtor, was granted fees of $19,500.00.  On February 3, 2014, the
Trustee issued checks in payment of the interim fees and expenses.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115   RK   Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):   11/16/07 (c) |
| | | 341(a) Meeting Date:   01/09/08 |
| | | Claims Bar Date:   04/08/08 |

Modifying Terms of Employment of Special Tax Counsel

As indicated above, pursuant to order entered November 30, 2011, the Court approved the employment
of Kaplin Stewart Meloff Reiter & Stein, PC as special tax counsel for the sole purpose of assisting
Trustee with her objections to the claims filed by the Internal Revenue Service.

The Trustee's special tax counsel has already concluded a successful objection to an IRS claim
against Debtor Coastal California, which resulted in the withdrawal of a $6 million claim, and
continued to work on objections to other IRS claims that have been subject of negotiation and
dispute.  However, the Trustee reviewed certain other claims filed by the Employment Development
Department in all three cases, and by the Franchise Tax Board in two cases, and required assistance
with further review and, if needed, objections to the EDD claims and the FTB claims.

As a result, on April 1, 2014, the Trustee filed a motion for order modifying terms of employment of
special tax counsel wherein the Trustee sought to expand the scope of the employment to include the
review of certain other taxing agency claims.  Pursuant to order entered April 24, 2014, the Court
granted the motion.

Throughout the case, Kaplin assisted the Trustee and her counsel with various issues and questions
regarding the multitude of tax claims and issues.  Pursuant to the employment order, Kaplin was paid
when no objections where filed to notice of their professional fee statements.

Claims Review and Objections

The Trustee has litigated and resolved several claims throughout the case.  Moreover, throughout the
case, the Trustee continually requested that her counsel to assist with the claims review and
objections and requested that it be completed by June, 2015 when the last settlement payment was
expected to be received.  However, the individual working on the claims left the firm.
Consequently, the Trustee and her counsel again began a review of the claims to determine what had
been resolved and what was required to complete the claims analysis.

In order to get a better understanding of who was seeking Chapter 11 administrative claims, the
Trustee's counsel filed a Motion for Order Establishing Bar Date for Filing Requests or Motions for
Allowance of Administrative Expense Claims and Approving the Form and Manner of Notice of the Bar
Date.  By order entered February 9, 2015, the Court entered an order establishing the Bar Date and
approving form of the Notice.  The Notice was served on February 10, 2015 with a bar date of March
6, 2015.  The notice provided that failure to file the request or motion would constitute waiver of
an administrative claim.

On March 6, 2015, the Trustee was served with the California State Board of Equalization's Request
for Allowance of Administrative Expense Claim.  By order entered April 2, 2015, the administrative
claim was approved.

On June 30, 2015, the Trustee filed a Motion for Clarification of Claims.  The hearing was set for
July 28, 2105.  On July 24, 2015, the Court entered an order requiring further briefing on the
Motion.  The Court was not inclined to grant the motion as framed and continued the hearing to
September 15, 2015.  The Trustee's counsel sent out notice of the same on August 17, 2015.  On
August 26, 2015, to avoid the issues raised by the Court and to simplify the process, the Trustee's
counsel filed a notice of withdrawal of the motion.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

Thereafter, on August 28, 2015, the Trustee's counsel filed Objections to four claims. The hearings on these objections were September 29, 2015, and pursuant to orders entered October 13, 2015, the Court sustained the objections.

The Trustee and her professionals were mindful of the need to limit administrative expenses, and focused their attention on the arguments and claims most likely to lead to a favorable and more prompt result.

To that end as discussed above, the Trustee's counsel filed a motion for administrative claims bar date, which resulted in the clarification that $12,807,403.59 of claims was not entitled to administrative priority, drastically reducing the estate's administrative expenses that would have been incurred in litigating objections with respect to those claims. The Trustee's counsel also reviewed and analyzed the 61 claims and 19 amended claims filed in these consolidated cases, resolved duplication of claims to clarify what precisely were the claims against the estate, worked extensively with special tax counsel to investigate and resolve the complex taxing agency claim issues, negotiated with creditors regarding reduction, reclassification, amendment, or withdrawal of claims, and filed claim objections where necessary.

Extensive review and resolution of claims was necessary in this case for three main reasons: First, there was significant uncertainty as to which claims were entitled to administrative priority in this case. Many claims were filed as general unsecured claims, but attached supporting documentation that suggested an administrative status. Several claims were also filed as administrative claims, but without legal or factual support for administrative status. The Trustee and her counsel analyzed these claims and filed a motion for administrative claims bar date to resolve these issues.

Second, determining the administrative status and exact level of administrative priority of claims was vital in this case, because there were two secured tax liens triggering the marshalling provisions of 11 U.S.C. §724(b). Furthermore, one of those tax liens was entitled to extrastatutory super-priority status pursuant to order of the Court, so every claim had to be assessed both for its priority under the §724 marshalling and for availability of funds for payment in light of the extrastatutory super-priority tax lien. The Trustee's counsel invested significant time researching the complex application of §724(b) and how to effect the marshalling intended by the Bankruptcy Code when there is an intervening extrastatutory tax lien of higher priority. This research was necessary to ensure that the Trustee's payment and administration of claims would comply with the Court's previous orders and the requirements of Title 11.

Third, this case seemed to have an unusual number of duplicative claims, improperly filed claims, and claims with security interest issues. For instance, one creditor with multiple duplicative claims alleged in its proofs of claim a security interest in certain collateral "if any." If such collateral existed, a dispute would have arisen over the priority of that creditors' security interest and the priority of certain taxing agencies' security interest in all property of the Debtors including such alleged collateral. The Trustee's counsel was able to determine that no such collateral existed, and to persuade the creditor to amend its claims so that no claim objection was necessary. Similar discussions with creditors, including taxing agencies and less sophisticated claimants, resulted in voluntary withdrawals or amendments of duplicative, incomplete, illegible, or miscategorized claims. This included researching and resolving with the Internal Revenue Service ("IRS") a missing claim that never appeared on the claims registers for these cases, but that amended previous claims and clarified several disputed issues between the estate and the IRS.

**FORM**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    37

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

Ultimately, the Trustee's counsel filed four claim objections and resolved the vast majority of claim-related issues in this case through negotiation and agreement with creditors.  This included the most recent claims negotiations and resolutions with AIG which is set forth in detail above under "Claims Against AIG."  Also included was a recent motion for order authorizing the Trustee to make an early distribution to a creditor under FRBP 3009 to pay the $1,000.00 pre-petition wage claim of Tina Banks in full because her claim had been excluded from prior authorized payment to pre-petition wage claimants.  Pursuant to order entered August 10, 2016, the Court approved the motion, and on August 16, 2016, the Trustee issued a check in the amount of $1,000.00 to Tina Louise Banks.

In light of the circumstances of this case, and the fact that there will be no distributions to general unsecured creditors and the Trustee's concern for potential duplicate billing resulting from the transition of attorneys working on the case, the Trustee asked her counsel to carefully review its detailed billing records and all services performed in this case, and to make a serious effort to reduce its bill in consideration of other creditors.  The Trustee's counsel agreed to this proposal.  The Trustee reviewed her counsel's final fee application and was satisfied.  Of the 497.7 hours the Trustee's counsel spent providing legal services to the estate, her counsel identified 120.3 hours that it would "write off" or "no-charge," which is more than 24% of the firm's time spent on this case.

This resulted in a $33,214.50 reduction in the amount of fees requested in the fee application. Absent these write-offs by the Trustee's counsel, their work in this case in normally billed time would have resulted in fees of $179,378.00 instead of the $146,163.50 requested in their fee application.

At this time, it appears there will only be enough funds in the estate to pay taxes, and not all of the taxes.  It is not expected that any other creditors will be paid, nor is it expected that interest and penalties on taxes will be paid.  With that in mind, the main benefit to eliminating improper or unfounded claims was that the pro-rata payment on the remaining legitimate claims will be increased.

The Trustee was required to file several tax returns throughout the years, the last of which was reviewed and executed on July 22, 2016.  The Trustee requested that her accountant contact the IRS to request an expedited tax clearance for these last filed tax returns so that the Trustee would not incur further delays in filing the final report.  On August 19, 2016, the Trustee received the last of the tax clearance letters.  All tax returns for the estate have been filed and tax clearance letters have been received.

On September 6, 2016, the Trustee filed and served the notice to professionals, and the request for court costs.  On September 6, 2016, the Trustee was served with the notice of court costs due which indicated that $1,250.00 in court costs is due for the filing of the complaints.  All final fee applications have been received.

As set forth above, this has been a long, laborious, and complex case with issues numerous complex issues resulting in a multitude of hearings and even a matter appealed to the Ninth Circuit.  The tax issues, as set forth above, were also very complex.  The Trustee did not seek interim fees in this case and while her statutory cap is $87,553.51, the Trustee's actual fees and anticipated fees in these consolidated cases total $327,262.00 which is well beyond her statutory cap.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   38

Exhibit 8

| | | | |
|---|---|---|---|
| Case No: | 12-16115   RK   Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

04/04/07 - Chapter 11 Petition filed for all Debtors

04/06/07 - Debtors file various emergency motions including motion for joint adminstration

04/10/07 - Order entered administratively consolidating Debtors

04/10/07 - Debtors file notice of removal of Select litigation from Santa Barbara Superior Court to Bankruptcy Court

05/15/07 - Order entered directing appointment of examiner

05/21/07 - Order entered granting application of UST to appoint David Gottlieb as Examiner

06/08/07 - Examiner files Preliminary Report identifying approximately $15.8 million in transfers to insiders

06/14/07 - Court entered order approving sale of substantially all of the assets for $1,350,000

07/20/07 - Debtors filed motion to dismiss three jointly administered cases

07/27/07 - Debtor files answer to Select's complaint and files a counterclaim against Select in Select Adv.

09/10/07 - Select files answer to counterclaim in Select Adv.

11/09/07 - Order entered disposing of Motion to Dismiss and order various disbursements to Chapter 11 administrative claimants, ordering the reservation of $105,000 to be used by Trustee to investigate claims of insiders, and setting forth deadline to object to tax claims

11/14/07 - Order entered converting case from Chapter 11 to Chapter 7

11/16/07 - Pursuant 11/14/07 Order - this is effective date of conversion

11/19/07 - Trustee files Notice of Appointment of Chapter 7 Trustee

11/20/07 - Slam letter from Trustee to Bank of America demanding turnover of funds on deposit in DIP accounts

12/04/07 - Trustee's Proposed Counsel serves Notice of, and Application of Chapter 7 Trustee to Employ Counsel (Rus, Miliband & Smith, APC)

12/05/07 - Trustee receives three checks from Bank of America as turnover of funds on deposit in DIP accounts of Consolidated Employer and Coastal Employers (Trustee to consult with her Counsel)

12/11/07 - Trustee receives authorization from her Counsel to deposit checks into estate's accounts

12/12/07 - Trustee deposits one (1) check in the amount of $157.24 from Bank of America representing turnover of funds on deposit in DIP Account No. 375559522; and one (1) check in the amount of $5.00 from Bank of America representing turnover of funds on deposit in DIP Account No. 375559593 (Consolidated case only)

12/12/07 - Trustee deposits one (1) check in the amount of $27,771.47 from Bank of America representing turnover of funds on deposit in DIP Account No. 375559603 (Consolidated case only)

12/17/07 - Trustee deposits one (1) check in the amount of $105,000.00 from Goe & Forsythe, LLP representing turnover of funds in attorney client trust account (Coastal-NY case)

12/18/07 - Trustee served with Objection to Application of Interim Chapter 7 Trustee to Employ Counsel (Rus, Miliband & Smith, APC)

12/20/07 - Trustee's Proposed Counsel serves Notice of Hearing re Trustee's Application to Employ Counsel (Rus, Miliband & Smith, APC); hrg 01/08/08 2:30 5D

12/21/07 - Trustee deposits one (1) check in the amount of $1,658.53 from Industrial Janitor Service; and one (1) check in the amount of $1,000.00 from Western Tear-Off and Disposal, Inc. representing payment on accounts receivable (Coastal-NY case)

12/21/07 - Trustee receives confirming fax from Bank of America re TIP account set up for 30 days at .85% interest rate (Coastal-NY case)

12/31/07 - Trustee served with [ACE American Insurance Company's] Joinder to Debtors' Objection to Application of Interim Chapter 7 Trustee to Employ Counsel (Rus, Miliband & Smith, APC)

01/04/08 - Trustee's Proposed Counsel serves Reply to Debtors' Opposition and Ace American Insurance Company's Joinder re Trustee's Application to Employ Counsel (Rus, Miliband & Smith, APC)

01/08/08 - Hearing 2:30 on App to Employ Rus, Miliband & Smith, APC

**FORM 2**

### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Page:    39

Exhibit 8

| | | | |
|---|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

01/09/08 - Original 341(a) Hearing - Debtor failed to appear; cont'd to 02/20/08

01/11/08 - Trustee served with Ace American Insurance Company's Opposition to Chapter 7 Trustee's Motion for Reconsideration re: Order Regarding Debtors' Motion to (1) Dismiss Three Jointly-Administered Chapter 11 Bankruptcy Proceedings; (2) For Authorization to Pay the IRS on its Secured Claim in the Amount of $552,534.44; (3) For Authorization to Reserve Funds for Payment of Final Fee Applications; and (4) For Authorization to Distribute the Remaining Proceeds from the Sale of Debtors' Assets to ACE; hrg 02/05/08 2:30 5D

01/11/08 - Trustee served with Notice of Hearing, and Debtors' Renewed Motion to Dismiss Three Jointly Administered Bankruptcy Proceedings

01/14/08 - Trustee served with Notice of Continued Hearing on Debtors' Renewed Motion to Dismiss Three Jointly Administered Bankruptcy Proceedings; hrg 02/05/08 cont'd to 02/06/08 11:00 5D

01/15/08 - Trustee served with [ACE American Insurance Company's] Joinder to Debtors' Notice of Renewed Motion to Dismiss Three Jointly Administered Bankruptcy Proceedings

01/18/08 - Trustee issues Check No. 1001 in the amount of $0.26 to International Sureties in payment of Annual Bond Premium (Consolidated case only)

01/18/08 - Trustee issues Check No. 1001 in the amount of $220.95 to International Sureties in payment of Annual Bond Premium (Coastal-NY case)

01/22/08 - Trustee served with Opposition [of National Union Fire Insurance Company of Pittsburgh, PA] to Renewed Motion to Dismiss Three Jointly Administered Bankruptcy Proceedings

01/22/08 - Trustee served with Opposition of the United States of America to Chapter 7 Trustee's Motion for Reconsideration

01/23/08 - Order entered on Stipulation Between Chapter 7 Trustee and Internal Revenue Service Extending Deadline for Estate to File Objection to IRS Claim

01/23/08 - Trustee served with Jointly Administered Debtors and Goe & Forsythe, LLP's Opposition to Interim Trustee's Motion for Reconsideration, et al.

01/23/08 - Trustee served with Opposition of Select Personnel Services to Debtors' Renewed Motion to Dismiss Administratively Consolidated Bankruptcy Cases

01/23/08 - Trustee's Counsel serves Chapter 7 Trustee's Opposition to Debtors' Renewed Motions to Dismiss Three Jointly Administered Proceedings

01/23/08 - Trustee deposits three (3) checks in the amount of $15.00 each from Field Account of Med Legal as reimbursement of photocopying fees for records of Denny Ngo (Checks on deposit details confirmed by Rich Josephs) (Coastal-NY case)

01/30/08 - Trustee's Counsel serves Chapter 7 Trustee's Combined Reply to the Oppositions Filed by (1) ACE American Insurance Company; (2) Internal Revenue Service; and (3) Debtors Regarding Motion for Reconsideration

01/30/08 - Trustee served with Combined Reply to the Oppositions of (1) Karen Sue Naylor, Chapter 7 Trustee; (2) Koosharem Corp., dba Select Personnel; and (3) Nation Union Fire, etc. (AIG) to Debtors' Renewed Motioni to Dismiss

01/30/08 - Trustee served with Joinder of David K. Gottlieb, CPA, Examiner to the Oppositions to Interim Trustee's Motion for Reconsideration, et al.

01/30/08 - Trustee served with Notice of Joinder [of Corporate Personnel Network Inc. dba Preferred Personnel of California to opposition]

01/31/08 - Trustee served with United States Trustee's Statement Regarding Request for Dismissal, Stipulated Order and Motion for Reconsideration of Stipulated Order

02/05/08 - Hearing 2:30 on ACE's opposition

02/06/08 - Trustee receives Joinder of the Employment Development Department to Motion of Chapter 7 Trustee with Respect to: (1) Opposing the Dismissal of the Chapter 7 Case; and (2) Modifying the Court's Order of November 9, 2007

02/06/08 - Hearing 11:00 on Debtors' renewed motion to dismiss

02/20/08 - Continued 341(a) Hearing - Debtor failed to appear (2nd no show); cont'd to 04/09/08

02/25/08 - Trustee served with OUST's Notice of Motion and Motion to Reconvert Case to Chapter 11

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

Trustee Name:   KAREN SUE NAYLOR

Date Filed (f) or Converted (c):    11/16/07 (c)

341(a) Meeting Date:                    01/09/08

Claims Bar Date:                         04/08/08

and to Appoint a Chapter 11 Trustee; hrg 03/26/08 10:00 5D

02/27/08 - Trustee's Proposed Accountant serves Notice of, and Trustee's Application to Employ Hahn Fife & Company, LLP as Accountants

02/29/08 - Order entered on Order Approving Stipulation Between the United States Trustee and the Debtors to Continue Debtors' Motion to Dismiss Jointly Administered Cases to March 26, 2008 at 10:00 a.m.

03/11/08 - Trustee served with Objection to Application of Chapter 7 Trustee to Employ Hahn Fife & Company, LLP as Accountants

03/12/08 - Trustee served with Debtors' Response to the U.S. Trustee's Motion to Reconvert Cases to Chapter 11 and to Appoint a Chapter 11 Trustee

03/20/08 - Trustee files Notice of Hearing on Chapter 7 Trustee's Applilcation to Employ Hahn Fife & Company, LLP as Accountants; hrg 04/15/08 2:30 5D

03/21/08 - Trustee served with Jointly Administered Debtors and Goe & Forsythe, LLP's Response to Chapter 7 Trustee's Partial Withdrawal re: Motion for Reconsideration; and Request for Judicial Notice

03/24/08 - Order entered on Order Granting Trustee's Application to Employ Counsel (Rus, Miliband & Smith, APC)

03/26/08 - Hearing 10:00 5D

03/26/08 - Trustee served with Notice of Withdrawal of Objection to Application of Chapter 7 Trustee to Employ Hahn Fife & Company, LLP as Accountants

03/31/08 - Trustee serves and files Notice of Taking Hearing on Chapter 7 Trustee's Application to Employ Hahn Fife & Company, LLP as Accountants Off Calendar

04/02/08 - Order entered on Notice of Ruling—Ordered: the Debtors' Motion to Dismiss the three jointly-administered Chapter 7 bankruptcy cases is denied

04/08/08 - Claims Bar date (set upon conversion)

04/09/08 - Continued 341(a) Hearing - All appeared; cont'd to 05/19/08

04/15/08 - Hearing 2:30 on Trustee's app to employ Accountants

04/24/08 - Order entered on Order Authorizing Chapter 7 Trustee to Employ Hahn Fife & Company, LLP as Accountants

04/25/08 - Order entered on Order re: Stipulation Between Chapter 7 Trustee and Internal Revenue Service Extending Deadline for Estate to File Objection to IRS Claims—Ordered: Stipulation approved and deadline to file objections to IRS's claims extended from 04/25/08 to May 26, 2008

04/29/08 - Trustee receives confirmation from Bank of America re TIP account set up for 30 days at .35% interest rate (Coastal-NY case)

04/30/08 - Order entered on Order to Continue Status Conference Date (Real Time Staffing Inc. vs. Coastal Employers California, Adv. No. 07-01105-RK); cont'd from 04/29/08 1:30 5D to 07/08/08 1:30 5D

05/01/08 - Trustee served with Notice of Transfer of Claim Other Than for Security and Waiver of Notice—Coastal New York Claim No. 11 of AFCO Acceptance Corporation in the amount of $664,840.15 transferred to ACE American Insurance Company (Consolidated case only)

05/19/08 - Continued 341(a) Hearing - Appearance excused; cont'd to 07/17/08

05/26/08 - Deadline for Trustee to object to IRS claim—extended to 07/28/08

05/29/08 - Order entered on Order re: Stipulation Between Chapter 7 Trustee and Internal Revenue Service Extending Deadline for Estate to File Objection to IRS Claims Through July 28, 2008—Ordered: Deadline extended from May 26, 2008 through and including July 28, 2008

06/13/08 - Trustee's Counsel serves Notice of Motion and Motion for Chapter 7 Trustee's Substantive Consolidation of Jointly Administered Estates; hrg 07/08/08 2:30 5D

06/20/08 - Numerous A/R letters sent out (Coastal-NY case)

06/24/08 - Trustee served with ACE American Insurance Company's Opposition to Motion for Chapter 7 Trustee Substantive Consolidation of Jointly Administered Estates; hrg 07/08/08 2:30 5D

06/24/08 - Trustee served with Jointly Administered Debtors' Response to Motion of Chapter 7 Trustee

FORM 2

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   41

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115   RK   Judge: ROBERT N. KWAN | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

Trustee Name:   KAREN SUE NAYLOR
Date Filed (f) or Converted (c):   11/16/07 (c)
341(a) Meeting Date:   01/09/08
Claims Bar Date:   04/08/08

for Substantive Consolidation of Jointly Administered Estates; hrg 07/08/08 2:30 5D

06/27/08 - Trustee served with Opposition of Creditor Robertson Ryan ans Associates to Chapter 7 Trustee's Motion for Substantive Consolidation of Jointly Administered Estates

07/02/08 - Trustee's Counsel serves Trustee's Combined Reply to Oppositions to Motion for Substantive Consolidation of Jointly Administered Estates

07/07/08 - Trustee deposits one (1) check in the amount of $2,500.00 from Barbara's Professional Cleaning as payment on accounts receivable (Coastal-NY case)

07/08/08 - Hearing 2:30 Trustee's Motion to Consolidate cases; cont'd to 08/26/08 2:30 5D

07/11/08 - Trustee's Counsel serves Notice of Continued Hearing re Chapter 7 Trustee's Motion for Substantive Consolidation of Jointly Administered Estates; cont'd 08/26/08 2:30 5D

07/11/08 - Trustee deposits one (1) check in the amount of $2,500.00 from The Reroofing Specialists Inc. dba Petronella Roofing as payment on accounts receivable (Coastal-NY case)

07/14/08 - Trustee deposits one (1) check in the amount of $1,250.00 from West Valley Builders Inc. as payment on accounts receivable (Coastal-NY case)

07/17/08 - Trustee served with Notice of Withdrawal of Jointly Administered Debtors' Response to Motion of Chapter 7 Trustee for Substantive Consolidation of Jointly Administered Estates

07/17/08 - Continued 341(a) Hearing - Appearance excused; cont'd to 09/12/08

07/28/08 - Deadline for Trustee to object to IRS claim

07/31/08 - Trustee deposits one (1) check in the amount of $406.00 from Zumwalt & Associates, Inc. as first of four installment payments on accounts receivable (Coastal-NY case)

07/31/08 - Trustee receives one (1) check in the amount of $131.25 from Medical Management Group of California, Inc. dated 12/29/06--Check is stale dated and Trustee informed that it may not be honored;  Check returned to Debtor's counsel on 08/05/08 requesting that Principal obtain a reissued check (Coastal-NY case)

08/04/08 - Trustee served with Withdrawal of Opposition of Creditor Robertson Ryan and Associates to Chapter 7 Trustee's Motion for Substantive Consolidation of Jointly Administered Estates

08/15/08 - Trustee deposits one (1) check in the amount of $246.25 from Ag Pro Plus as payment on accounts receivable

08/26/08 - Continued Hearing 2:30 Trustee's Motion to Consolidate cases

08/29/08 - Order entered on Order re: Stipulation to Continue Hearing on Trustee's Motion for Substantive Consolidation of Jointly Administered Estates--Hearing continued to 10/28/08 2:30

09/05/08 - Trustee deposits one (1) check in the amount of $1,250.00 from West Valley Builders Inc. as payment on accounts receivable (Coastal-NY case)

09/12/08 - Continued 341(a) Hearing - Appearance excused; cont'd to 11/07/08 at 10:00 Room 1154

10/03/08 - Trustee's Counsel serves Notice to Retained Professionals re Hearing on Interim Fee Applications; hrg 11/18/08 2:30 5D

10/07/08 - Trustee served with Amended Schedule B dated 10/03/08 (Coastal-CA case)

10/07/08 - Trustee served with Amended Schedule B dated 10/03/08 (Coastal-NY case)

10/07/08 - Order entered on Order re Stipulation Between Chapter 7 Trustee and Internal Revenue Service Extending Deadline for Estate to File Objection to IRS Claims Through December 1, 2008

10/28/08 - Continued Hearing 2:30 Trustee's Motion to Consolidate cases; cont'd to 01/13/09 2:30

10/28/08 - Continued Status Conference in Select Adv.

10/29/08 - Trustee's Counsel serves Notice of Continuance of Hearing on Trustee's Motion for Substantive Consolidation of Jointly Administered Estates--Hearing continued to 01/13/09 2:30 5D

11/07/08 - Continued 341(a) Hearing - Appearance excused; cont'd to 01/16/09 at 10:00 Room 1154

12/01/08 - Trustee's Counsel serves Stipulation Between Chapter 7 Trustee and Internal Revenue Service Extending Deadline for Estate to File Objection to IRS Claims Through February 6, 2009

12/15/08 - Trustee deposits one (1) check in the amount of $489.78 from US HealthWorks as refund of overpayment on Rodolfo Martinez claim (Coastal-NY case)

12/22/08 - Order entered on Order re Stipulation Between Chapter 7 Trustee and Internal Revenue Service Extending Deadline for Trustee to File Objection to IRS Claims Through February 6,

FORM 1

### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

### ASSET CASES

Page:    42

Exhibit 8

| | | | | |
|---|---|---|---|---|
| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN | Trustee Name:  KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | | Date Filed (f) or Converted (c):  11/16/07 (c) |

341(a) Meeting Date:            01/09/08

Claims Bar Date:               04/08/08

2009--Ordered: Approved

01/08/09 - Trustee's Counsel serves Stipulation to Continue Hearing on Trustee's Motion for Substantive Consolidation of Jointly Administered Estates

01/09/09 - Order entered on Order re: Stipulation to Continue Hearing on Trustee's Motion for Substantive Consolidation of Jointly Administered Estates--cont'd to 03/24/09 2:30 5D

01/13/09 - Continued Hearing 2:30 Trustee's Motion to Consolidate cases; cont'd to 03/24/09 2:30 5D

01/16/09 - Continued 341(a) Hearing - Appearance excused; Hearing concluded--Asset case

01/16/09 - Trustee issues Check No. 1002 in the amount of $0.26 to International Sureties in payment of Annual Bond Premium (Consolidated case)

01/23/09 - Letter from Trustee's Counsel to Michael Phillips re discovery dispute

02/04/09 - Trustee's Counsel serves Stipulation Between Chapter 7 Trustee and Internal Revenue Service Extending Deadline for Trustee to File Objection to IRS Claims Through May 6, 2009

02/13/09 - Order entered on Order Extending Deadline for Trustee to File Objection to IRS Claims Throught May 6, 2009

03/04/09 - Trustee served with Declaration of Donald T. Fife in Support of Trustee's Motion for Substantive Consolidation

03/20/09 - Trustee's Counsel serves Trustee's Supplement to Motion for Substantive Consolidation of Jointly Administered Estates

03/24/09 - Continued Hearing 2:30 Trustee's Motion to Consolidate cases

03/31/09 - Trustee's Counsel serves Complaint for (1) Breach of Contract; (2) Common Counts; (3) Turnover of Property of the Estate; and (4) Disallowance of Claims (Naylor v. Corporate Personnel Network Inc., Adv. No. 09-ap-01266-RK)

04/03/09 - Trustee's Counsel serves Complaint for (1) Avoidance and Recovery of Fraudulent Transfers; (2) Avoidance and Recovery of Preferential Transfers; (3) Disallowance of Claims (Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK)

04/03/09 - Trustee's Counsel serves Complaint for (1) Avoidance and Recovery of Fraudulent Transfers; (2) Avoidance and Recovery of Preferential Transfers; (3) Disallowance of Claims (Naylor v. Cherie M. Fretto, Kevin Flynn, and Teresa Heinrich, Adv. No. 09-ap-01270-RK)

04/03/09 - Trustee's Counsel serves Complaint for (1) Avoidance and Recovery of Fraudulent Transfers; (2) Avoidance and Recovery of Preferential Transfers; (3) Breach of Contract; (4) Common Counts; and (5) Disallowance of Claims (Naylor v. Robert J. Anderson, et al., Adv. No. 09-ap-01271-RK)

04/09/09 - Order entered on Order Granting Trustee's Motion for Substantive Consolidation of Jointly Administered Estates

04/17/09 - Trustee receives and deposits one (1) check in the amount of $39,159.01 from Coastal-NY MMA to main case of Consolidated Employer Management Solutions Inc. pursuant to Order entered 04/09/09, on Order Granting Trustee's Motion for Substantive Consolidation of Jointly Administered Estates

04/17/09 - Trustee receives and deposits one (1) check in the amount of $105,355.55 from Coastal-NY Segregated TIP Account to main case of Consolidated Employer Management Solutions Inc. pursuant to Order entered 04/09/09, on Order Granting Trustee's Motion for Substantive Consolidation of Jointly Administered Estates

05/06/09 - Trustee's Counsel serves Substitution of Attorney from Rus Miliband to Marshack Hays

05/06/09 - Trustee's Counsel serves Stipulation Between Chapter 7 Trustee and Internal Revenue Service Extending Deadline for Estate to File Objection to IRS Claim

06/08/09 - Order entered on Order re Approving Stipulation Between Chapter 7 Trustee and Internal Revenue Service Extending Deadline for Estate to File Objection to IRS Claim--Ordered: Deadline extended from May 6, 2009 through August 6, 2009

06/09/09 - Trustee's Counsel serves Notice of, and Application by Chapter 7 Trustee to Employ Marshack Hays LLP as General Counsel

07/13/09 - Trustee's Counsel serves Declaration of Non-Opposition re Trustee's Application to Employ

FORM 2

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    43

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115   RK   Judge: ROBERT N. KWAN | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

Trustee Name:   KAREN SUE NAYLOR

Date Filed (f) or Converted (c):   11/16/07 (c)

341(a) Meeting Date:   01/09/08

Claims Bar Date:   04/08/08

Marshack Hays LLP as General Counsel

07/24/09 - Trustee communicates with Kris Howard at OUST re substantively consolidated cases and treatment of Forms 1 and 2 for Coastal-CA and Coastal-NY--Per Kris, combine Assets from Form 1 in Coastal-CA and Coastal-NY into main case of CEMS

07/31/09 - Trustee served with Answer of Corporate Personnel Network, et al., to Complaint, and Cross-Complaint

08/06/09 - Order entered on Order re Approving Stiluation Between Chapter 7 Trustee and Internal Revenue Service to Further Extend Deadline for Estate to File Objection to IRS Claim--Ordered: Deadline extended from August 6, 2009 to November 6, 2009

08/19/09 - Email to Trustee's Counsel and Trustee's Accountant re updated Form 1 for their input re estimated values on assets with estimated values currently marked unknown

08/21/09 - Trustee's Counsel serves Cross-Defendant Karen S. Naylor, Chapter 7 Trustee's Answer to Creditor Corporate Personnel Network, Inc. DBA Preferred Personnel of California's Cross-Complaint; and Unilateral Status Report (Naylor v. Corporate Personnel, Adv. No. 09-ap-01266-RK)

09/04/09 - Order entered on Order Assigning Matter to Mediation Program and Appointing Mediator and Alternate Mediator (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

09/08/09 - Order entered on Order to Show Cause Why Sanctions Should not be Imposed on Attorney for Defendant for Failure to File a Joint Status Report; hrg 09/15/09 1:30 5D

09/08/09 - Order entered on Order to Show Cause Why Sanctions Should not be Imposed on Defendants for Failure to Appear at  Status Conference and Failure of LLC Defendant to Obtain Counsel; hrg 09/15/09 1:30 5D

09/15/09 - Hearing 1:30 on OSC re Sanctions

09/14/09 - Trustee served with Declaration of David T. Ward per Request of the Court Regarding Filing of a Unilateral Status Report; and Unilateral Status Report (Naylor v. Corporate Personnel, Adv. No. 09-ap-01266-RK)

10/13/09 - Order entered on Status Conference and Scheduling Order--Status Conf cont'd to 02/23/10 1:30, Joint Status Report due 02/09/10 (Naylor v. Corporate Personnel, Adv. No. 09-ap-01266-RK)

11/06/09 - Order entered on Order Approving Application by Chapter 7 Trustee to Employ Marshack Hays LLP as General Counsel

11/08/09 - Trustee's Counsel files Notice of Motion, and Motion for Leave to File First Amended Counterclaim (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

11/12/09 - Trustee served with Mediator's Certificate Regarding Completion of Mediation Conference (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

11/13/09 - Trustee's Counsel files Stipulation Granting Motion for Leave to File First Amended Counterclaim; Notice of Errata re: Declaration of Robert Anderson, Jr. in Support; and Stipulation Resolving Discovery Disputes re Production of Documents, Scheduling of Depositions and Extending Discovery Cut-Off Date (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK); hrg 12/01/09 2:30 5D

01/06/10 - Trustee issues Check No. 1003 in the amount of $218.73 to International Sureties in payment of Annual Bond Premium

02/09/10 - Trustee's Counsel files Joint Status Report

02/09/10 - Joint Status Report due (Naylor v. Corporate Personnel, Adv. No. 09-ap-01266-RK)

02/17/10 - Order entered on Order Approving Stipulation to Continue Mediation, Extend Discovery Cut-Off and Appoint Neutral Expert (Naylor v. Corporate Personnel, Adv. No. 09-ap-01266-RK)

02/23/10 - Status Conference cont'd 1:30, Joint Status Report due 02/09/10 (Naylor v. Corporate Personnel, Adv. No. 09-ap-01266-RK); cont'd to 05/18/10 1:30 5D

02/23/10 - Trustee's Counsel files Notice of Continued Status Conference (Naylor v. Corporate Personnel, Adv. No. 09-ap-01266-RK)--cont'd to 05/18/10 1:30 5D

02/25/10 - Order entered on Order re Approving Stipulation Between Chapter 7 Trustee and Internal Revenue Service to Further Extend Deadline for Estate to File Objection to IRS Claim--Ordered: Deadline extended to 02/05/10

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit 8

| | | | |
|---|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

02/25/10 - Order entered on Order re Approving Stipulation Between Chapter 7 Trustee and Internal Revenue Service to Further Extend Deadline for Estate to File Objection to IRS Claim--Ordered: Deadline extended to 05/05/10

04/06/10 - Order entered on Order Approving Stipulation Resolving Discovery Disputes re Production of Documents, Scheduling of Depositions and Extending Discovery Cut-Off Date (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

04/06/10 - Order entered on Order Approving Stipulation Granting Motion for Leave to File First Amended Counterclaim (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

04/26/10 - Trustee served with Plaintiffs' Answer to Counter-claimant's First Amended Counter-Claim (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

04/30/10 - Trustee's Counsel files Joint Status Report (Naylor v. Corporate Personnel, Adv. No. 09-ap-01266-RK)

05/14/10 - Order entered on Order Approving Stipulation Between Chapter 7 Trustee and Internal Revenue Service to Further Extend Deadline for Estate to File Objection to IRS Claim--Ordered: Deadline extended from 05/05/10 to 09/30/10

05/25/10 - Status Conference cont'd 1:30 (Naylor v. Corporate Personnel, Adv. No. 09-ap-01266-RK)

06/02/10 - Order entered on Order Approving Stipulation to Extend Discovery Cut-Off Date and to Continue Pretrial Conference--Ordered: Discovery cut-off extended 45 days up to 05/20/10, Pretrial Conference continued to 09/21/10 at 2:00 p.m. (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

06/03/10 - Order entered on Status Conference and Scheduling Order--Continued Status Conferece

06/29/10 1:30 (Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK)

06/15/10 - Order entered on Protective Order (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

06/21/10 - Trustee's Counsel files Unilateral Status Report (Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK)

07/16/10 - Trustee's Counsel files Notice of Continued Status Conference (Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK); cont'd to 09/21/10 1:30 5D

07/19/10 - Order entered on Order Approving Stipulation to Set Briefing Schedule, Continue Hearing Dates for Both Joint Motions for Summary Adjudication and Pretrial Conference (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK); Ordered: Plaintiff's opposition due before 07/27/10, Reply briefs due before 08/20/10, Hearing on motion continued from 08/27/10 to 09/14/10 3:00 p.m., and Pretrial Conference continued from 09/21/10 to 11/16/10 2:00 p.m.

07/27/10 - Email to Trustee's Counsel requesting status of settlement with Preferred and payment thereon

07/27/10 - Trustee served with Plaintiff's (1) Opposition to Joint Motion for Summary Adjudication re Interpretation of Settlement Agreement Filed by the Trustee and Robert J. Anderson, Jr. and (2) Notice of Cross-Motioni and Cross-Motion for Summary Adjudication re Interpretation of Settlement Agreement (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

08/17/10 - Scheduling Order--Status Conference continued to 09/21/10 1:30 p.m., Joint status report due 09/07/10 (Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK)

08/18/10 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

08/19/10 - Order entered on Order Approving Stipulation to Continue Status Conference (Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK)

08/30/10 - Order entered on Order Approving Stipulation to Vacate Pretrial Conference and Set Status Conference re Settlement; Status Conference set for 10/26/10 2:00 (Naylor v. Corporate Personnel, Adv. No. 8:09-ap-01266-RK)

FORM 2

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   45

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

Trustee Name:   KAREN SUE NAYLOR

Date Filed (f) or Converted (c):   11/16/07 (c)

341(a) Meeting Date:   01/09/08

Claims Bar Date:   04/08/08

09/10/10 - Order entered on Order Approving Stipulation to Vacate Discovery Cut-Off Pending Court Approval of Insider Settlement and Continuation of Status Conference (Naylor v. Cherie M. Fretto, Kevin Flynn, and Teresa Heinrich, Adv. No. 09-ap-01270-RK)

09/22/10 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

09/30/10 - Trustee's Counsel files Stipulation Between Chapter 7 Trustee and Internal Revenue Service to Further Extend Deadline for Estate to File Objection to IRS Claim

10/18/10 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

10/18/10 - Order entered on Order Approving Stipulation to Continue: (1) Briefing Schedule; (2) Hearing on Joint Motions for Summary Adjudication; and (3) Pretrial Conference--Ordered: Stipulation is approved, parties shall file Joint Stipulated Facts on 11/09/10, hearing on the motion continued from 10/19/10 to 11/23/10 3:30 p.m., pretrial conference continued from 11/16/10 to 01/25/11 2:00 p.m. (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

10/21/10 - Trustee's Counsel files Unilateral Status Report (Naylor v. Corporate Personnel, Adv. No. 8:09-ap-01266-RK)

10/27/10 - Trustee issues Check No. 1004 in the amount of $46.63 to International Sureties in payment of Bond increase premium

10/28/10 - Order entered on Order re Approving Stipulation Between Chapter 7 Trustee and Internal Revenue Service to Further Extend Deadline for Estate to File Objection to IRS Claim--Ordered: Deadline extended from 09/30/10 through 02/28/11

11/05/10 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

11/09/10 - Trustee's Counsel files Unilateral Status Report (Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 8:09-ap-01269-RK)

12/08/10 - Trustee's Counsel files Joint Status Report (Naylor v. Corporate Personnel, Adv. No. 8:09-ap-01266-RK)

12/15/10 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

01/10/11 - Trustee served with Court's Notice of Continued Hearing Pre-Trial Conference from 01/25/11 to 02/08/11 2:00 p.m. (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

01/11/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

01/19/11 - Trustee served with Notice that Clerk has Entered Default Against Defendants Under Local Bankruptcy Rule 7055-1(a) (Naylor v. Robert J. Anderson, et al., Adv. No. 09-ap-01271-RK)

01/20/11 - Order entered on Order Granting Joint Motion for Summary Adjudication re Settlement Agreement (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

01/21/11 - Trustee's Counsel serves Notice of Continued Status Conference (Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK)

01/25/11 - Trustee's Counsel serves Notice of Continued Status Conference (Naylor v. Corporate Personnel Network Inc., Adv. No. 8:09-ap-01266-RK)

01/26/11 - Trustee's Counsel serves Joint Status Report (Naylor v. Corporate Personnel Network Inc., Adv. No. 8:09-ap-01266-RK)

02/07/11 - Order entered on Order Approving Stipulation to Continue Pretrial Conference (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK); 02/08/11 cont'd to 03/08/11 2:00

02/08/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

02/09/11 - Trustee's Counsel files Unilateral Status Report (Nayor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK)

02/14/11 - Email of Don re analysis of financial condition of Select and analysis re settlement

03/01/11 - Stipulation Between Chapter 7 Trustee and Internal Revenue Service to Further Extend

FORM 2

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | | |
|---|---|---|---|
| Case No: | 12-16115 RK Judge: ROBERT N. KWAN | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

Deadline for Estate to File Objection to IRS Claim - extending to 04/29/11

03/02/11 - Stipulation to Continue Pre-trial Conference in Select Adversary from March 8, 2011 to March 22, 2011

03/17/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

03/24/11 - Order entered on Order Approving Stipulation to Set Aside Entry of Default Against Teresa Heinrich (Naylor v. Cherie M. Fretto, Kevin Flynn, and Teresa Heinrich, Adv. No. 09-ap-01270-RK)

04/01/11 - Trustee's Counsel files Unilateral Status Report (Nayor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK)

04/07/11 - Trustee's Counsel files Joint Status Report (Naylor v. Corporate Personnel Network Inc., Adv. No. 8:09-ap-01266-RK)

04/13/11 - Order entered on Order Approving Stipulation to Continue Status Conference (Naylor v. Corporate Personnel Network Inc., Adv. No. 8:09-ap-01266-RK); cont'd to 06/14/11

04/15/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

04/15/11 - Order entered on Order Approving Stipulation Between Chapter 7 Trustee and Internal Revenue Service to Further Extend Dealine for Estate to File Objection to IRS Claim--Ordered: Deadline extended from February 28, 2011 to April 29, 2011

04/29/11 - Trustee's Counsel files Omnibus Objection to Claims Filed by United States Internal Revenue Service; hrg 07/12/11 2:30 5D

05/04/11 - Order entered on Joint Pretrial Order (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

05/13/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

05/17/11 - Entered Scheduling Order in Select Adv. -- Trial set for  August 25-26 and September 1-2, 2011

05/31/11 - Trustee's Counsel files Joint Status Report (Naylor v. Corporate Personnel Network Inc., Adv. No. 8:09-ap-01266-RK)

06/10/11 - Trustee's Counsel files Notice of Motion and Motion: (1) To Strike the Answer of Alias Confidential Investigations, LLC; and (2) For Entry of Default Judgment Against Defendant Alias Confidential Investigations, LLC

06/10/11 - Trustee's Counsel files Unilateral Status Report Local Bankruptcy Rule 7016-1(a)(3) (Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK)

06/14/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

06/15/11 - Trustee's Counsel files Disclosure of Expert Witness Information by Defendants, Karen S. Naylor, Chapter 7 Trustee, and Robert J. Anderson; Trial date 08/25/11 9:00 5D

06/17/11 - Trustee's Counsel files Notice of Continued Status Conference (Naylor v. Alias Confidential Investigations, LLC and Anthony Gubler, Adv. No. 09-ap-01269-RK); cont'd to 10/04/11 1:30

06/24/11 - Trustee served with United States of America's Opposition to the Trustee's Objection to Claims Filed by United States Internal Revenue Service

06/29/11 - Trustee's Counsel serves Notice of, and Stipulation Between Chapter 7 Trustee and IRS to Continue Hearing on Omnibus Objection to Claims Filed by United States Internal Revenue Service; cont'd to 08/23/11 2:30 5D

06/30/11 - Order entered on Order Approving Stipulation Between Chapter 7 Trustee and IRS to Continue Hearing on Omnibus Objection to Claims Filed by United States Internal Revenue Service--Ordered: Hearing cont'd to 08/23/11 2:30 5D

07/08/11 - Trustee served with Defendant Alias Confidential Investigations, LLC, Answer to Complaint; and Notice of Opposition (Naylor v. Alias Confidential Investigations, LLC, et al., Adv. No. 09-ap-01269-RK)

**FORM 2**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

**Exhibit 8**

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

07/12/11 - Hearing 2:30 on Omnibus Objection; cont'd to 08/23/11 2:30 5D

07/14/11 - Email from Trustee to Counsel re request for status

07/15/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

07/22/11 - Email from Trustee to Counsel re second request for status

08/01/11 - Email from Trustee to Counsel re issues with draft of settlement agreement

08/01/11 - Trustee's Counsel serves Stipulation Between Chapter 7 Trustee and IRS to Continue Hearing on Omnibus Objection to Claims Filed by United States Internal Revenue Service; hrg 08/23/11 2:30 5D

08/02/11 - Email from Trustee's Counsel re Select's threats to disqualify her Counsel

08/02/11 - Trustee receives letter dated 07/25/11 from Office of the Special Deputy Receiver of State of Illinois re RCA proof of claim; Trustee forwards letter to her Counsel for review and reply

08/09/11 - Order entered on Order Approving Stipulation Between Chapter 7 Trustee and IRS to Continue Hearing on Trustee's Omnibus Objection to Claims Filed by IRS--Ordered: Hearing continued to 10/25/11

08/11/11 - Trustee's Counsel files Trustee's and Robert J. Anderson, Jr.'s Opposition to Plaintiffs' and Counterdefendants' Motion in Limine No. 1, No. 2, No. 3

08/12/11 - Letter responding to 07/25/11 letter from Trustee to Cheryl L. Topham-Coffee, Office of the Special Deputy Receiver, re claim info and case status

08/15/11 - Trustee served with Objections to the Declaration and Trial Testimony of Robert J. Anderson, Jr. (Real Time Staffing v. Coastal-CA, Adv. No. 8:07-ap-01105-RK)

08/16/11 - Trustee's Counsel files Notice of Hearing on Motion: (1) To Strike the Answer of Alias Confidential Investigations, LLC; and (2) For Entry of Default Judgment Against Defendant Alias Confidential Investigations, LLC (Naylor v. Alias Confidential Investigations, LLC, et al., Adv. No. 09-ap-01269-RK); hrg 09/20/11 2:30 5D

08/16/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

08/23/11 - Hearing 2:30 on Omnibus Objection; cont'd to 10/25/11 2:30

08/25/11 - Trial 9:00 a.m. 5D

08/25/11 - Trustee receives and deposits one (1) check in the amount of $375,000.00 from Select Staffing as proceeds from settlement

09/09/11 - Trustee's Counsel files Notice of Motion and Motion for Order Approving Sale of Estate's Claims in Adversary Naylor v. Real Time Staffing Inc, Koosharem Corporation, New Staff Inc, KT Inc, Pay Services Inc, PBT Inc, and D. Stephen Sorensen vs. Coastal Employers Inc., and Robert J. Anderson, (Adv. No. 8:07-ap-01105-RK); hrg 10/04/11 2:30 5D

09/11/11 - Email from Trustee to her Counsel re communication issues

09/12/11 - Trustee receives and deposits one (1) check in the amount of $562,500.00 from Select Staffing as proceeds from settlement

09/13/11 - Trustee's Counsel files Motion for Order Approving Sale of Claims in Adversary Naylor v. Real Time Staffing Inc., Koosharem Corporation, New Staff Inc., KT Inc., Pay Services Inc., PBT Inc., and D. Stephen Sorensen (Adv. No. 8:07-ap-01105-RK); hrg 10/04/11 2:30 5D

09/15/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

09/20/11 - Trustee served with Notice of Joinder of Claimant Douglas R. Holmes to Opposition of Claimant and Cross-Defendant, Robert J. Anserson, Jr.; hrg 10/04/11 3:00 5D

09/20/11 - Hearing 2:30 on Motion to Strike (Naylor v. Alias Confidential Investigations, LLC, et al., Adv. No. 09-ap-01269-RK)

09/27/11 - Trustee receives and deposits one (1) check in the amount of $562,500.00 from Select Staffing as proceeds from settlement

09/27/11 - Trustee's Counsel files Trustee's Response to Anderson's Objections to Declarations of Karen S. Naylor and D. Stephen Sorensen; hrg 10/04/11 3:00 5D

FORM 67
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

**Exhibit 8**

| | | |
|---|---|---|
| Case No: | 12-16115     RK   Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):   11/16/07 (c) |
| | | 341(a) Meeting Date:   01/09/08 |
| | | Claims Bar Date:   04/08/08 |

09/27/11 - Trustee's Counsel files Trustee's Reply to Opposition to Chapter 7 Trustee's Motion for Order Approving Sale of Claims in Adversary Naylor v. Real Time Staffing, Inc. et al. Adv. No. 8:07-ap-01105-RK; hrg 10/04/11 3:00 5D

09/27/11 - Trustee's Counsel files Trustee's Reply Brief re Motion to Strike Answer and Enter Default (Naylor v. Alias Confidential Investigations, LLC, et al., Adv. No. 09-ap-01269-RK); hrg 10/04/11 3:00 5D

09/27/11 - Trustee served with Anderson's Reply to Select's and Sorensen's Opposition to Motion for Judgment (Adv. No. 8:07-ap-01105-RK); hrg 10/04/11 2:30 5D

09/29/11 - Trustee served with Debtors' Joinder to Robert J. Anderson, Jr's Opposition to Trustee's Motion for Order Approving Sale; hrg 10/04/11 3:00 5D

09/30/11 - Trustee's Counsel files Declaration of Donald T. Fife in Support of Trustee's Motion for Order Approving Sale of Claim in Adversary (Adv. No. 8:07-ap-01105-RK)

10/04/11 - Hearing 2:30 on Trustee's sale of claims motion--Hearing held and continued to 10/11/11 11:00

10/05/11 - Trustee served with Robert J. Anderson, Jr.'s Brief re 11 USC Section 107(B) as Requested by the Court and in Further Opposition to Trustee's Motion for Order Approving Sale of Estate's Claims in Adversary Naylor v. Real Time Staffing, et al.; hrg 10/11/11 11:00 5D

10/06/11 - Trustee served with Plaintiffs' and Counter-Defendants' Brief re Court's in Camera Inspection of Their Financial Records in Support of Trustee's Motin for an Order Approving Sale of the Estate's Claim

10/07/11 - Trustee served with United States of America's Opposition to the Trustee's Objection to Claims Filed by US Internal Revenue Service; hrg 10/25/11 2:30

10/07/11 - Trustee served with Robert J. Anderson, Jr's Reply to Trustee's, Select's and Sorensen's Pleadings re 11 USC Section 107(B); hrg 10/11/11 11:00 5D

10/11/11 - Continued hearing 11:00 on Trustee's sale of claims motion

10/12/11 - Trustee's Counsel files Notice of Continued Status Conference (Naylor v. Corporate Personnel Network, Adv. No. 8:09-ap-01266-RK) and (Naylor v. Alias Confidential, Adv. No. 8:09-ap-01269-RK; cont'd to 11/01/11 1:30 5D

10/13/11 - Trustee served with Select Entities' Objections to the Compendium of Exhibits Filed by Robert J. Anderson (Adv. No. 8:07-ap-01105-RK)

10/13/11 - Order entered on Order of the Court--Ordered: Motion to enter default denied (Naylor v. Alias Confidential, Adv. No. 8:09-ap-01269-RK)

10/14/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

10/14/11 - Trustee's Counsel files Notice of, and Application by Chapter 7 Trustee to Employ Special Tax Counsel [Barry A. Furman of Kaplin Stewart Meloff Reiter & Stein, P.C.]

10/14/11 - Trustee served with Objections to the Declaration of Donald T. Fife in Connection with the Trustee's Motion to Approve Sale/Compromise of Claims

10/20/11 - Trustee's Counsel files Stipulation Between Chapter 7 Trustee and IRS to Continue Hearing on Trustee's Omnibus Objection to Claims Filed by US IRS

10/20/11 - Trustee's Counsel files Notice of (1) Receipt of Non-Conforming Overbid and Summary of Terms of Offer; and (2) Continued Hearing re Motion for Sale of Estate's Claims in Adversary; cont'd 11/02/11 1:30 5D

10/21/11 - Trustee served with Robert J. Anderson Jr.'s Response to the Trustee's Notice of Receipt of Non-Conforming Overbid

10/24/11 - Order entered on Order Approving Stipulation Between Chapter 7 Trustee and IRS to Continue Hearing on Trustee's Omnibus Objection to Claims Filed by IRS; cont'd to 11/29/11 2:30

10/25/11 - Hearing 2:30 on Omnibus Objection to the IRS' Tax Claims; cont'd to 11/29/11 2:30

10/25/11 - Trustee receives email confirmation from Bank of America re bank fees waived on non-estate funds in Accounts ***3097 and ***3110

10/25/11 - Trustee's Counsel files Joint Status Reports (Naylor v. Corporate Personnel Network, Adv.

FORM **INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 49

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115   RK   Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):   11/16/07 (c) |
| | | 341(a) Meeting Date:   01/09/08 |
| | | Claims Bar Date:   04/08/08 |

No. 8:09-ap-01266-RK) and (Naylor v. Alias Confidential, Adv. No. 8:09-ap-01269-RK)

11/01/11 - Trustee's Counsel files Supplemental Declaration of D. Edward Hays re Motion for Order Approving Sale of Estate's Claims in Adversary

11/01/11 - Continued hearing 1:30 on status conference (Naylor v. Corporate Personnel Network, Adv. No. 8:09-ap-01266-RK) and (Naylor v. Alias Confidential, Adv. No. 8:09-ap-01269-RK)

11/02/11 - Continued hearing 1:30 on motion for sale of estate's claims in adversary

11/04/11 - Trustee served with Declaration of John W. Hurney in Support of the Trustee's Motion for Order Approving Sale of Claims; Objections to the Declaration of D. Stephen Sorensen; Debtors' Joinder to Robert J. Anderson, Jr.'s Objections; Response to Anderson's Objections to the Declaration of D. Stephen Sorensen (Naylor v. Corporate Personnel Network, Adv. No. 8:09-ap-01266-RK)

11/07/11 - Trustee served with Response to Robert J. Anderson's Briefs in Support of Authentication of the Proxy Statement

11/07/11 - Trustee's Counsel files Evidentiary Objections to the Declaration of Robert J. Anderson, Jr's Response to the Trustee's Notice of Receipt of Non-Conforming Overbid; Notice of Joinder and Joinder of Karen S. Naylor in Her Capacity as Chapter 7 Trustee to the Select Entities' Objections to the Compendium of Exhibits and Joinder in Select's Response to Authentication; Trustee's Request for Detailed Ruling on Motion for Order Approving Sale of Claims; Response to Anderson's Objections to the Declaration of Donald Fife in Support of the Trustee's Motion for Order Approving the Sale of Claims; Declaration of D. Edward Hays in Support of Request for Detailed Ruling on Trustee's Motion for Order Approving Sale of Claims; Objections to the Declaration of John W. Hurney and all Declarations Filed Past September 9, 2011

11/08/11 - Trustee served with Objections to the Declarations of D. Edward Hays and Listing of Objections Interposed to Declarations Submitted by the Trustee, Select and Sorensen

11/10/11 - Trustee served with Robert J. Anderson's Responses and Objections to Various Pleadings; and Declaration of Robert J. Anderson, Jr. re Inaccuracy of Filed Creditor Claims

11/17/11 - Order entered on Scheduling Order--Status Conference cont'd 04/17/12 1:30; Joint Status due 04/03/12; Discovery Cut-off 03/31/12 (Naylor v. Alias Confidential, Adv. No. 8:09-ap-01269-RK)

11/18/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

11/18/11 - Trustee's Counsel files Joint Status Reports (Naylor v. Corporate Personnel Network, Adv. No. 8:09-ap-01266-RK)

11/22/11 - Continued Hearing 3:00 on Trustee's sale motion

11/28/11 - Order entered on Order Approving Stipulation Between Chapter 7 Trustee and IRS to Continue Hearing on Trustee's Omnibus Objection to Claims Filed by IRS; cont'd to 01/24/12 2:30 5D

11/29/11 - Hearing 2:30 on Omnibus Objection to the IRS' Tax Claims

11/30/11 - Order entered on Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel

12/06/11 - Trustee served with Notice of Motion and Motion of Defendant Cherie Fretto to Extend Discovery Cutoff or in the Alternative to Have Proceedings Coincide with Proceedings in Actions Brought by Trustee Against Insiders; hrg 01/10/12 2:30 5D

12/06/11 - Trustee served with Robert J. Anderson, Jr.'s Objections and Response to Select's and Sorensen's Request for Judicial Notice re SCIF's Motion to Amend the Judgment

12/07/11 - Trustee served with Withdrawal of Motion and Motion of Defendant Cherie Fretto

12/12/11 - Order Denying Application for Order Setting Hearing on Shortened Notice [re Motion to Extend Discovery Cutoff] (Naylor v. Fretto, Adv. No. 8:09-ap-01270-RK)

12/14/11 - Trustee's Special Tax Counsel files Application of Non-Resident Attorney to Appear in a Specific Case

12/15/11 - Trustee's Counsel files Chapter 7 Trustee's Amended Omnibus Objection to Claim 2-1 Filed by IRS; hrg 01/24/12 2:30 5D

12/21/11 - Order entered on Order on Application of Non-Resident Attorney to Appear in a Specific

**FORM 2**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

**Exhibit 8**

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

Case [Barry Furman, Special Tax Counsel]

12/22/11 - Order entered on Status Conference and Scheduling Order Pursuant to LBR 7016-1(a)(4)--Joint Pre-Trial Order due 12/27/11, Pre-Trial Conference set for 01/03/12 2:00 p.m. (Naylor v. Corporate Personnel Network, Adv. No. 8:09-ap-01266-RK)

12/27/11 - Trustee receives and deposits one (1) check in the amount of $10,000.00 from Corporate Personnel Network Inc. as proceeds from settlement

12/27/11 - Trustee's Special Tax Counsel files Professional Fee Statement No. 1 Month of August $2,272.50; Professional Fee Statement No. 2 Month of September $1,295.00; Professional Fee Statement No. 3 Month of October Fees $17,512.50 Expenses $425.96; Professional Fee Statement No. 4 Month of November $13,875.00 [Total to date $35,380.96]

12/28/11 - Trustee issues Check No. 1005 in the amount of $21,080.00 and Check No. 1006 in the amount of $425.96 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statements from August to October 2011, pursuant to order entered 11/30/11

01/18/12 - Order entered on Order Granting Motion to Extend Discovery Cutoff--Ordered: Extended to 08/31/12 (Naylor v. Fretto, Adv. No. 8:09-ap-01270-RK)

01/19/12 - Trustee issues Check No. 1007 in the amount of $2,931.34 to International Sureties in payment of Annual Bond Premium

01/23/12 - Trustee served with Objection to Proposed Order of the Chapter 7 Trustee Regarding the Motion for Sale of Estate's Claims in Adversary Naylor v. Real Time Staffing, Inc.

01/23/12 - Order entered on Order Approving Stipulation Between Chapter 7 Trustee and IRS to Continue Hearing on Trustee's Omnibus Objection to Claims Filed by US IRS; cont'd to 04/03/12 2:30 5D

01/25/12 - Letter from Trustee's Counsel to Judge Goldberg re settlement status

02/02/12 - Trustee's Special Tax Counsel files Professional Fee Statement No. 5 Month of December 2011 $27,444.00

02/03/12 - Trustee's Counsel files Joint Status Reports (Naylor v. Corporate Personnel Network, Adv. No. 8:09-ap-01266-RK)

02/10/12 - Trustee's Special Tax Counsel files Professional Fee Statement No. 6 Month of January 2012 $30,019.34

02/14/12 - Order entered on Order Granting Motion for Sale of Estate's Claims in Adversary Naylor v. Real Time Staffing Inc., Koosharem Corporation, New Staff Inc., KT Inc., Pay Services Inc., PBT Inc., and D. Stephen Sorensen vs. Coastal Employers Inc, and Robert J. Anderson (Adv. No. 07-ap-01105-RK)--Ordered: Motion filed as Docket No. 387 is granted

02/17/12 - Trustee served with Robert J. Anderson, Jr.'s Emergency Motion Pursuant to FRBP 8005 for Stay Pending Appeal; hrg 02/22/12 10:30

02/17/12 - Case transferred from Santa Ana Divisional Office to Los Angeles Divisional Office (New Case Number Assigned: 2:12-bk-16115-RK; Previous Case Number 8:07-bk-10992-RK)

02/17/12 - Adversary Case transferred from Santa Ana Divisional Office to Los Angeles Divisional Office (New Case Number Assigned: 2:12-ap-01310-RK; Previous Case Number 8:07-ap-01105-RK)

02/17/12 - Adversary Case transferred from Santa Ana Divisional Office to Los Angeles Divisional Office (New Case Number Assigned: 2:12-ap-01311-RK; Previous Case Number 8:09-ap-01266-RK)

02/17/12 - Adversary Case transferred from Santa Ana Divisional Office to Los Angeles Divisional Office (New Case Number Assigned: 2:12-ap-01312-RK; Previous Case Number 8:09-ap-01269-RK)

02/17/12 - Adversary Case transferred from Santa Ana Divisional Office to Los Angeles Divisional Office (New Case Number Assigned: 2:12-ap-01313-RK; Previous Case Number 8:09-ap-01270-RK)

02/17/12 - Adversary Case transferred from Santa Ana Divisional Office to Los Angeles Divisional Office (New Case Number Assigned: 2:12-ap-01314-RK; Previous Case Number 8:09-ap-01271-RK)

02/21/12 - Trustee's Counsel files Trustee's Opposition to Anderson's and Debtor's Emergency Motion for Stay Pending Appeal; hrg 02/22/12 10:30

02/24/12 - Order entered on Order of Abstention and Remand to State Court of the Adversary Real Time Staffing Inc., Koosharem Corporation, New Staff Inc., KT Inc., Pay Services Inc., PBT Inc., and D.

FORM
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

**Exhibit 8**

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

Stephen Sorensen vs. Coastal Employers Inc, and Robert J. Anderson (Adv. No. 07-ap-01105-RK) as to the Portion of the Adversary Pertaining to Robert J. Anderson

02/24/12 - Order entered on Amended-Order Granting Motion for Sale of Estate Claims in Adversary Real Time Staffing Inc., Koosharem Corporation, New Staff Inc., KT Inc., Pay Services Inc., PBT Inc., and D. Stephen Sorensen vs. Coastal Employers Inc, and Robert J. Anderson (Adv. No. 07-ap-01105-RK)

03/01/12 - Trustee served with Notice of Referral of Appeal

03/02/12 - Trustee served with Notice Regarding Appeal from Bankruptcy Court (2:12-bk-16115, District Court Case No. CV12-1787-JHN)

03/09/12 - Trustee served with Notice of Appeal; and Robert J. Anderson, Jr.'s Notice of Election to Have Appeal Heard by the District Court Under 28 USC Section 158(C)(1)

03/13/12 - Trustee served with Notice of Substitution

03/14/12 - Order entered on Order Granting Stipulation for Dismissal of Counter-Claims Made by Coastal Employers, Inc. in Adversary Proceedings No. 2:12-ap-01310-RK

03/16/12 - Trustee's Special Tax Counsel files Professional Fee Statement No. 7 Month of February 2012 $31,459.34

03/19/12 - Order entered on Order Approving Stipulation Between Chapter 7 Trustee and IRS to Modify Briefing Schedule for Trustee's Omnibus Objection to Claims Filed by US IRS; hrg 04/03/12 2:30 5D

03/20/12 - Trustee issues Check No. 1008 in the amount of $29,280.00 and Check No. 1009 in the amount of $739.34 to Kaplin Stewart Reiter & Stein PC in payment of Professional Fee Statements from November 2011 to January 2012, pursuant to order entered 11/30/11

03/20/12 - Trustee served with Opposition of the USA to the Chapter 7 Trustee's Amended Omnibus Objection to Claim 2-1 Filed by the USA in Coastal California Bankruptcy; hrg 04/03/12 2:30

03/26/12 - Trustee's Counsel files Joint Status Report (Naylor v. Corporate Personnel, Adv. No. 8:12-ap-01311-RK)

03/27/12 - Continued Status Conference (Naylor v. Corporate Personnel, Adv. No. 8:12-ap-01311-RK)

03/27/12 - Trustee served with OSC Why Sanctions Should Not be Imposed Against Counsel for Filing a Late Status Report and Failure to Appear at Status Conference; hrg 04/17/12 1:30

03/27/12 - Trustee's Counsel files Chapter 7 Trustee's Reply Brief in Support of Amended Omnibus Objection to Claim 2-1 [1-2] File by US IRS in Coastal California Bankruptcy; hrg 04/03/12 2:30

03/28/12 - Trustee issues Check No. 1010 in the amount of $1,440.00 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from February 2012, pursuant to order entered 11/30/11

03/29/12 - Scheduling Order (Naylor v. Corporate Personnel, Adv. No. 8:12-ap-01311-RK)

04/06/12 - Trustee's Counsel files Response to OSC re Failure to Attend Status Conference on March 27, 2012

04/09/12 - Trustee's Special Tax Counsel files Professional Fee Statement No. 8 Month of March 2012 $13,861.25

04/10/12 - Trustee's Counsel files Joinder by Appellee Karen S. Naylor in Motion to Dismiss Appeal (CV12-1787-JHN); hrg 04/23/12 2:00 Courtroom 790

04/11/12 - Trustee's Counsel files Designation of Record on Appeal Filed by Appellee and Chapter 7 Trustee, Karen S. Naylor

04/16/12 - Order entered on Order Discharging Order to Show Cause

04/18/12 - BofA Account No. 4429339280 DDA closed and new account established with Capital One via Check No. 1011

04/18/12 - BofA Account No. 4437873097 Segregated for CPN ($170,000.00) closed and new account established with Capital One via Check No. 101

04/18/12 - BofA Account No. 4437873110 Segregated for SELECT ($1,500,000.00) closed and new account established with Capital One via Check No. 101

04/24/12 - Trustee issues Check No. 2001 in the amount of $13,840.00 and Check No. 2002 in the amount of $21.25 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | | |
|---|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

from March 2012, pursuant to order entered 11/30/11

05/04/12 - Trustee's Special Tax Counsel files Professional Fee Statement No. 9 Month of April 2012 $18,294.39

05/15/12 - Trustee issues Check No. 2003 in the amount of $17,537.50 and Check No. 2004 in the amount of $756.89 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from April 2012, pursuant to order entered 11/30/11

06/05/12 - Trustee's Special Tax Counsel files Professional Fee Statement No. 10 Month of May 2012 $5,160.00

06/07/12 - Judgment entered on Judgment Pursuant to Stipulation for Entry of Judgment [Doc 71] in the amount of $4,131,562.54.  While the settlement was pending, prior to default, the Trustee had been collecting under the terms of the agreed upon payment schedule and pursuant to the 06/07/12 Order, the Trustee was authorized to retain the funds collected (Naylor v. Corporate Personnel, Adv. No. 8:12-ap-01311-RK)

06/14/12 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

06/18/12 - Trustee issues Check No. 2005 in the amount of $5,160.00 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from May 2012, pursuant to order entered 11/30/11

06/20/12 - Trustee's Counsel files Notice of Ruling re Objection to IRS Claim; and Notice of Ruling re Amended Objection to IRS Claim

06/28/12 - Trustee's Counsel files Abstract of Judgment against FS Temporary Personnel Inc. dba Future Staffing, and Preferred Employment Inc., Corporate Personnel Network dba Preferred Personnel of California for $2,491,873.85 principal, $1,544,688.69 interest, $95,000.00 attorney's fees/costs

07/05/12 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

07/17/12 - Trustee's Counsel files Amended Stipulation to Modify Briefing and Hearing Schedule for Trustee's Amended Objection to Claim by IRS; old date 08/08/12 2:30; new date 09/25/12 2:30

07/18/12 - Orders entered on Order Approving Amended Stipulation to Modify Briefing and Hearing Schedule for Trustee's Amended Objection to Claim by IRS; hrg 09/25/12 2:30 Room 1675

07/19/12 - Trustee's Special Tax Counsel files Professional Fee Statement No. 11 Month of June 2012 $1,320.00

07/20/12 - Trustee's Counsel serves Motion for Order Approving Compromise of Adversary (Naylor v. Alias Confidential, Adv. No. 2:12-01312-RK)

07/31/12 - Trustee issues Check No. 2006 in the amount of $1,320.00 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from June 2012, pursuant to order entered 11/30/11

08/06/12 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

08/07/12 - Trustee's Counsel files Chapter 7 Trustee's Supplemental Brief re Motion for Order Disallowing Claim 2-1 (as Amended) Filed by United States IRS in Coastal California Bankruptcy; hrg 09/25/12 2:30

08/08/12 - Trustee's Special Tax Counsel files Professional Fee Statement No. 12 Month of July 2012 $4,520.00

08/20/12 - Trustee issues Check No. 2007 in the amount of $4,520.00 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from July 2012, pursuant to order entered 11/30/11

08/29/12 - Order entered on Order Approving Second Stipulation to Modify Briefing and Hearing Schedule for Trustee's Amended Objection to Claim of IRS; old date 09/25/12 2:30; new date 12/04/12 1:30

09/04/12 - Trustee's Counsel files Notice of Continued Status Conference (Naylor v. Alias Confidential, Adv. No. 2:12-01312-RK); from 09/04/12 to 11/06/12 1:30

**FORM 2**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

09/06/12 - Order entered on Order Granting Ex Parte Application for Order Authorizing Examination of Judgment Debtor FS Temporary Personnel, Inc. dba Future Staffing, Per California CCP Section 708.110 (Naylor v. Corporate Personnel, Adv. No. 8:12-ap-01311-RK); Production 10/08/12 10:00; Exam 10/22/12 10:00

09/06/12 - Order entered on Order Granting Ex Parte Application for Order Authorizing Examination of Judgment Debtor Corporate Personnel Network, Inc. dba Preferred Personnel of California, Per California CCP Section 708.110 (Naylor v. Corporate Personnel, Adv. No. 8:12-ap-01311-RK); Production 10/08/12 10:00; Exam 10/15/12 10:00

09/06/12 - Order entered on Order Granting Ex Parte Application for Order Authorizing Examination of Judgment Debtor Preferred Employment, Inc., Per California CCP Section 708.110 (Naylor v. Corporate Personnel, Adv. No. 8:12-ap-01311-RK); Production 10/08/12 10:00; Exam 10/22/12 10:00

09/07/12 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

09/10/12 - Order entered on Order Granting Motion for Order Approving Compromise of Adversary re Adversary Case No. 2:12-AP-01312-RK Against Alias Confidential Investigations, LLC

09/11/12 - Trustee's Special Tax Counsel files Professional Fee Statement No. 13 Month of August 2012 $7,206.30

09/14/12 - Trustee receives and deposits one (1) check in the amount of $1,000.00 from Askew Kabala & Company Inc. as proceeds from settlement

09/24/12 - Trustee issues Check No. 2008 in the amount of $7,187.50 and Check No. 2009 in the amount of $18.80 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from August 2012 No. 13, pursuant to order entered 11/30/11

10/02/12 - Trustee receives and deposits one (1) check in the amount of $1,000.00 from Askew Kabala & Company Inc. as proceeds from settlement

10/04/12 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

10/10/12 - Trustee's Special Tax Counsel files Professional Fee Statement No. 14 Month of September 2012 $1,162.46

10/16/12 - Trustee served with Objection to Order Granting Ex Parte Application for Order Authorizing Examination of Judgment Debtor Corporate Personnel Network Inc. dba Preferred Personnel of California, and Temporary Personnel, Inc. dba Future Staffing, and Preferred Employment, Inc., per California CCP Section 708.110

10/22/12 - Trustee issues Check No. 2010 in the amount of $1,160.00 and Check No. 2011 in the amount of $2.46 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from September 2012 No. 14, pursuant to order entered 11/30/11

10/23/12 - Order entered on Order Approving Stipulation to Continue Judgment Debtor Examinations--Old Date 10/22/12; New Date 11/15/12 10:00 (Naylor v. Corporate Personnel, Adv. No. 8:12-ap-01311-RK)

10/30/12 - Trustee's Counsel files Joint Status Report (Naylor v. Alias Confidential, Adv. No. 2:12-01312-RK)

11/06/12 - Trustee's Counsel files Stipulation for Dismissal of Adversary Proceeding Against Anthony Gubler Individually (Naylor v. Alias Confidential, Adv. No. 2:12-01312-RK)

11/06/12 - Trustee's Special Tax Counsel files Professional Fee Statement No. 15 Month of October 2012 $378.55

11/06/12 - Trustee receives and deposits one (1) check in the amount of $1,000.00 from Askew Kabala & Company Inc. as proceeds from settlement

11/06/12 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

11/08/12 - Order entered on Order Approving Stipulation for Dismissal of Adversary Proceeding Against Anthony Gubler, Individually

11/19/12 - Trustee issues Check No. 2012 in the amount of $360.00 and Check No. 2013 in the amount

FORM 8

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | | |
|---|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:  KAREN SUE NAYLOR | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

of $18.55 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from October 2012 No. 15, pursuant to order entered 11/30/11

11/19/12 - Order entered on Order Approving Stipulation to Continue Judgment Debtor Examinations (Naylor v. Corporate Personnel, Adv. No. 8:12-ap-01311-RK); new date 11/29/12 10:00

11/19/12 - Order entered on Order Approving Stipulation for Dismissal of Adversary Proceeding with Retention of Jurisdiction to Reopen and Enter Stipulated Judgment in Event of Default Pursuant to Settlement (Naylor v. Alias Confidential, Adv. No. 2:12-01312-RK)

11/28/12 - Order entered on Order Approving Stipulation Resolving Trustee's Amended Objection to Claim of Internal Revenue Service--Ordered: Stipulation [Doc 542] approved, the Service now agrees that Coastal CA for purposes of its bankruptcy proceeding was not a common law employer or an I.R.C. § 3401(d)(1) employer for purposes of I.R.C. §§ 3102, 3111, or 3402, accordingly, the Trustee agrees to withdraw her initial and amended objections to the IRS proof of claim filed in Coastal CA's bankruptcy case and after the Trustee withdraws her initial and amended objections, the IRS agrees to withdraw its proof of claim as amended filed in Coastal CA's bankruptcy case

11/30/12 - Trustee's Counsel files Notice of Withdrawal of Chapter 7 Trustee's Amended Omnibus Objection to Claim 2-1 Filed by IRS in Coastal California Bankruptcy [Doc No. 447]

11/30/12 - Trustee's Counsel files Motion for Order Approving Compromise of Adversary re Adversary Case No. 2:12-ap-01314-RK as Against Askew Kabala & Company Inc.

11/30/12 - Order entered on Order Granting Stipulated Protective Order (Naylor v. Anderson, 2:12-ap-1314-RK)

12/05/12 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

12/13/12 - On 12/07/12, Trustee received one (1) check in the amount of $1,000.00 from Askew Kabala & Company as proceeds from settlement, which was not deposited until 12/13/12 due to bank conversion

12/14/12 - Amended Proof of Claim filed by IRS in Coastal-CA case withdrawing Claim Nos. 2-1 and 1-2

01/04/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

01/04/13 - Trustee receives and deposits one (1) check in the amount of $1,000.00 from Askew Kabala & Company as proceeds from settlement

01/07/13 - Email from Trustee to Counsel requesting status of Askew settlement order

01/08/13 - Trustee issues Check No. 20001 in the amount of $2,673.86 to International Sureties in payment of Annual Bond Premium

01/10/13 - Fax from Constance at FTB re delinquencies; Fax emailed to Accountant for review and response; Accountant spoke with her re payments at final distribution

01/16/13 - Order entered on Order Granting Motion for Order Approving Compromise of Adversary re: Adversary Case No. 2:12-ap-01314-RK as Against Askew Kabala & Company Inc.

02/05/13 - Trustee receives and deposits one (1) check in the amount of $1,000.00 from Askew Kabala & Company as proceeds from settlement

02/05/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

02/25/13 - Mediation with Anderson parties

02/26/13 - Trustee receives and deposits one (1) check in the amount of $50,000.00 from Robert Anderson, Jr. as proceeds from settlement from lesser defendants

03/07/13 - Trustee receives and deposits one (1) check in the amount of $1,000.00 from Askew Kabala & Company as proceeds from settlement

03/08/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

03/12/13 - Trustee issues Check No. 20002 in the amount of $570.12 to International Sureties in payment of increased Bond amount

03/19/13 - Order entered on Order Approving Stipulation to Continue Status Conference (Naylor v. Anderson, 2:12-ap-1314-RK); cont'd from 03/19/13 to 06/12/13 1:30

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

**Exhibit 8**

| | |
|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Date Filed (f) or Converted (c): | 11/16/07 (c) |
| 341(a) Meeting Date: | 01/09/08 |
| Claims Bar Date: | 04/08/08 |

03/26/13 - Order entered on Order Approving Stipulation to Continue Status Conference (Naylor v. Fretto, 2:12-ap-01313-RK); cont'd from 04/09/13 to 05/28/13 1:30

03/26/13 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

04/03/13 - Trustee receives and deposits one (1) check in the amount of $1,000.00 from Askew Kabala & Company as proceeds from settlement

04/05/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

04/16/13 - Trustee receives and deposits one (1) check in the amount of $19,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

04/29/13 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

05/03/13 - Trustee receives and deposits one (1) check in the amount of $1,000.00 from Askew Kabala & Company as proceeds from settlement

05/06/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

05/21/13 - Order entered on Order Approving Stipulation to Continue Status Conference (Naylor v. Anderson, 2:12-ap-1314-RK); cont'd from 05/28/13 to 08/27/13 1:30

05/24/13 - Trustee receives and deposits one (2) checks each in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

06/04/13 - Trustee receives and deposits one (1) check in the amount of $1,000.00 from Askew Kabala & Company as proceeds from settlement

06/04/13 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

06/04/13 - Email to Trustee's Counsel requesting status of settlement re Anderson and settlement re Heinrich

06/07/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

06/12/13 - Trustee receives and deposits two (2) checks each in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

06/27/13 - Trustee's Counsel files Motion for Order Approving Compromise of Controversy re Naylor v. Fretto, Adversary Case No. 2:12-ap-01313-RK

07/03/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

07/12/13 - Trustee issues Check No. 20003 in the amount of $408.28 to International Sureties in payment of Bond increase

07/18/13 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

07/18/13 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

07/23/13 - Trustee's Counsel files Declaration of Non-Opposition re Motion for Order Approving Compromise of Controversy re Naylor v. Fretto, Adv. No. 2:12-ap-01313-RK

07/24/13 - Order entered on Order Granting Motion for Order Approving Compromise of Controversy re Naylor v. Fretto, Adv. No. 2-12-ap-01313-RK

07/26/13 - Trustee's Counsel files Motion for Order Approving Compromise of Controversy re Adversary Case No. 2:12-ap-01314-RK Only as Against Defendants Village Motors, John Dolias, and Anthony Piazza

08/01/13 - Trustee's Counsel files Motion for Order Approving Compromise of Controversy Against Anderson Parties re Adversary Case No. 2:12-ap-01314-RK

08/07/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

**FORM 2**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    56

Exhibit 8

| | | | | | |
|---|---|---|---|---|---|
| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | | | 341(a) Meeting Date: | 01/09/08 |
| | | | | Claims Bar Date: | 04/08/08 |

08/09/13 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

08/09/13 - Re Coastal Employers-CA--Trustee served with Withdrawal of Proof of Claim Filed by Orange County Treasurer-Tax Collector (Claim No. 10 dated 05/22/08 for $810.00)

08/16/13 - Order entered on Order [Doc 562] Granting Motion for Order Approving Compromise of Controversy re Adversary Case No. 2:12-ap-01314-RK Only as Against Defendants Village Motors, John Dolias, and Anthony Piazza

08/19/13 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

09/03/13 - Order entered on Order Granting Motion for Order Approving Compromise of Controversy Against Anderson Parties re Adverdary Case No. 2:12-ap-01314-RK

09/06/13 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

09/09/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

09/09/13 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

09/17/13 - Order entered dismissing Ninth Circuit Appeal re order on sale to Select for $1.5 million

10/07/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement


10/10/13 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

10/10/13 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

10/11/13 - Trustee's Counsel files Stipulation for Dismissal of Adversary Proceeding Against Village Motors, LLC ONLY (Naylor v. Anderson, et al., Adv. No. 2:12-ap-01314-RK)

10/15/13 - Order entered on Order Approving Stipulation for Dismissal of Adversary Proceeding Against Village Motors, LLC ONLY (Naylor v. Anderson, et al., Adv. No. 2:12-ap-01314-RK)

10/24/13 - Trustee's Counsel files Stipulation to Dismiss Adversary Proceeding as to Certain Defendants (Naylor v. Anderson, et al., Adv. No. 2:12-ap-01314-RK)

10/28/13 - Order entered on Order [Doc 111] Approving Stipulation to Dismiss Adversary Proceeding as to Certain Insider Defendants and Setting Further Status Conference (Naylor v. Anderson, Adv. No. 2:12-ap-01314-RK)--Ordered: Adversary dismissed with prejudice as to Robert Anderson Sr., Anderson Executive Air Inc., Gresham Insurance Brokers Limited, Gresham Marine Services Inc., Gresham North American Corp., Nexus Network LLC, RJ Anderson [London] Limited, Robert J. Anderson Inc., AMS Inc., APE Inc., Jennifer Anderson, Judith Anderson, Turboprop East, General Herkimer Corporation, and Bayview Labor; Adversary matter will remain open as to Robert J. Anderson, Jr. and Summit Park, LLC with further Status Conference set for 03/11/14 1:30

11/04/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

11/07/13 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

11/18/13 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

11/22/13 - Trustee's Counsel files Notice to Retained Professionals re Hearing on Interim Fee Applications; hrg 01/07/14 2:30 Room 1675

11/27/13 - Letter from Trustee to Annette Kos-Culkin, VP of Corporate Trust and Loan Agency, re no objection to termination of trust

12/09/13 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 57

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115 RK Judge: ROBERT N. KWAN | Trustee Name: KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): 11/16/07 (c) |
| | | 341(a) Meeting Date: 01/09/08 |
| | | Claims Bar Date: 04/08/08 |

12/09/13 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices
of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

12/11/13 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher
Walker for Teresa Heinrich as proceeds from settlement

12/17/13 - Trustee served with Goe & Forsythe, LLP's Motion for Supplemental Fees in Defending Final
Fee Award [Attorneys for Debtors 12/05/07 to 12/12/13, Fees $29,912.55, Expenses $0.00]

12/17/13 - Trustee served with First and Final Application for Allowance of Fees and Costs Filed by
Rus, Miliband & Smith, APLC [Former attorneys for Chapter 7 Trustee 11/16/07 to 11/30/13, Fees
$148,826.00, Expenses $5,394.34]

12/17/13 - Trustee's Accountant files First Interim Application of Hahn Fife & Company LLP for
Allowance of Fees [$71,042.50] & Expenses [$205.50] from December 5, 2007 Through December 14, 2013

12/17/13 - Trustee's Counsel files First Interim Application for Allowance of Fees [$895,950.00] and
Costs [$23,227.55] Filed by Marshack Hays LLP as General Counsel [for period 05/01/09 to 10/31/13]

12/17/13 - Trustee's Counsel files Notice of Hearing re First Interim Application for Allowance of
Fees and Costs Filed by: (1) Marshack Hays LLP as General Counsel; (2) Rus, Miliband & Smith, APC as
Former General Counsel; (3) Donald T. Fife as Trustee's Accountant; (4) Goe & Forsythe, LLP,
General Counsel for Debtor; hrg 01/07/14 2:30 Room 1675

12/27/13 - Trustee's Counsel files Trustee's Response to Goe & Forsythe, LLP's Motion for
Supplemental Fees in Defending Final Fee Award

12/30/13 - Trustee served with Notice of Settlement of Goe & Forsythe, LLP's Motion for Supplemental
Fees in Defending Final Fee Award

12/31/13 - Trustee's Counsel files Notice of Withdrawal re Trustee's Response to Goe & Forsythe,
LLP's Motion for Supplemental Fees

01/02/14 - Trustee's Counsel files Notice of Continuance of Hearings re Applications for Allowance
of Fees and Costs Filed by: (1) Marshack Hays LLP as General Counsel; (2) Rus, Miliband & Smith, APC
as Former General Counsel; (3) Donald T. Fife as Trustee's Accountant; and (4) Goe & Forsythe, LLP,
Former Counsel for Debtors; hrg 01/07/14 cont'd to 01/21/14 2:30

01/07/14 - Hearing 2:30 on Interim Fee Apps Room 1675; cont'd to 01/21/14 2:30

01/07/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias
Confidential Investigations as proceeds from settlement

01/08/14 - Trustee issues Check No. 20004 in the amount of $2,975.29 to International Sureties in
payment of Annual Bond Premium

01/14/14 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices
of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

01/14/14 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher
Walker for Teresa Heinrich as proceeds from settlement

01/21/14 - Hearing 2:30 on Interim Fee Apps Room 1675

01/30/14 - Order entered on Order [Doc 587] Granting Applications for Allowance of Fees and Costs
Filed by: (1) Marshack Hays LLP as General Counsel [Fees $895,950.00; Expenses $23,227.55]; (2) Rus
Miliband & Smith APC as Former General Counsel [Fees $148,826.00; Expenses $5,394.27]; (3) Donald T.
Fife as Trustee's Accountant [Fees $71,042.50; Expenses $205.50]; and (4) Goe & Forsythe LLP
General Counsel for Debtor [Fees $19,500.00; Expenses $0.00]

01/31/14 - Email to Ed and Cathrine re $0.10 discrepancy on order re Rus Miliband's expenses;
Cathrine authorized reduction of $0.10 to amount allowed in the order

02/03/14 - Trustee issues Check No. 20005 for $148,826.00 and Check No. 20006 for $5,394.27 to Rus
Miliband & Smith; Check No. 20007 for $895,950.00 and Check No. 20008 for $23,227.55 to Marshack
Hays LLP; Check No. 20009 for $71,042.50 and Check No. 20010 for $205.50 to Hahn Fife & Company LLP;
Check No. 20011 for $19,500.00 to Goe & Forsythe LLP for fees and expenses pursuant to order
entered 01/30/14 [Doc 587]

02/07/14 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices
of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

FORM 2

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    58

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Date Filed (f) or Converted (c): | 11/16/07 (c) |
| 341(a) Meeting Date: | 01/09/08 |
| Claims Bar Date: | 04/08/08 |

02/07/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

02/18/14 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

03/07/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

03/11/14 - Status Conference 1:30 (Naylor v. Anderson, Adv. No. 2:12-ap-01314-RK)

03/11/14 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

03/24/14 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

04/01/14 - Trustee's Counsel files Motion by Chapter 7 Trustee for Order Modifying Terms of Employment of Special Tax Counsel

04/04/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

04/21/14 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

04/24/14 - Order entered on Order [Doc 592] Granting Motion by Chapter 7 Trustee Modifying Terms of Employment of Special Tax Counsel

04/28/14 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

05/01/14 - Trustee's Counsel files Notice of Increased Hourly Rates for Marshack Hays LLP

05/05/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

05/13/14 - Trustee receives and deposits one (1) check in the amount of $4,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

05/30/14 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

06/02/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

06/03/14 - Order entered on Order [Doc 115] to Show Cause Why Case Should not be Dismissed (Naylor v. Anderson, Adv. No. 2:12-ap-01314-RK); hrg 06/10/14 1:30

06/06/14 - Trustee's Counsel files Stipulation to Dismiss Adversary Proceeding with Retention of Jurisdiction (Naylor v. Anderson, et al., Adv. No. 2:12-ap-01314-RK)

06/06/14 - Order entered on Order [Doc 120] Approving Stipulation to Dismiss Adversary Proceeding with Retention of Jurisdiction (Naylor v. Anderson, Adv. No. 2:12-ap-01314-RK)

06/26/14 - Email to Trustee's Counsel attaching recently filed FTB claims and requesting status of claims analysis/objections

06/30/14 - Trustee receives and deposits one (1) check in the amount of $1,400.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

07/08/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

07/08/14 - Trustee receives and deposits one (1) check in the amount of $7,000.00 [$5,000 for June and $2,000 shortfall for April and May] from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

07/18/14 - Trustee receives and deposits one (1) check in the amount of $1,200.00 from Christopher Walker for Teresa Heinrich as proceeds from settlement

07/18/14 - Trustee's Special Tax Counsel files Professional Fee Statement No. 16 Month of March 2014

08/04/14 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

08/04/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias

FORM 2

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    59

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name:    KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):    11/16/07 (c) |
| | | 341(a) Meeting Date:    01/09/08 |
| | | Claims Bar Date:    04/08/08 |

Confidential Investigations as proceeds from settlement

08/04/14 - Trustee issues Check No. 20012 in the amount of $862.50 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from March 2014 No. 16, pursuant to order entered 11/30/11 and order entered 04/24/14 [Doc 592]

08/15/14 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

09/05/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

09/09/14 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

09/19/14 - Trustee's Special Tax Counsel files Professional Fee Statement No. 17 Month of August 2014

09/21/14 - Email to Cynthia requesting status of claims analysis/objections

09/24/14 - Trustee's Special Tax Counsel files Amended Professional Fee Statement No. 17 Month of August 2014

09/30/14 - Email from Cynthia re status of claims analysis/objections

10/03/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

10/07/14 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

10/15/14 - Trustee issues Check No. 20013 in the amount of $1,162.50 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from August 2014 No. 17, pursuant to order entered 11/30/11 and order entered 04/24/14 [Doc 592]

10/31/14 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

11/04/14 - Trustee's Special Tax Counsel files Professional Fee Statement No. 18 Month of October 2014

11/07/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

11/25/14 - Trustee issues Check No. 20014 in the amount of $3,160.00 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from October 2014 No. 18, pursuant to order entered 11/30/11 and order entered 04/24/14 [Doc 592]

12/05/14 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

12/05/14 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

12/05/14 - Trustee's Special Tax Counsel files Professional Fee Statement No. 19 Month of September 2014

12/19/14 - Trustee issues Check No. 20015 in the amount of $3,450.00 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from September 2014 No. 19, pursuant to order entered 11/30/11 and order entered 04/24/14 [Doc 592]

01/09/15 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Law Offices of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

01/12/15 - Trustee's Counsel files Motion of Chapter 7 Trustee for Entry of an Order Establishing Bar Date for Filing Requests or Motions for Allowance of Administrative Expense Claims and Approving the Form and Manner of Notice of Bar Date

01/13/15 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias Confidential Investigations as proceeds from settlement

01/13/15 - Trustee issues Check No. 20016 in the amount of $1,089.30 to International Sureties in payment of Annual Bond Premium

02/09/15 - Order entered on Order [Doc 605] Establishing Bar Date for Filing Requests or Motions for

FORM 2

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   60

Exhibit 8

| | | | |
|---|---|---|---|
| Case No: | 12-16115   RK   Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

Allowance of Administrative Expense Claims and Approving the Form and Manner of Notice of Bar
Date--Ordered: Admin claim bar date from petition date to 03/06/15

02/10/15 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias
Confidential Investigations as proceeds from settlement

02/10/15 - Trustee's Counsel files Notice of Bar Date for Filing Requests or Motions for Allowance
of Administrative Expense Claims--March 6, 2015

02/27/15 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Law Offices
of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

03/06/15 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias
Confidential Investigations as proceeds from settlement

03/06/15 - Trustee served with California State Board of Equalization's Request for Allowance of
Administrative Expense Claim

03/06/15 - Admin claims bar date

03/18/15 - Trustee receives and deposits Bond refund of $418.24

03/20/15 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Law Offices
of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

04/02/15 - Order entered on Order [Doc 612] Approving California State Board of Equalization's
Request for Allowance of Administrative Expense Claim

04/10/15 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias
Confidential Investigations as proceeds from settlement

04/17/15 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Law Offices
of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

05/04/15 - Email from Trustee to Counsel requesting status of interest and default payment from
Anderson

05/05/15 - Trustee receives and deposits one (1) check in the amount of $100.00 from Alias
Confidential Investigations as proceeds from settlement

05/05/15 - Letter from Trustee to Anthony Gubler at Alias Confidential Investigations re balloon
payment of $6,400 due on or before 06/01/15

05/11/15 - Trustee issues Check No. 20017 in the amount of $192.80 to International Sureties in
payment of bond increase premium

05/13/15 - Trustee's Special Tax Counsel files Professional Fee Statement No. 20 Month of March 2015

05/18/15 - Letter from Trustee's Counsel to Christopher Walker and Robert Anderson, Jr., re payment
in full due by 05/28/15 or Anderson will be in default

05/19/15 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Law Offices
of Douglas Holmes for Robert Anderson re Summit and Anderson as proceeds from settlement

05/29/15 - Trustee issues Check No. 20018 in the amount of $360.00 to Kaplin Stewart Meloff Reiter &
Stein PC in payment of Professional Fee Statement from March 2015 No. 20, pursuant to order entered
11/30/11 and order entered 04/24/14 [Doc 592]

06/02/15 - Trustee receives, reviews, executes, and returns to Accountants for filing with the
taxing authorities the 05/01/04 to 04/30/05 tax returns

06/02/15 - Trustee receives and deposits one (1) check in the amount of $92,000.00 from Law Offices
of Douglas Holmes for Robert Anderson re Summit and Anderson as final settlement payment

06/16/15 - Annual Notice from Franchise Tax Board re Coastal Employers forward via email to Fife and
Hays

06/24/15 - Email to Trustee's Counsel requesting status of payment or settlement by Alias; Counsel
replied that Gubler confident he could get the money by July 1

06/29/15 - Trustee receives and deposits one (1) check in the amount of $5,000.00 from Alias
Confidential Investigations as final stipulated balloon payment on settlement

06/30/15 - Trustee's Counsel files Notice of Motion and Motion for Clarification of Claims; hrg
07/28/15 2:30 1675

07/23/15 - Trustee's Counsel files Notice of Motion for Order Approving Amended Compromise re Alias

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page:   61

Exhibit 8

| Case No: | 12-16115 | RK | Judge: ROBERT N. KWAN | | Trustee Name:  KAREN SUE NAYLOR |
|---|---|---|---|---|---|

Case Name:        CONSOLIDATED EMPLOYER MANAGEMENT SO

Date Filed (f) or Converted (c):     11/16/07 (c)

341(a) Meeting Date:                       01/09/08

Claims Bar Date:                             04/08/08

Confidential Investigations, LLC

07/28/15 - Hearing 2:30 on Trustee's motion for clarification of claims; cont'd to 09/15/15 3:00

07/24/15 - Order entered on Order [Doc 620] for Further Briefing and Notice on Pending Motion of Trustee for Order Clarifying Claims and Continuing Hearing on Motion; cont'd hrg 09/15/15 3:00

08/06/15 - Email from Trustee's Accountant providing letter dated 07/22/15 from IRS re the IRS will not accept the prompt determination request since it is outside the bankruptcy period

08/17/15 - Trustee's Counsel files Notice of (1) Motion for Clarification of Claims; (2) Continued Hearing on Motion for Clarification of Claims; and (3) Further Briefing Schedule; hrg 09/15/15 3:00

08/19/15 - Trustee receives, reviews, executes, and returns to Accountants for filing with the taxing authorities the estate's final tax returns

08/26/15 - Trustee's Counsel files Notice of Withdrawal of: (1) Motion for Clarification of Claims; and (2) Notice of: (1) Motion for Clarification of Claims; and (2) Continued Hearing on Motion for Clarification of Claims; and (3) Further Briefing; hrg 09/15/15 3:00 1675

08/28/15 - Trustee's Counsel files Chapter 7 Trustee's Objection to Claim No. 06; hrg 09/29/15 2:30 1675

08/28/15 - Trustee's Counsel files Chapter 7 Trustee's Objection to Claim Nos. 09 and 13; hrg 09/29/15 2:30 1675

08/28/15 - Trustee's Counsel files Chapter 7 Trustee's Objection to Claim No. 12; hrg 09/29/15 2:30 1675

08/28/15 - Trustee's Counsel files Chapter 7 Trustee's Objection to Claim Nos. 10 and 12 Filed in Case No. 2:12-16131-RK; hrg 09/29/15 2:30 1675

09/01/15 - Trustee receives, reviews, executes, and returns to Accountants for filing with the taxing authorities additional estate's final tax returns

09/02/15 - Trustee receives, reviews, executes, and returns to Accountants for filing with the taxing authorities additional estate's final tax returns

09/11/15 - Email to Ed requesting status of order on amended compromise re Alias

09/15/15 - Continued Hearing 3:00 on Trustee's motion for clarification of claims--motion withdrawn

09/15/15 - Order entered on Order [Doc 637] Granting Motion for Order Approving Amended Compromise re Alias Confidential Investigations, LLC

09/24/15 - Trustee receives, reviews, executes, and returns to Accountants for filing with the taxing authorities additional estate's final tax returns

09/29/15 - Hearing 2:30 on Trustee's objection to claims

10/13/15 - Order entered on Order [Doc 639] on Chapter 7 Trustee's Objection to Claim Nos. 09 and 13 Filed by Corporate Personnel Network, Inc.--Ordered: Trustee's objection is sustained and Claim Nos. 09 and 13 are disallowed in their entirety

10/13/15 - Order entered on Order [Doc 640] on Chapter 7 Trustee's Objection to Claim No. 06 Filed by Real Time Staffing, Inc. Koosharem Corporation, New Staff, Inc., RT, Inc., PBT, Inc., Pay Services, Inc., and D. Stephen Sorenson--Ordered: Trustee's objection is sustained and Claim No. 06 is disallowed in its entirety

10/13/15 - Order entered on Order [Doc 641] on Chapter 7 Trustee's Objection to Claim Nos. 10 and 12 Filed by AICCO, Inc. in Case No. 2:12-bk-16131-RK--Ordered: Trustee's objection to Claim No. 10 is sustained on the grounds that it was superseded by Amended Claim No. 12. Claim No. 10 is disallowed in its entirety; and Trustee's objection to the allowance of Amended Claim No. 12 as a priority claim is sustained. Amended Claim No. 12 shall be allowed only as a general unsecured claim

10/13/15 - Order entered on Order [Doc 642] on Chapter 7 Trustee's Objection to Claim No. 12 Filed by Damon Rice--Ordered: Trustee's objection to Claim No. 12 is sustained and Claim No. 12 filed by Damon Rice is disallowed in its entirety

10/21/15 - Trustee's Special Tax Counsel files Professional Fee Statement No. 21 Month of July 2015

11/04/15 - Tax Clearance Letter for 04/30/08 and 04/30/09

11/10/15 - Trustee issues Check No. 20019 in the amount of $3,560.00 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from July 2015 No. 21, pursuant to order

FORM

Page:   62

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Exhibit 8

| | | |
|---|---|---|
| Case No: | 12-16115   RK   Judge: ROBERT N. KWAN | Trustee Name:   KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c):   11/16/07 (c) |
| | | 341(a) Meeting Date:   01/09/08 |
| | | Claims Bar Date:   04/08/08 |

entered 11/30/11 and order entered 04/24/14 [Doc 592]

12/08/15 - Tax Clearance Letter for 04/2014 and 04/2015

01/18/16 - Trustee issues Check No. 20020 in the amount of $736.91 to International Sureties in payment of Annual Bond Premium

02/26/16 - Email to Trustee's Counsel and Trustee's Accountant to inquire if all tax returns have been filed and all tax claims resolved

02/26/16 - Email from Trustee's Accountant re all returns have been filed with the exception of 2015

04/18/16 - Email to Runa re stop fee flag released some time ago and asking that she confirm it's been released on her end

06/02/16 - Trustee's Special Tax Counsel files Professional Fee Statement No. 22 Month of March 2016

06/03/16 - Trustee issues Check No. 20021 in the amount of $173.90 to International Sureties in payment of Bond Increase Premium

06/10/16 - Stop fee flag placed

06/21/16 - Trustee issues Check No. 20022 in the amount of $3,240.00 to Kaplin Stewart Meloff Reiter & Stein PC in payment of Professional Fee Statement from March 2016 No. 22, pursuant to order entered 11/30/11 and order entered 04/24/14 [Doc 592]

07/18/16 - Trustee's Counsel files Motion for Order Approving Stipulation Between Chapter 7 Trustee and AIG re Relief from Stay and Withdrawal and Amendment of Creditor Claims

07/19/16 - Trustee's Counsel files Motion for Order Authorizing Trustee to Make Early Distribution to a Creditor Under FRBP 3009 to Pay Pre-Petition Wage Claim No. 14 in Full; hrg 08/09/16 2:30 Room 1675

07/22/16 - Trustee receives, reviews, executes, and returns to Accountants for filing with the taxing authorities the estate's final tax returns

08/10/16 - Order entered on Order [Doc 657] Authorizing Trustee to Make Early Distribution to a Creditor Under FRBP 3009 to Pay Pre-Petition Wage Claim No. 14 in Full

08/16/16 - Trustee issues Check No. 20023 in the amount of $1,000.00 to Tina Louise Banks in payment of Claim No. 130-14-1 pursuant to order entered 08/10/16

08/19/16 - Tax Clearance Letter dated 08/11/16 received

08/26/16 - Order entered on Order [Doc 659] Approving Stipulation Between Chapter 7 Trustee and AIG re Relief from Stay and Withdrawal and Amendment of Creditor Claims

09/06/16 - Trustee files Notice to Professionals to File Applications for Compensation and Request for Court Costs; 21-day deadline 09/27/16

09/06/16 - Trustee served with Notice of Court Costs Due [Doc 663]--Complaints $1,250.00

09/21/16 - Trustee's Counsel files Second and Final Application for Allowance of Fees [$146,163.50] and Costs [$12,937.78] Filed by Marshack Hays

09/28/16 - Trustee begins preparation of the Uniform Final Report

09/29/16 - Trustee's Accountant files Second and Final Fee Application of Hahn Fife & Company LLP for Allowance of Fees [$92,162.50] & Expenses [$2,125.40] from December 15, 2013 Through September 23, 2016

09/29/16 - Trustee serves Final Report on Office of the United States Trustee for review, comment and/or approval; 60-day deadline on 11/28/16

09/29/16 - Trustee files Chapter 7 Trustee's Notice of Submission of Final Report to U.S. Trustee [Doc 670]

11/15/16 - Call from Mr. Green re okay to get hearing date

11/15/16 - AC spoke to Mary Bakchellian at Judge Kwan's and obtained hearing date of 01/10/17 2:30 Courtroom 1675

11/16/16 - AC (with help from Roger at EPIQ) revised NFR and Order with hearing date and time and electronically submitted all Uniform Reports to Phil Green at OUST

11/16/16 - OUST approves and files Trustee's Final Report with the Court [Doc 671]

11/17/16 - Trustee files Chapter 7 Trustee's Declaration in Support of Trustee's Final Report [Doc 673]

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:    63

**Exhibit 8**

| | | | |
|---|---|---|---|
| Case No: | 12-16115    RK    Judge: ROBERT N. KWAN | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Date Filed (f) or Converted (c): | 11/16/07 (c) |
| | | 341(a) Meeting Date: | 01/09/08 |
| | | Claims Bar Date: | 04/08/08 |

11/18/16 - Notice served by BNC [Doc 677]

01/10/17 - Hearing 2:30 1675 on Trustee's Final Report (AC lodged order #3695150.doc)

01/11/17 - Order [Doc 678] on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee
Fees; and (2) Final Fees and Expenses of Trustee and Professionals

01/12/17 - Trustee issues Check Nos. 20024 through 20043 as Final Checks pursuant to Order entered
01/11/17

Initial Projected Date of Final Report (TFR): 12/31/13        Current Projected Date of Final Report (TFR): 06/30/16

FORM 2
Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | |
|---|---|
| Case No: | 12-16115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0318 Checking - Non Interest |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| C 12/13/12 | 67 | ASKEW KABALA & COMPANY, INC. | Proceeds from Settlement Check No. 4958, dated 12/01/12 | 1249-000 | 1,000.00 | | 1,000.00 |
| Ct 12/13/12 | | Trsf In From Capital One | INITIAL WIRE TRANSFER IN | 9999-000 | 206,620.50 | | 207,620.50 |
| Ct 12/17/12 | | Transfer to Acct #*******0383 | Bank Funds Transfer 12/17/12 - Transfer ASKEW funds to segregated account. | 9999-000 | | 1,000.00 | 206,620.50 |
| C 01/04/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4477, dated 12/31/12 | 1249-000 | 100.00 | | 206,720.50 |
| C 01/04/13 | 67 | ASKEW KABALA & COMPANY, INC. | Proceeds from Settlement Check No. 4975, dated 01/02/13 | 1249-000 | 1,000.00 | | 207,720.50 |
| C 01/08/13 | 020001 | INTERNATIONAL SURETIES, LTD. One Shell Square 701 Poydras Street, Suite 420 New Orleans, LA 70139 | Bond Premium Payment Payment for Blanket Bond No. 016030867 Term: 01/04/13 to 01/04/14 | 2300-000 | | 2,673.86 | 205,046.64 |
| Ct 01/16/13 | | Transfer from Acct #*******0383 | Bank Funds Transfer 01/16/13 - Transfer ASKEW funds from Segregated Account to DDA | 9999-000 | 4,000.00 | | 209,046.64 |
| C 02/05/13 | 67 | ASKEW KABALA & COMPANY, INC. | Proceeds from Settlement Check No. 4988, dated 02/01/13 | 1249-000 | 1,000.00 | | 210,046.64 |
| C 02/05/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4497, dated 02/01/13 | 1249-000 | 100.00 | | 210,146.64 |
| C 02/26/13 | 68 | VILLAGE MOTORS | Proceeds from Settlement Wire Transfer | 1249-000 | 10,000.00 | | 220,146.64 |
| C 02/26/13 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Lesser Defendants Check No. 001600287, dated 02/25/13 | 1249-000 | 50,000.00 | | 270,146.64 |
| Ct 02/27/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer 02/27/13 - Transfer VILLAGE MOTORS funds to segregated account. | 9999-000 | | 10,000.00 | 260,146.64 |
| Ct 02/28/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer 02/28/13 - Transfer ROBERT ANDERSON JR. and Lesser Defendants funds to segregated account. | 9999-000 | | 50,000.00 | 210,146.64 |

PFORM2T4

Ver: 19.06

FORM 2   Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| Case No: | 12-16115 -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | UNION BANK |
| | | | Account Number / CD #: | *******0318 Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| C  03/07/13 | 67 | ASKEW KABALA & COMPANY, INC. | Proceeds from Settlement<br>Check No. 5017, dated 03/01/13 | 1249-000 | 1,000.00 | | 211,146.64 |
| C  03/08/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check 4524, dated 03/01/13 | 1249-000 | 100.00 | | 211,246.64 |
| C  03/12/13 | 020002 | INTERNATIONAL SURETIES, LTD.<br>One Shell Square<br>701 Poydras Street, Suite 420<br>New Orleans, LA  70139 | Bond Premium Payment<br>Payment for Blanket Bond No. 016030867<br>for Increase of Bond amount from $6,750,000 to<br>$9,250,000<br>Term: 01/04/13 to 01/04/14 | 2300-000 | | 570.12 | 210,676.52 |
| C  03/26/13 | 66 | CHRISTOPHER WALKER<br>for TERESA HEINRICH | Proceeds from Settlement<br>Check No. 001509, dated 03/25/13 | 1249-000 | 1,400.00 | | 212,076.52 |
| Ct  03/28/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer<br>03/28/13 - Transfer TERESA HEINRICH funds<br>to segregated account. | 9999-000 | | 1,400.00 | 210,676.52 |
| C  04/03/13 | 67 | ASKEW KABALA & COMPANY, INC. | Proceeds from Settlement<br>Check No. 5033, dated 04/02/13 | 1249-000 | 1,000.00 | | 211,676.52 |
| C  04/05/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check No. 4547, dated 04/01/13 | 1249-000 | 100.00 | | 211,776.52 |
| C  04/16/13 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement<br>from Anderson re Summit and Anderson<br>settlement<br><br>Check No. 3021, dated 04/10/13 | 1249-000 | 19,000.00 | | 230,776.52 |
| C  04/18/13 | 66 | CHRISTOPHER WALKER<br>for TERESA HEINRICH | Proceeds from Settlement<br>Check No. 001510, dated 04/16/13 | 1249-000 | 1,400.00 | | 232,176.52 |
| Ct  04/18/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer<br>04/18/13 - Transfer ROBERT ANDERSON JR<br>and SUMMIT funds to segregated account. | 9999-000 | | 19,000.00 | 213,176.52 |
| Ct  04/22/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer<br>04/22/13 - Transfer TERESA HEINRICH funds<br>to segregated account. | 9999-000 | | 1,400.00 | 211,776.52 |
| C  04/29/13 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement<br>from Anderson re Summit and Anderson<br>settlement<br><br>Check No. 3022, dated 04/24/13 | 1249-000 | 4,000.00 | | 215,776.52 |
| Ct  05/01/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer | 9999-000 | | 4,000.00 | 211,776.52 |

FORM 2T4

Page:    3

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | | |
|---|---|---|
| Case No: | 12-16115 -RK | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

| | |
|---|---|
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0318  Checking - Non Interest |

Blanket Bond (per case limit):  $  5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | 05/01/13 - Transfer ROBERT ANDERSON JR and SUMMIT funds to segregated account. | | | | |
| C  05/03/13 | 67 | ASKEW KABALA & COMPANY, INC. | Proceeds from Settlement<br>Check No. 5059, dated 05/01/13 | 1249-000 | 1,000.00 | | 212,776.52 |
| C  05/06/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check No. 4567, dated 05/01/13 | 1249-000 | 100.00 | | 212,876.52 |
| C  05/24/13 | 66 | CHRISTOPHER WALKER<br>for TERESA HEINRICH | Proceeds from Settlement<br>Check No. 001515, dated 05/20/13 | 1249-000 | 1,400.00 | | 214,276.52 |
| C  05/24/13 | 66 | CHRISTOPHER WALKER<br>for TERESA HEINRICH | Proceeds from Settlement<br>Check No. 001516, dated 05/20/13 | 1249-000 | 1,400.00 | | 215,676.52 |
| C  06/04/13 | 67 | ASKEW KABALA & COMPANY, INC. | Proceeds from Settlement<br>Check No. 5071, dated 06/01/13<br><br>Final payment | 1249-000 | 1,000.00 | | 216,676.52 |
| C  06/04/13 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement<br>from Anderson re Summit and Anderson settlement<br><br>Check No. 3025, dated 06/03/13 | 1249-000 | 4,000.00 | | 220,676.52 |
| Ct  06/04/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer<br>06/04/13 - Transfer TERESA HEINRICH funds to segregated account. | 9999-000 | | 1,400.00 | 219,276.52 |
| Ct  06/04/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer<br>06/04/13 - Transfer TERESA HEINRICH funds to segregated account. | 9999-000 | | 1,400.00 | 217,876.52 |
| Ct  06/06/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer<br>06/06/13 - Transfer ROBERT ANDERSON JR and SUMMIT funds to segregated account. | 9999-000 | | 4,000.00 | 213,876.52 |
| C  06/07/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check No. 4589, dated 06/01/13 | 1249-000 | 100.00 | | 213,976.52 |
| C  06/12/13 | 66 | CHRISTOPHER WALKER<br>for TERESA HEINRICH | Proceeds from Settlement<br>Check No. 001519, dated 06/10/13 | 1249-000 | 1,400.00 | | 215,376.52 |
| Ct  06/14/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer<br>06/14/13 - Transfer TERESA HEINRICH funds to segregated account. | 9999-000 | | 1,400.00 | 213,976.52 |
| C  07/03/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement | 1249-000 | 100.00 | | 214,076.52 |

Page:    4

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | |
|---|---|
| Case No: | 12-16115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| | |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0318  Checking - Non Interest |
| | |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | Check No. 4615, dated 07/01/13 | | | | |
| C  07/12/13 | 020003 | INTERNATIONAL SURETIES, LTD.<br>One Shell Square<br>701 Poydras Street, Suite 420<br>New Orleans, LA  70139 | Bond Premium Payment<br>Increase on Blanket Bond No. 016030867<br>Term: 01/04/13 to 01/04/14 | 2300-000 | | 408.28 | 213,668.24 |
| C  07/18/13 | 66 | CHRISTOPHER WALKER<br>for TERESA HEINRICH | Proceeds from Settlement<br>Check No. 001521, dated 07/15/13 | 1249-000 | 1,400.00 | | 215,068.24 |
| C  07/18/13 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement<br>from Anderson re Summit and Anderson<br>settlement<br><br>Check No. 3029, dated 07/15/13 | 1249-000 | 4,000.00 | | 219,068.24 |
| Ct 07/22/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer<br>07/22/13 - Transfer TERESA HEINRICH funds<br>to segregated account. | 9999-000 | | 1,400.00 | 217,668.24 |
| Ct 07/22/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer<br>07/22/13 - Transfer ROBERT ANDERSON JR<br>and SUMMIT funds to segregated account. | 9999-000 | | 4,000.00 | 213,668.24 |
| Ct 07/29/13 | | Transfer from Acct #*******0383 | Bank Funds Transfer<br>07/29/13 - Transfer TERESA HEINRICH funds<br>to DDA as order [Doc 555] approving settlement<br>entered 07/24/13. | 9999-000 | 8,400.00 | | 222,068.24 |
| C  08/07/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check No. 4637, dated 08/01/13 | 1249-000 | 100.00 | | 222,168.24 |
| C  08/09/13 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement<br>from Anderson re Summit and Anderson<br>settlement<br><br>Check No. 3030, dated 08/06/13 | 1249-000 | 4,000.00 | | 226,168.24 |
| Ct 08/13/13 | | Transfer to Acct #*******0383 | Bank Funds Transfer<br>08/13/13 - Transfer ROBERT ANDERSON JR<br>and SUMMIT funds to segregated account. | 9999-000 | | 4,000.00 | 222,168.24 |
| C  08/19/13 | 66 | CHRISTOPHER WALKER<br>for TERESA HEINRICH | Proceeds from Settlement<br>Check No. 001522, dated 08/14/13 | 1249-000 | 1,400.00 | | 223,568.24 |
| Ct 08/19/13 | | Transfer from Acct #*******0383 | Bank Funds Transfer<br>08/19/13 - Transfer VILLAGE MOTORS,<br>JOHN DOLIAS, ANTHONY PIAZZA funds to<br>DDA as order [Doc 562] approving settlement<br>entered 08/16/13. | 9999-000 | 10,000.00 | | 233,568.24 |

PFORM2T4

Ver: 19.06

FORM 2                                                                                                    Page:    5

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | | |
|---|---|---|
| Case No: | 12-16115  -RK | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |
| | | |
| Taxpayer ID No: | *******0907 | |
| For Period Ending: | 02/16/17 | |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0318  Checking - Non Interest |
| | |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| Ct 09/04/13 | | Transfer from Acct #*******0383 | Bank Funds Transfer 09/04/13 - Transfer ROBERT ANDERSON JR and SUMMIT funds to DDA as order [Doc 566] approving settlement entered 09/03/13. | 9999-000 | 35,000.00 | | 268,568.24 |
| Ct 09/04/13 | | Transfer from Acct #*******0383 | Bank Funds Transfer 09/04/13 - Transfer ROBERT ANDERSON JR. and Lesser Defendants funds to DDA as order [Doc 566] approving settlement entered 09/03/13. | 9999-000 | 50,000.00 | | 318,568.24 |
| C  09/06/13 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3032, dated 09/03/13 | 1249-000 | 4,000.00 | | 322,568.24 |
| C  09/09/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4654, dated 09/01/13 | 1249-000 | 100.00 | | 322,668.24 |
| C  09/09/13 | 66 | CHRISTOPHER WALKER for TERESA HEINRICH | Proceeds from Settlement Check No. 001526, dated 09/06/13 | 1249-000 | 1,400.00 | | 324,068.24 |
| C  10/07/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4673, dated 10/01/13 | 1249-000 | 100.00 | | 324,168.24 |
| C  10/10/13 | 66 | CHRISTOPHER WALKER for TERESA HEINRICH | Proceeds from Settlement Check No. 001537, dated 10/07/13 | 1249-000 | 1,400.00 | | 325,568.24 |
| C  10/10/13 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3034, dated 10/07/13 | 1249-000 | 4,000.00 | | 329,568.24 |
| C  11/04/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4690, dated 11/01/13 | 1249-000 | 100.00 | | 329,668.24 |
| C  11/07/13 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3036, dated 11/04/13 | 1249-000 | 4,000.00 | | 333,668.24 |
| C  11/18/13 | 66 | CHRISTOPHER WALKER for TERESA HEINRICH | Proceeds from Settlement Check No. 001538, dated 11/13/13 | 1249-000 | 1,400.00 | | 335,068.24 |
| C  12/09/13 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4706, dated 12/01/13 | 1249-000 | 100.00 | | 335,168.24 |

PFORM2T4

Ver: 19.06

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | |
|---|---|
| Case No: | 12-16115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0318  Checking - Non Interest |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| C  12/09/13 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement  Check No. 3038, dated 12/05/13 | 1249-000 | 4,000.00 | | 339,168.24 |
| C  12/11/13 | 66 | CHRISTOPHER WALKER for TERESA HEINRICH | Proceeds from Settlement Check No. 001545, dated 12/06/13 | 1249-000 | 1,400.00 | | 340,568.24 |
| C  01/07/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4729, dated 01/01/14 | 1249-000 | 100.00 | | 340,668.24 |
| C  01/08/14 | 020004 | INTERNATIONAL SURETIES, LTD. One Shell Square 701 Poydras Street, Suite 420 New Orleans, LA  70139 | Bond Premium Payment Payment for Blanket Bond No. 016030867 Term: 01/04/14 to 01/04/15 | 2300-000 | | 2,975.29 | 337,692.95 |
| C  01/14/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement  Check No. 3040, dated 01/09/14 | 1249-000 | 4,000.00 | | 341,692.95 |
| C  01/14/14 | 66 | CHRISTOPHER WALKER for TERESA HEINRICH | Proceeds from Settlement Check No. 001566, dated 01/10/14 | 1249-000 | 1,400.00 | | 343,092.95 |
| Ct 01/31/14 | | Transfer from Acct #*******0383 | Bank Funds Transfer 01/31/14 - Transfer segregated funds to General Account | 9999-000 | 1,500,000.00 | | 1,843,092.95 |
| C  02/03/14 | 020005 | RUS, MILIBAND & SMITH VON KARMAN TOWERS 2211 MICHELSON DRIVE, SEVENTH FLOOR IRVINE, CA 92612 | Professional Fees Interim Professional Fees ($148,826.00) to Former General Counsel paid pursuant to Order Granting Applications for Allowance of Fees and Costs [Doc 587] entered 01/30/14. November 16, 2007 to November 30, 2013 Fees $148,826.00; Expenses $5,394.27 [app has $0.37 but order had $0.27--Cathrine okayed $0.10 reduction via email 01/31/14] | 3210-000 | | 148,826.00 | 1,694,266.95 |
| C  02/03/14 | 020006 | RUS, MILIBAND & SMITH VON KARMAN TOWERS 2211 MICHELSON DRIVE, SEVENTH FLOOR IRVINE, CA 92612 | Professional Expenses Interim Professional Expenses ($5,394.27) to Former General Counsel paid pursuant to Order Granting Applications for Allowance of Fees and Costs [Doc 587]  entered 01/30/14. November 16, 2007 to November 30, 2013 Fees $148,826.00; Expenses $5,394.27 [app has $0.37 but order had $0.27--Cathrine okayed $0.10 reduction via email 01/31/14] | 3220-000 | | 5,394.27 | 1,688,872.68 |

**FORM 2**

Page:   7

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit 9

| | |
|---|---|
| Case No: | 12-16115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0318 Checking - Non Interest |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| C  02/03/14 | 020007 | MARSHACK HAYS LLP<br>D. EDWARD HAYS<br>870 ROOSEVELT<br>IRVINE, CA  92620 | Professional Fees Interim<br>Professional Fees ($895,950.00) to General Counsel paid pursuant to Order Granting Applications for Allowance of Fees and Costs [Doc 587] entered 01/30/14.<br>May 1, 2009 through October 31, 2013<br>Fees $895,950.00; Expenses $23,227.55 | 3210-000 | | 895,950.00 | 792,922.68 |
| C  02/03/14 | 020008 | MARSHACK HAYS LLP<br>D. EDWARD HAYS<br>870 ROOSEVELT<br>IRVINE, CA  92620 | Professional Expenses Interim<br>Professional Expenses ($23,227.55) to General Counsel paid pursuant to Order Granting Applications for Allowance of Fees and Costs [Doc 587] entered 01/30/14.<br>May 1, 2009 through October 31, 2013<br>Fees $895,950.00; Expenses $23,227.55 | 3220-000 | | 23,227.55 | 769,695.13 |
| C  02/03/14 | 020009 | HAHN FIFE & COMPANY, LLP<br>790 EAST COLORADO BLVD., 9TH FLOOR<br>PASADENA, CA  91101 | Professional Fees Interim<br>Professional Fees ($71,042.50) to Accountant paid pursuant to Order Granting Applications for Allowance of Fees and Costs [Doc 587] entered 01/30/14.<br>December 5, 2007 through December 14, 2013<br>Fees $71,042.50; Expenses $205.50 | 3410-000 | | 71,042.50 | 698,652.63 |
| C  02/03/14 | 020010 | HAHN FIFE & COMPANY, LLP<br>790 EAST COLORADO BLVD., 9TH FLOOR<br>PASADENA, CA  91101 | Professional Expenses Interim<br>Professional Expenses ($205.50) to Accountant paid pursuant to Order Granting Applications for Allowance of Fees and Costs [Doc 587] entered 01/30/14.<br>December 5, 2007 through December 14, 2013<br>Fees $71,042.50; Expenses $205.50 | 3420-000 | | 205.50 | 698,447.13 |
| C  02/03/14 | 020011 | GOE & FORSYTHE, LLP<br>ROB GOE<br>18101 VON KARMAN, STE 510<br>IRVINE, CA 92612 | Professional Fees Interim<br>Professional Fees ($19,500.00) to Counsel for D-I-P paid pursuant to Order Granting Applications for Allowance of Fees and Costs [Doc 587] entered 01/30/14.<br>December 5, 2007 through December 12, 2013<br>Fees reduced by Agreement filed 12/30/13 [Doc 583] from $29,912.55 to $19,500.00; Expenses $0.00 | 6210-160 | | 19,500.00 | 678,947.13 |
| C  02/07/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement<br>from Anderson re Summit and Anderson settlement<br><br>Check No. 3041, dated 02/04/14 | 1249-000 | 4,000.00 | | 682,947.13 |
| C  02/07/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check No. 4745, dated 02/01/14 | 1249-000 | 100.00 | | 683,047.13 |

FORM 2                                                                                                    Page:    8

## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit 9

| Case No: | 12-16115  -RK | | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | | Bank Name: | UNION BANK |
| | | | | Account Number / CD #: | *******0318  Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | | |
| For Period Ending: | 02/16/17 | | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| C  02/18/14 | 66 | CHRISTOPHER WALKER for TERESA HEINRICH | Proceeds from Settlement Check No. 001567, dated 02/13/14 | 1249-000 | 1,400.00 | | 684,447.13 |
| C  03/07/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4771, dated 03/01/14 | 1249-000 | 100.00 | | 684,547.13 |
| C  03/11/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3042, dated 03/07/14 | 1249-000 | 4,000.00 | | 688,547.13 |
| C  03/24/14 | 66 | CHRISTOPHER WALKER for TERESA HEINRICH | Proceeds from Settlement Check No. 001570, dated 03/20/14 | 1249-000 | 1,400.00 | | 689,947.13 |
| C  04/04/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4792, dated 04/01/14 | 1249-000 | 100.00 | | 690,047.13 |
| C  04/21/14 | 66 | CHRISTOPHER WALKER for TERESA HEINRICH | Proceeds from Settlement Check No. 001571, dated 04/18/14 | 1249-000 | 1,400.00 | | 691,447.13 |
| C  04/28/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3048, dated 04/04/14 | 1249-000 | 4,000.00 | | 695,447.13 |
| C  05/05/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4815, dated 05/01/14 | 1249-000 | 100.00 | | 695,547.13 |
| C  05/13/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3053, dated 05/07/14 | 1249-000 | 4,000.00 | | 699,547.13 |
| C  05/30/14 | 66 | CHRISTOPHER WALKER for TERESA HEINRICH | Proceeds from Settlement Check No. 001573, dated 05/27/14 | 1249-000 | 1,400.00 | | 700,947.13 |
| C  06/02/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4840, dated 06/01/14 | 1249-000 | 100.00 | | 701,047.13 |
| C  06/30/14 | 66 | CHRISTOPHER WALKER for TERESA HEINRICH | Proceeds from Settlement Check No. 001575, dated 06/25/14 | 1249-000 | 1,400.00 | | 702,447.13 |
| C  07/08/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4855, dated 07/01/14 | 1249-000 | 100.00 | | 702,547.13 |

FORM 2    Page:    9
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit 9

| Case No: | 12-16115 -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | UNION BANK |
| | | | Account Number / CD #: | *******0318  Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| C  07/08/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3060, dated 07/02/14 | 1249-000 | 7,000.00 | | 709,547.13 |
| C  07/18/14 | 66 | CHRISTOPHER WALKER for TERESA HEINRICH | Proceeds from Settlement Check No. 001576, dated 07/16/14 | 1249-000 | 1,200.00 | | 710,747.13 |
| C  08/04/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3062, dated 07/28/14 | 1249-000 | 5,000.00 | | 715,747.13 |
| C  08/04/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4875, dated 08/01/14 | 1249-000 | 100.00 | | 715,847.13 |
| C  08/04/14 | 020012 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman 910 Harvest Drive Blue Bell, PA  19422 | Professional Fees Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and modified order entered 04/24/14 [Doc 592] and pursuant to Professional Fee Statement for March 2014 filed 07/18/14. Professional Fee Statement No. 16 March Fees $862.50 | 3210-600 | | 862.50 | 714,984.63 |
| C  08/15/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3066, dated 08/12/14 | 1249-000 | 5,000.00 | | 719,984.63 |
| C  09/05/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4875, dated 08/01/14 | 1249-000 | 100.00 | | 720,084.63 |
| C  09/09/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3070, dated 09/03/14 | 1249-000 | 5,000.00 | | 725,084.63 |
| C  10/03/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4907, dated 10/01/14 | 1249-000 | 100.00 | | 725,184.63 |
| C  10/07/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement | 1249-000 | 5,000.00 | | 730,184.63 |

Page: 10

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | | |
|---|---|---|
| Case No: | 12-16115 -RK | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0318  Checking - Non Interest |

| | |
|---|---|
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | Check No. 3071, dated 10/02/14 | | | | |
| C   10/15/14 | 020013 | KAPLIN STEWART MELOFF REITER & STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Fees<br>Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and modified order entered 04/24/14 [Doc 592] and pursuant to Amended Professional Fee Statement for August 2014 filed 09/24/14.<br>Professional Fee Statement No. 17<br>August Fees $1,162.50 | 3210-600 | | 1,162.50 | 729,022.13 |
| C   10/31/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement<br>from Anderson re Summit and Anderson settlement<br><br>Check No. 3071, dated 10/02/14 | 1249-000 | 5,000.00 | | 734,022.13 |
| C   11/07/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check No. 4924, dated 11/01/14 | 1249-000 | 100.00 | | 734,122.13 |
| C   11/25/14 | 020014 | KAPLIN STEWART MELOFF REITER & STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Fees<br>Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and modified order entered 04/24/14 [Doc 592] and pursuant to Professional Fee Statement for October 2014 filed 11/04/14.<br>Professional Fee Statement No. 18<br>October Fees $3,160.00 | 3210-600 | | 3,160.00 | 730,962.13 |
| C   12/05/14 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check No. 4942, dated 12/01/14 | 1249-000 | 100.00 | | 731,062.13 |
| C   12/05/14 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement<br>from Anderson re Summit and Anderson settlement<br><br>Check No. 3073, dated 12/01/14 | 1249-000 | 5,000.00 | | 736,062.13 |
| C   12/19/14 | 020015 | KAPLIN STEWART MELOFF REITER & STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Fees<br>Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and modified order entered 04/24/14 [Doc 592] and pursuant to Professional Fee Statement for September 2014 filed 12/05/14. | 3210-600 | | 3,450.00 | 732,612.13 |

FORM 2    Page: 11

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | |
|---|---|
| Case No: | 12-16115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0318  Checking - Non Interest |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | Professional Fee Statement No. 19 September Fees $3,450.00 Invoice No. 280760 | | | | |
| C  01/09/15 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3074, dated 12/29/14 | 1249-000 | 5,000.00 | | 737,612.13 |
| C  01/13/15 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4959, dated 01/02/15 | 1249-000 | 100.00 | | 737,712.13 |
| C  01/13/15 | 020016 | INTERNATIONAL SURETIES, LTD. One Shell Square 701 Poydras Street, Suite 420 New Orleans, LA  70139 | Bond Premium Payment Payment for Blanket Bond No. 016030867 Term: 01/04/15 to 01/04/16 | 2300-000 | | 1,089.30 | 736,622.83 |
| C  02/10/15 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4975, dated 02/01/15 | 1249-000 | 100.00 | | 736,722.83 |
| C  02/27/15 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3077, dated 02/24/15 | 1249-000 | 5,000.00 | | 741,722.83 |
| C  03/06/15 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4989, dated 03/01/15 | 1249-000 | 100.00 | | 741,822.83 |
| C  03/18/15 | | INTERNATIONAL SURETIES, LTD. One Shell Square 701 Poydras Street, Suite 420 New Orleans, LA  70139 | Bond Refund | 2300-000 | | -418.24 | 742,241.07 |
| C  03/20/15 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3081, dated 03/18/15 | 1249-000 | 5,000.00 | | 747,241.07 |
| C  04/10/15 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 5009, dated 04/01/15 | 1249-000 | 100.00 | | 747,341.07 |
| C  04/17/15 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement from Anderson re Summit and Anderson settlement<br><br>Check No. 3099, dated 04/13/15 | 1249-000 | 5,000.00 | | 752,341.07 |

FORM 2T4    Page: 12

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| Case No: | 12-16115 -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | UNION BANK |
| | | | Account Number / CD #: | *******0318  Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| | Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| C | 05/05/15 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check No. 5019, dated 05/01/15 | 1249-000 | 100.00 | | 752,441.07 |
| C | 05/11/15 | 020017 | INTERNATIONAL SURETIES, LTD.<br>One Shell Square<br>701 Poydras Street, Suite 420<br>New Orleans, LA  70139 | Bond Premium Payment<br>Payment for Blanket Bond No. 016030867<br>Term: 01/04/15 to 01/04/16 | 2300-000 | | 192.80 | 752,248.27 |
| C | 05/19/15 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement<br>from Anderson re Summit and Anderson<br>settlement<br><br>Check No. 3100, dated 05/14/15 | 1249-000 | 5,000.00 | | 757,248.27 |
| C | 05/29/15 | 020018 | KAPLIN STEWART MELOFF REITER &<br>STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Fees<br>Professional Fees to Special Tax Counsel paid<br>pursuant to Order Approving Application by<br>Chapter 7 Trustee to Employ Special Tax<br>Counsel entered 11/30/11 and modified order<br>entered 04/24/14 [Doc 592] and pursuant to<br>Professional Fee Statement for March 2015 filed<br>05/13/15.<br>Professional Fee Statement No. 20<br>March Fees $360.00<br>Invoice No. 295353 | 3210-600 | | 360.00 | 756,888.27 |
| C | 06/02/15 | 65 | ROBERT ANDERSON, JR. | Proceeds from Settlement<br>from Anderson re Summit and Anderson<br>settlement<br><br>Check No. 0002, dated 05/28/15 | 1249-000 | 92,000.00 | | 848,888.27 |
| C | 06/29/15 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Final stipulated balloon payment on settlement<br><br>Check No. 5048, dated 06/25/15 | 1249-000 | 5,000.00 | | 853,888.27 |
| C | 11/10/15 | 020019 | KAPLIN STEWART MELOFF REITER &<br>STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Fees<br>Professional Fees to Special Tax Counsel paid<br>pursuant to Order Approving Application by<br>Chapter 7 Trustee to Employ Special Tax<br>Counsel entered 11/30/11 and modified order<br>entered 04/24/14 [Doc 592] and pursuant to<br>Professional Fee Statement for July 2015 filed<br>10/21/15.<br>Professional Fee Statement No. 21<br>July Fees $3,560.00<br>Invoice No. 301550 | 3210-600 | | 3,560.00 | 850,328.27 |
| C | 01/18/16 | 020020 | INTERNATIONAL SURETIES, LTD.<br>One Shell Square | Bond Premium Payment<br>Payment for Blanket Bond No. 016030867 | 2300-000 | | 736.91 | 849,591.36 |

Ver: 19.06

**FORM 2**

Page: 13

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit 9

| Case No: | 12-16115 -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | UNION BANK |
| | | | Account Number / CD #: | *******0318 Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | 701 Poydras Street, Suite 420 New Orleans, LA 70139 | Term: 01/04/16 to 01/04/17 | | | | |
| C  05/25/16 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 1,218.68 | 848,372.68 |
| C  06/03/16 | 020021 | INTERNATIONAL SURETIES, LTD. One Shell Square 701 Poydras Street, Suite 420 New Orleans, LA 70139 | Bond Premium Payment Payment for Increase of Blanket Bond No. 016030867 Term: 01/04/16 to 01/04/17 | 2300-000 | | 173.90 | 848,198.78 |
| C  06/21/16 | 020022 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman 910 Harvest Drive Blue Bell, PA 19422 | Professional Fees Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and modified order entered 04/24/14 [Doc 592] and pursuant to Professional Fee Statement for March 2016 filed 06/02/16. Professional Fee Statement No. 22 March Fees $3,240.00 Invoice No. 321481 | 3210-600 | | 3,240.00 | 844,958.78 |
| C  08/16/16 | 020023 | TINA LOUISE BANKS 5925 Silver Shadow Circle Sacramento, CA 95823 | Payment of Pre-Petition Wage Claim paid pursuant to Order Authorizing Trustee to Make Early Distribution to a Creditor Under FRBP 3009 to Pay Pre-Petition Wage Claim No. 14 in Full entered 08/10/16 [Doc 657] 1099 recipient | 5300-000 | | 1,000.00 | 843,958.78 |
| C  01/12/17 | 020024 | KAREN SUE NAYLOR c/o BURD & NAYLOR 200 W SANTA ANA BLVD, #400 SANTA ANA CA 92701 | Chapter 7 Compensation/Fees | 2100-000 | | 87,553.51 | 756,405.27 |
| C  01/12/17 | 020025 | KAREN SUE NAYLOR c/o BURD & NAYLOR 200 W SANTA ANA BLVD, #400 SANTA ANA CA 92701 | Chapter 7 Expenses | 2200-000 | | 3,133.08 | 753,272.19 |
| C  01/12/17 | 020026 | US BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA 255 EAST TEMPLE STREET, ROOM 940 LOS ANGELES CA 90012 | Court Costs Court costs ($1,250.00) as reflected on Notice of Court Costs dated 09/06/16 [Doc 663] and paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees, etc. entered 01/11/17 [Doc 678] | 2700-000 | | 1,250.00 | 752,022.19 |
| C  01/12/17 | 020027 | Office of the United States Trustee 411 W Fourth St Ste 9041 Santa Ana, Ca. 92701 | Claim 115-18, Payment 100.00% FINAL DISTRIBUTION Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and | 2950-000 | | 250.00 | 751,772.19 |

FORM 2          Page: 14

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | |
|---|---|
| Case No: | 12-6115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0318  Checking - Non Interest |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | | | | |
| C  01/12/17 | 020028 | Office of the United States Trustee 411 W Fourth St Ste 9041 Santa Ana, Ca. 92701 | Claim 130-11, Payment 100.00% FINAL DISTRIBUTION Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 2950-000 | | 250.00 | 751,522.19 |
| C  01/12/17 | 020029 | Office of the United States Trustee 411 West Fourth St., Ste 9041 Santa Ana, Ca. 92701 | Claim 131-21, Payment 100.00% FINAL DISTRIBUTION Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 2950-000 | | 250.00 | 751,272.19 |
| C  01/12/17 | 020030 | MARSHACK HAYS LLP D. EDWARD HAYS 870 ROOSEVELT IRVINE, CA  92620 | Professional Fees paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 3210-000 | | 134,799.50 | 616,472.69 |
| C  01/12/17 | 020031 | MARSHACK HAYS LLP D. EDWARD HAYS 870 ROOSEVELT IRVINE, CA  92620 | Professional Expenses paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 3220-000 | | 12,937.78 | 603,534.91 |
| C  01/12/17 | 020032 | HAHN FIFE & COMPANY, LLP 790 EAST COLORADO BLVD., 9TH FLOOR PASADENA, CA  91101 | Professional Fees paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 3410-000 | | 92,162.50 | 511,372.41 |
| C  01/12/17 | 020033 | HAHN FIFE & COMPANY, LLP 790 EAST COLORADO BLVD., 9TH FLOOR PASADENA, CA  91101 | Professional Expenses paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 3420-000 | | 2,125.40 | 509,247.01 |
| C  01/12/17 | 020034 | FRANCHISE TAX BOARD SPECIAL PROCEDURES PO BOX 2952 SACRAMENTO, CA 95812-2952 | Claim 115-20, Payment 100.00% FINAL DISTRIBUTION Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 2820-000 | | 69,709.31 | 439,537.70 |

FORM 2

Page:    15

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit 9

| | |
|---|---|
| Case No: | 12-16115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0318  Checking - Non Interest |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| C  01/12/17 | 020035 | FRANCHISE TAX BOARD BANKRUPTCY SECTION MS A340 PO BOX 2952 SACRAMENTO CA 95812-2952 | Claim 115-23-2, Payment 100.00% FINAL DISTRIBUTION Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 2820-000 | | 14,568.13 | 424,969.57 |
| C  01/12/17 | 020036 | FRANCHISE TAX BOARD (ADMINISTRATIVE) BANKRUPTCY SECTION MS A340 PO BOX 2952 SACRAMENTO CA 95812-2952 | Claim 130-13, Payment 100.00% FINAL DISTRIBUTION Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 2820-000 | | 7,284.07 | 417,685.50 |
| C  01/12/17 | 020037 | State Board of Equalization Special Procedures Section 450 N Street MIC 55 P O Box 942879 Sacramento CA 94279-0055 | Claim 131-22-2A, Payment 100.00% FINAL DISTRIBUTION Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 2820-000 | | 4,251.59 | 413,433.91 |
| C  01/12/17 | 020038 | FRANCHISE TAX BOARD BANKRUPTCY SECTION MS A340 PO BOX 2952 SACRAMENTO CA 95812-2952 | Claim 131-25-4, Payment 100.00% FINAL DISTRIBUTION Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 2820-000 | | 10,005.90 | 403,428.01 |
| C  01/12/17 | 020039 | FRANCHISE TAX BOARD SPECIAL PROCEDURES PO BOX 2952 SACRAMENTO, CA 95812-2952 | Claim 115-17, Payment 41.28% FINAL DISTRIBUTION Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 6820-000 | | 32,840.12 | 370,587.89 |
| C  01/12/17 | 020040 | Employment Development Department Bankruptcy Group MIC 92E P O Box 826880 Sacramento, CA 94280-0001 | Claim 131-14, Payment 41.28% FINAL DISTRIBUTION Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 6820-000 | | 141,251.01 | 229,336.88 |
| C  01/12/17 | 020041 | State Board of Equalization Special Procedures Section 450 N Street MIC 55 | Claim 131-22-2B, Payment 41.28% FINAL DISTRIBUTION Claim paid pursuant to Order on Final Fee | 6820-000 | | 3,520.86 | 225,816.02 |

PFORM2T4

Ver: 19.06

FORM

Page: 16

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| Case No: | 12-16115 -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | UNION BANK |
| | | | Account Number / CD #: | *******0318  Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | P O Box 942879<br>Sacramento CA 94279-0055 | Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | | | | |
| C 01/12/17 | 020042 | Department of the Treasury<br>Internal Revenue Service<br>M/S 5503<br>24000 Avila Rd<br>Laguna Niguel CA 92677 | Claim 115-01-3A, Payment 100.00%<br>FINAL DISTRIBUTION<br>Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 4300-070 | | 125,816.22 | 99,999.80 |
| C 01/12/17 | 020043 | Department of The Treasury<br>Internal Revenue Service<br>M/S 5503 24000 Avila Rd<br>Stop 5503<br>Laguna Niguel CA 92677 | Claim 131-01-2A, Payment 100.00%<br>FINAL DISTRIBUTION<br>Claim paid pursuant to Order on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals entered 01/11/17 [Doc 678] | 4300-070 | | 99,999.80 | 0.00 |

\* **Reversed**
t **Funds Transfer**
C **Bank Cleared**

| Account | | | | | | |
|---|---|---|---|---|---|---|
| *******0318 | 85 | Balance Forward<br>Deposits | 0.00<br>324,900.00 | 43 | Checks | 2,033,301.82 |
| | 0 | Interest Postings | 0.00 | 1 | Adjustments Out | 1,218.68 |
| | | | | 14 | Transfers Out | 104,400.00 |
| | | Subtotal | $   324,900.00 | | | |
| | | | | | Total | $   2,138,920.50 |
| | 0 | Adjustments In | 0.00 | | | |
| | 7 | Transfers In | 1,814,020.50 | | | |
| | | Total | $   2,138,920.50 | | | |

FORM 2

Page:   17

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | | |
|---|---|---|
| Case No: | 12-16115  -RK | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |
| | | |
| Taxpayer ID No: | *******0907 | |
| For Period Ending: | 02/16/17 | |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0375  Segregated for CPN |
| | |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |

* **Reversed**
t  **Funds Transfer**
C  **Bank Cleared**

| | | | | | |
|---|---|---|---|---|---|
| Account | | Balance Forward | 0.00 | | |
| *******0375 | 0 | Deposits | 0.00 | 0 Checks | 0.00 |
| | 0 | Interest Postings | 0.00 | 0 Adjustments Out | 0.00 |
| | | | | 0 Transfers Out | 0.00 |
| | | Subtotal | $      0.00 | | |
| | | | | Total | $      0.00 |
| | 0 | Adjustments In | 0.00 | | |
| | 0 | Transfers In | 0.00 | | |
| | | Total | $      0.00 | | |

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 18

Exhibit 9

| Case No: | 12-16115 -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | UNION BANK |
| | | | Account Number / CD #: | *******0383 Segregated for SETTLEMENT FUNDS |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| Ct 12/13/12 | | Transfer from Acct #*******4482 | Bank Funds Transfer | 9999-000 | 1,503,000.00 | | 1,503,000.00 |
| Ct 12/17/12 | | Transfer from Acct #*******0318 | Bank Funds Transfer 12/17/12 - Transfer ASKEW funds to segregated account. | 9999-000 | 1,000.00 | | 1,504,000.00 |
| Ct 01/16/13 | | Transfer to Acct #*******0318 | Bank Funds Transfer 01/16/13 - Transfer ASKEW funds from Segregated Account to DDA | 9999-000 | | 4,000.00 | 1,500,000.00 |
| Ct 02/27/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 02/27/13 - Transfer VILLAGE MOTORS funds to segregated account. | 9999-000 | 10,000.00 | | 1,510,000.00 |
| Ct 02/28/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 02/28/13 - Transfer ROBERT ANDERSON JR. and Lesser Defendants funds to segregated account. | 9999-000 | 50,000.00 | | 1,560,000.00 |
| Ct 03/28/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 03/28/13 - Transfer TERESA HEINRICH funds to segregated account. | 9999-000 | 1,400.00 | | 1,561,400.00 |
| Ct 04/18/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 04/18/13 - Transfer ROBERT ANDERSON JR and SUMMIT funds to segregated account. | 9999-000 | 19,000.00 | | 1,580,400.00 |
| Ct 04/22/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 04/22/13 - Transfer TERESA HEINRICH funds to segregated account. | 9999-000 | 1,400.00 | | 1,581,800.00 |
| Ct 05/01/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 05/01/13 - Transfer ROBERT ANDERSON JR and SUMMIT funds to segregated account. | 9999-000 | 4,000.00 | | 1,585,800.00 |
| Ct 06/04/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 06/04/13 - Transfer TERESA HEINRICH funds to segregated account. | 9999-000 | 1,400.00 | | 1,587,200.00 |
| Ct 06/04/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 06/04/13 - Transfer TERESA HEINRICH funds to segregated account. | 9999-000 | 1,400.00 | | 1,588,600.00 |
| Ct 06/06/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 06/06/13 - Transfer ROBERT ANDERSON JR and SUMMIT funds to segregated account. | 9999-000 | 4,000.00 | | 1,592,600.00 |

FORM 2                                                                                Page: 19

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | | |
|---|---|---|
| Case No: | 12-16115 -RK | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

Taxpayer ID No: *******0907

For Period Ending: 02/16/17

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | UNION BANK |
| Account Number / CD #: | *******0383  Segregated for SETTLEMENT FUNDS |

Blanket Bond (per case limit):  $ 5,000,000.00

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| Ct 06/14/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 06/14/13 - Transfer TERESA HEINRICH funds to segregated account. | 9999-000 | 1,400.00 | | 1,594,000.00 |
| Ct 07/22/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 07/22/13 - Transfer TERESA HEINRICH funds to segregated account. | 9999-000 | 1,400.00 | | 1,595,400.00 |
| Ct 07/22/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 07/22/13 - Transfer ROBERT ANDERSON JR and SUMMIT funds to segregated account. | 9999-000 | 4,000.00 | | 1,599,400.00 |
| Ct 07/29/13 | | Transfer to Acct #*******0318 | Bank Funds Transfer 07/29/13 - Transfer TERESA HEINRICH funds to DDA as order [Doc 555] approving settlement entered 07/24/13. | 9999-000 | | 8,400.00 | 1,591,000.00 |
| Ct 08/13/13 | | Transfer from Acct #*******0318 | Bank Funds Transfer 08/13/13 - Transfer ROBERT ANDERSON JR and SUMMIT funds to segregated account. | 9999-000 | 4,000.00 | | 1,595,000.00 |
| Ct 08/19/13 | | Transfer to Acct #*******0318 | Bank Funds Transfer 08/19/13 - Transfer VILLAGE MOTORS, JOHN DOLIAS, ANTHONY PIAZZA funds to DDA as order [Doc 562] approving settlement entered 08/16/13. | 9999-000 | | 10,000.00 | 1,585,000.00 |
| Ct 09/04/13 | | Transfer to Acct #*******0318 | Bank Funds Transfer 09/04/13 - Transfer ROBERT ANDERSON JR and SUMMIT funds to DDA as order [Doc 566] approving settlement entered 09/03/13. | 9999-000 | | 35,000.00 | 1,550,000.00 |
| Ct 09/04/13 | | Transfer to Acct #*******0318 | Bank Funds Transfer 09/04/13 - Transfer ROBERT ANDERSON JR. and Lesser Defendants funds to DDA as order [Doc 566] approving settlement entered 09/03/13. | 9999-000 | | 50,000.00 | 1,500,000.00 |
| Ct 01/31/14 | | Transfer to Acct #*******0318 | Bank Funds Transfer 01/31/14 - Transfer segregated funds to General Account | 9999-000 | | 1,500,000.00 | 0.00 |

FORM 2    Page: 20

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| Case No: | 12-16115 -RK | Trustee Name: | KAREN SUE NAYLOR |
|---|---|---|---|
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | Bank Name: | UNION BANK |
| | | Account Number / CD #: | *******0383  Segregated for SETTLEMENT FUNDS |
| Taxpayer ID No: | *******0907 | | |
| For Period Ending: | 02/16/17 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

* Reversed
t  Funds Transfer
C  Bank Cleared

| Account | | | |
|---|---|---|---|
| *******0383 | Balance Forward | 0.00 | |
| | 0 Deposits | 0.00 | |
| | 0 Interest Postings | 0.00 | |
| | Subtotal | $ 0.00 | |
| | 0 Adjustments In | 0.00 | |
| | 15 Transfers In | 1,607,400.00 | |
| | Total | $ 1,607,400.00 | |

| | |
|---|---|
| 0 Checks | 0.00 |
| 0 Adjustments Out | 0.00 |
| 6 Transfers Out | 1,607,400.00 |
| Total | $ 1,607,400.00 |

FORM 2

Page: 21

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit 9

| Case No: | 12-16115  -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | Bank of America |
| | | | Account Number / CD #: | *******9280  Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| C  12/12/07 | 20 | BANK OF AMERICA | Turnover of DIP Funds on Deposit in Account No. 375559522; Cashier's Check No. 9494031199, dated 11/30/07 | 1229-000 | 157.24 | | 157.24 |
| C  12/12/07 | 21 | BANK OF AMERICA | Turnover of DIP Funds on Deposit in Account No. 375559593; Cashier's Check No. 9494031200, dated 11/30/07 | 1229-000 | 5.00 | | 162.24 |
| Ct 12/18/07 | | Transfer to Acct #*******9293 | Bank Funds Transfer 12/18/07 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 162.24 | 0.00 |
| Ct 01/18/08 | | Transfer from Acct #*******9293 | Bank Funds Transfer | 9999-000 | 0.26 | | 0.26 |
| C  01/18/08 | 001001 | INTERNATIONAL SURETIES , LTD. One Shell Square 701 Poydras Street, Suite 420 New Orleans, LA  70139 | Bond Premium Payment Payment for Blanket Bond No. 016030867 Term: 01/04/08 to 01/04/09 | 2300-000 | | 0.26 | 0.00 |
| Ct 01/16/09 | | Transfer from Acct #*******9293 | Bank Funds Transfer | 9999-000 | 0.26 | | 0.26 |
| C  01/16/09 | 001002 | INTERNATIONAL SURETIES , LTD. One Shell Square 701 Poydras Street, Suite 420 New Orleans, LA  70139 | Bond Premium Payment Payment for Blanket Bond No. 016030867 Term: 01/04/09 to 01/04/10 | 2300-000 | | 0.26 | 0.00 |
| C  04/17/09 | 22 | COASTAL-NY Money Market Account | Funds from Coastal-NY MMA Check No. 1003, dated 04/17/09 from Coastal-NY case representing funds in MMA transferred to main case of Consolidated Employer Management Solutions Inc. pursuant to Order entered 04/09/09, on Order Granting Trustee's Motion for Substantive Consolidation of Jointly Administered Estates | 1290-000 | 39,159.01 | | 39,159.01 |
| C  04/17/09 | 23 | COASTAL-NY Segregated TIP Account | Funds from Coastal-NY TIP Check No. 1004, dated 04/17/09 from Coastal-NY case representing funds in Segregated TIP Account transferred to main case of Consolidated Employer Management Solutions Inc. pursuant to Order entered 04/09/09, on Order Granting Trustee's Motion for Substantive Consolidation of Jointly Administered Estates | 1290-000 | 105,355.55 | | 144,514.56 |
| Ct 04/22/09 | | Transfer to Acct #*******9293 | Bank Funds Transfer | 9999-000 | | 39,159.01 | 105,355.55 |

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page:   22

Exhibit 9

| Case No: | 12-16115  -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | Bank of America |
| | | | Account Number / CD #: | *******9280  Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | 04/22/09 - Transfer cleared funds from DDA to interest bearing account. | | | | |
| Ct 04/22/09 | | Transfer to Acct #*******9785 | Bank Funds Transfer<br>04/22/09 - Transfer cleared funds from DDA to Segregated interest bearing account. | 9999-000 | | 105,355.55 | 0.00 |
| Ct 01/06/10 | | Transfer from Acct #*******9293 | Bank Funds Transfer | 9999-000 | 218.73 | | 218.73 |
| C  01/06/10 | 001003 | INTERNATIONAL SURETIES , LTD.<br>One Shell Square<br>701 Poydras Street, Suite 420<br>New Orleans, LA  70139 | Bond Premium Payment<br>Payment for Blanket Bond No. 016030867<br>Term: 01/04/10 to 01/04/11 | 2300-000 | | 218.73 | 0.00 |
| C  08/18/10 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement<br>Check No. 095219, dated 08/11/10 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |
| Ct 08/24/10 | | Transfer to Acct #*******9293 | Bank Funds Transfer<br>08/24/10 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| C  09/22/10 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement<br>Check No. 095405, dated 09/09/10 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |
| Ct 09/24/10 | | Transfer to Acct #*******9293 | Bank Funds Transfer<br>09/24/10 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| C  10/18/10 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement<br>Check No. 095573, dated 10/07/10 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |
| Ct 10/21/10 | | Transfer to Acct #*******9293 | Bank Funds Transfer<br>10/21/10 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| Ct 10/27/10 | | Transfer from Acct #*******9293 | Bank Funds Transfer | 9999-000 | 46.63 | | 46.63 |
| C  10/27/10 | 001004 | INTERNATIONAL SURETIES , LTD.<br>One Shell Square<br>701 Poydras Street, Suite 420<br>New Orleans, LA  70139 | Bond Premium Payment<br>Increase on Blanket Bond No. 016030867<br>Effective: 08/19/10<br>Term: 01/04/10 to 01/04/11 | 2300-000 | | 46.63 | 0.00 |
| C  11/08/10 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement<br>Check No. 095732, dated 11/04/10 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |

PFORM2T4

Ver: 19.06

FORM 2

Page:    23

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | |
|---|---|
| Case No: | 12-16115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | Bank of America |
| Account Number / CD #: | *******9280  Checking - Non Interest |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| Ct 11/12/10 | | Transfer to Acct #*******9293 | Bank Funds Transfer 11/12/10 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| C  12/15/10 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement Check No. 095927, dated 12/09/10 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |
| Ct 12/20/10 | | Transfer to Acct #*******9293 | Bank Funds Transfer 12/20/10 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| C  01/11/11 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement Check No. 096085, dated 01/06/11 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |
| Ct 01/14/11 | | Transfer to Acct #*******9293 | Bank Funds Transfer 01/14/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| C  02/08/11 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement Check No. 096251, dated 02/02/11 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |
| Ct 02/10/11 | | Transfer to Acct #*******9293 | Bank Funds Transfer 02/10/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| C  03/17/11 | 15 | CORPORATE PERSONNEL NETWORK, INC | Proceeds from Settlement Check No. 3000075, dated 03/10/11 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |
| Ct 03/21/11 | | Transfer to Acct #*******9293 | Bank Funds Transfer 03/21/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| C  04/15/11 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement Check No. 3000231, dated 04/07/11 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |
| C  05/13/11 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement Check No. 3000383, dated 05/05/11 as proceeds from settlement. | 1149-000 | 10,000.00 | | 20,000.00 |
| Ct 05/13/11 | | Transfer to Acct #*******9293 | Bank Funds Transfer 05/13/11 - Transfer cleared funds from DDA to interest bearing account. Transfer to MMA was delayed as alert of deposit posting was never received. | 9999-000 | | 10,000.00 | 10,000.00 |

PFORM2T4

Ver: 19.06

FORM2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page:   24

Exhibit 9

| Case No: | 12-16115  -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | Bank of America |
| | | | Account Number / CD #: | *******9280  Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| Ct 05/17/11 | | Transfer to Acct #*******9293 | Bank Funds Transfer<br>05/17/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| C  06/14/11 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement<br>Check No. 3000553, dated 06/09/11 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |
| Ct 06/16/11 | | Transfer to Acct #*******9293 | Bank Funds Transfer<br>06/16/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| C  07/15/11 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement<br>Check No. 3000673, dated 07/07/11 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |
| Ct 07/19/11 | | Transfer to Acct #*******9293 | Bank Funds Transfer<br>07/19/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| Ct 08/01/11 | | Transfer from Acct #*******9293 | Bank Funds Transfer<br>08/01/11 - Transfer funds from Corporate Personnel Network to DDA in order to transfer into Segregated TIP Account for CPN | 9999-000 | 120,000.00 | | 120,000.00 |
| Ct 08/01/11 | | Transfer to Acct #*******3097 | Bank Funds Transfer<br>08/01/11 - Transfer funds from DDA for Corporate Personnel Network into Segregated TIP Account for CPN | 9999-000 | | 120,000.00 | 0.00 |
| C  08/16/11 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement<br>Check No. 3000842, dated 08/11/11 as proceeds from settlement. | 1149-000 | 10,000.00 | | 10,000.00 |
| Ct 08/19/11 | | Transfer to Acct #*******3097 | Bank Funds Transfer<br>08/19/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | | 10,000.00 | 0.00 |
| C  08/25/11 | 31 | SELECT STAFFING<br>KOOSHAREM CORPORATION | Proceeds from Settlement<br>Check No. 270139, dated 08/23/11 as proceeds from settlement. | 1180-000 | 375,000.00 | | 375,000.00 |
| Ct 08/29/11 | | Transfer from Acct #*******9293 | Transfer In From MMA Account<br>08/29/11 - Post interest and transfer funds from interest-bearing account to DDA to prepare for implementation of bank fees beginning October 2011. | 9999-000 | 39,098.80 | | 414,098.80 |
| Ct 08/29/11 | | Transfer to Acct #*******3110 | Bank Funds Transfer | 9999-000 | | 375,000.00 | 39,098.80 |

FORM 2

Page:    25

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

**Exhibit 9**

| | |
|---|---|
| Case No: | 12-16115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | Bank of America |
| Account Number / CD #: | *******9280 Checking - Non Interest |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | 08/29/11 - Transfer cleared funds from DDA to segregated account. | | | | |
| C  09/12/11 | 31 | SELECT STAFFING KOOSHAREM CORPORATION | Proceeds from Settlement Check No. 271992, dated 09/08/11 as proceeds from settlement. | 1180-000 | 562,500.00 | | 601,598.80 |
| C  09/15/11 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement Check No. 3000968, dated 09/08/11 as proceeds from settlement. | 1149-000 | 10,000.00 | | 611,598.80 |
| Ct 09/15/11 | | Transfer to Acct #*******3110 | Bank Funds Transfer 09/15/11 - Transfer cleared funds from DDA to segregated account. | 9999-000 | | 562,500.00 | 49,098.80 |
| Ct 09/19/11 | | Transfer to Acct #*******3097 | Bank Funds Transfer 09/19/11 - Transfer cleared funds from DDA to segregated account. | 9999-000 | | 10,000.00 | 39,098.80 |
| C  09/27/11 | 31 | SELECT STAFFING KOOSHAREM CORPORATION | Proceeds from Settlement Check No. 273475, dated 09/23/11 as proceeds from settlement. | 1180-000 | 562,500.00 | | 601,598.80 |
| Ct 09/29/11 | | Transfer to Acct #*******3110 | Bank Funds Transfer 09/29/11 - Transfer cleared funds from DDA to segregated account. | 9999-000 | | 562,500.00 | 39,098.80 |
| C  10/14/11 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement Check No. 3001105, dated 10/06/11 as proceeds from settlement. | 1149-000 | 10,000.00 | | 49,098.80 |
| Ct 10/18/11 | | Transfer to Acct #*******3097 | Bank Funds Transfer 10/18/11 - Transfer cleared funds from DDA to segregated account. | 9999-000 | | 10,000.00 | 39,098.80 |
| C  10/31/11 | | Bank of America | BANK SERVICE FEE | 2600-000 | | 1.34 | 39,097.46 |
| C  11/18/11 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement Check No. 3001271, dated 11/10/11 as proceeds from settlement. | 1149-000 | 10,000.00 | | 49,097.46 |
| Ct 11/22/11 | | Transfer to Acct #*******3097 | Bank Funds Transfer 11/22/11 - Transfer cleared funds from DDA to segregated account. | 9999-000 | | 10,000.00 | 39,097.46 |
| C  11/30/11 | | Bank of America | BANK SERVICE FEE | 2600-000 | | 46.90 | 39,050.56 |
| C  12/27/11 | 15 | CORPORATE PERSONNEL NETWORK INC. | Proceeds from Settlement Check No. 3001426, dated 12/15/11 as proceeds | 1149-000 | 10,000.00 | | 49,050.56 |

FORM 2

Page: 26

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| Case No: | 12-16115 -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | Bank of America |
| | | | Account Number / CD #: | *******9280  Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | from settlement. | | | | |
| C  12/28/11 | 001005 | KAPLIN STEWART MELOFF REITER & STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Fees<br>Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statements for Aug, Sep, Oct 2011 filed 12/27/11.<br>Professional Fee Statements<br>Aug Fees $2,272.50; Expenses $0.00<br>Sep Fees $1,295.00; Expenses $0.00<br>Oct Fees $17,512.50; Expenses $425.96 | 3210-600 | | 21,080.00 | 27,970.56 |
| C  12/28/11 | 001006 | KAPLIN STEWART MELOFF REITER & STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Expenses<br>Professional Expenses to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statements for Aug, Sep, Oct 2011 filed 12/27/11.<br>Professional Fee Statements<br>Aug Fees $2,272.50; Expenses $0.00<br>Sep Fees $1,295.00; Expenses $0.00<br>Oct Fees $17,512.50; Expenses $425.96 | 3220-610 | | 425.96 | 27,544.60 |
| C  12/30/11 | | Bank of America | BANK SERVICE FEE | 2600-000 | | 48.14 | 27,496.46 |
| Ct 01/17/12 | | Transfer to Acct #*******3097 | Bank Funds Transfer<br>01/17/12 - Transfer cleared funds from DDA to segregated account. | 9999-000 | | 10,000.00 | 17,496.46 |
| C  01/19/12 | 001007 | INTERNATIONAL SURETIES , LTD.<br>One Shell Square<br>701 Poydras Street, Suite 420<br>New Orleans, LA  70139 | Bond Premium Payment<br>Payment for Blanket Bond No. 016030867<br>Term: 01/04/12 to 01/04/13 | 2300-000 | | 2,931.34 | 14,565.12 |
| C  01/31/12 | | Bank of America | BANK SERVICE FEE | 2600-000 | | 35.34 | 14,529.78 |
| C  02/29/12 | | Bank of America | BANK SERVICE FEE | 2600-000 | | 17.27 | 14,512.51 |
| Ct 03/20/12 | | Transfer from Acct #*******9785 | Transfer In From MMA Account<br>03/20/12 - Pursuant to order entered 03/19/12, Trustee no longer required to segregate these funds. | 9999-000 | 104,829.23 | | 119,341.74 |
| C  03/20/12 | 001008 | KAPLIN STEWART MELOFF REITER & STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive | Professional Fees<br>Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax | 3210-600 | | 29,280.00 | 90,061.74 |

FORM 2    Page:    27

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| Case No: | 12-16115 -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | Bank of America |
| | | | Account Number / CD #: | *******9280  Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | Blue Bell, PA  19422 | Counsel entered 11/30/11 and pursuant to Professional Fee Statements for Nov 2011 filed 12/27/11, Dec 2011 filed 02/02/12, and Jan 2012 filed 02/10/12. Professional Fee Statements Nov Fees $13,875.00; Expenses $0.00 Dec Fees $13,565.00; Expenses $4.00 Jan Fees $1,840.00; Expenses $735.34 | | | | |
| C  03/20/12 | 001009 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman 910 Harvest Drive Blue Bell, PA  19422 | Professional Expenses Professional Expenses to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statements for Nov 2011 filed 12/27/11, Dec 2011 filed 02/02/12, and Jan 2012 filed 02/10/12. Professional Fee Statements Nov Fees $13,875.00; Expenses $0.00 Dec Fees $13,565.00; Expenses $4.00 Jan Fees $1,840.00; Expenses $735.34 | 3220-610 | | 739.34 | 89,322.40 |
| C  03/28/12 | 001010 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman 910 Harvest Drive Blue Bell, PA  19422 | Professional Fees Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for Feb 2012 filed 03/16/12. Professional Fee Statement Feb Fees $1,440.00; Expenses $0.00 | 3210-600 | | 1,440.00 | 87,882.40 |
| C  03/30/12 | | Bank of America | BANK SERVICE FEE | 2600-000 | | 58.95 | 87,823.45 |
| Ct 04/18/12 | 001011 | Estate of Consolidated Employer Management | Funds transfer to Capital One | 9999-000 | | 87,823.45 | 0.00 |

* **Reversed**
t **Funds Transfer**
C **Bank Cleared**

| Account | | Balance Forward | 0.00 | | 10 | Checks | 56,162.52 |
| *******9280 | 24 | Deposits | 1,814,676.80 | | 6 | Adjustments Out | 207.94 |
| | 0 | Interest Postings | 0.00 | | 25 | Transfers Out | 2,022,500.25 |
| | | Subtotal | $  1,814,676.80 | | | Total | $  2,078,870.71 |
| | 0 | Adjustments In | 0.00 | | | | |
| | 7 | Transfers In | 264,193.91 | | | | |
| | | Total | $  2,078,870.71 | | | | |

FORM 2                                                                                    Page:   28

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | |
|---|---|
| Case No: | 12-16115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | Bank of America |
| Account Number / CD #: | *******9293  Money Market - Interest Bearing |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| Ct 12/18/07 | | Transfer from Acct #*******9280 | Bank Funds Transfer  12/18/07 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 162.24 | | 162.24 |
| C  12/31/07 | 1 | Bank of America | Interest Rate  0.500 | 1270-000 | 0.03 | | 162.27 |
| Ct 01/18/08 | | Transfer to Acct #*******9280 | Bank Funds Transfer | 9999-000 | | 0.26 | 162.01 |
| C  01/31/08 | 1 | Bank of America | Interest Rate  0.500 | 1270-000 | 0.06 | | 162.07 |
| C  02/29/08 | 1 | Bank of America | Interest Rate  0.300 | 1270-000 | 0.04 | | 162.11 |
| C  03/31/08 | 1 | Bank of America | Interest Rate  0.250 | 1270-000 | 0.04 | | 162.15 |
| C  04/30/08 | 1 | Bank of America | Interest Rate  0.250 | 1270-000 | 0.03 | | 162.18 |
| C  05/30/08 | 1 | Bank of America | Interest Rate  0.150 | 1270-000 | 0.02 | | 162.20 |
| C  06/30/08 | 1 | Bank of America | Interest Rate  0.150 | 1270-000 | 0.02 | | 162.22 |
| C  07/31/08 | 1 | Bank of America | Interest Rate  0.150 | 1270-000 | 0.02 | | 162.24 |
| C  08/29/08 | 1 | Bank of America | Interest Rate  0.150 | 1270-000 | 0.02 | | 162.26 |
| C  09/30/08 | 1 | Bank of America | Interest Rate  0.150 | 1270-000 | 0.02 | | 162.28 |
| C  10/31/08 | 1 | Bank of America | Interest Rate  0.100 | 1270-000 | 0.02 | | 162.30 |
| C  11/28/08 | 1 | Bank of America | Interest Rate  0.100 | 1270-000 | 0.01 | | 162.31 |
| C  12/31/08 | 1 | Bank of America | Interest Rate  0.010 | 1270-000 | 0.01 | | 162.32 |
| Ct 01/16/09 | | Transfer to Acct #*******9280 | Bank Funds Transfer | 9999-000 | | 0.26 | 162.06 |
| Ct 04/22/09 | | Transfer from Acct #*******9280 | Bank Funds Transfer  04/22/09 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 39,159.01 | | 39,321.07 |
| C  04/30/09 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 0.35 | | 39,321.42 |
| C  05/29/09 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.33 | | 39,322.75 |
| C  06/30/09 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.30 | | 39,324.05 |
| C  07/31/09 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.34 | | 39,325.39 |

PFORM2T4

Ver: 19.06

FORM 2                                                                          Page:    29

## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit 9

| | | |
|---|---|---|
| Case No: | 12-16115  -RK | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |
| | | |
| Taxpayer ID No: | *******0907 | |
| For Period Ending: | 02/16/17 | |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | Bank of America |
| Account Number / CD #: | *******9293  Money Market - Interest Bearing |
| | |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| C  08/31/09 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.34 | | 39,326.73 |
| C  09/30/09 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.29 | | 39,328.02 |
| C  10/30/09 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.33 | | 39,329.35 |
| C  11/30/09 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.30 | | 39,330.65 |
| C  12/31/09 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.34 | | 39,331.99 |
| Ct 01/06/10 | | Transfer to Acct #*******9280 | Bank Funds Transfer | 9999-000 | | 218.73 | 39,113.26 |
| C  01/29/10 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.32 | | 39,114.58 |
| C  02/26/10 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.20 | | 39,115.78 |
| C  03/31/10 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.33 | | 39,117.11 |
| C  04/30/10 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.29 | | 39,118.40 |
| C  05/28/10 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.32 | | 39,119.72 |
| C  06/30/10 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.29 | | 39,121.01 |
| C  07/30/10 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.33 | | 39,122.34 |
| Ct 08/24/10 | | Transfer from Acct #*******9280 | Bank Funds Transfer<br>08/24/10 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 49,122.34 |
| C  08/31/10 | 1 | Bank of America | Interest Rate  0.040 | 1270-000 | 1.42 | | 49,123.76 |
| Ct 09/24/10 | | Transfer from Acct #*******9280 | Bank Funds Transfer<br>09/24/10 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 59,123.76 |
| C  09/30/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 1.82 | | 59,125.58 |
| Ct 10/21/10 | | Transfer from Acct #*******9280 | Bank Funds Transfer<br>10/21/10 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 69,125.58 |
| Ct 10/27/10 | | Transfer to Acct #*******9280 | Bank Funds Transfer | 9999-000 | | 46.63 | 69,078.95 |
| C  10/29/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 3.19 | | 69,082.14 |

FORM 2

Page:   30

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

**Exhibit 9**

| | | |
|---|---|---|
| Case No: | 12-16115 -RK | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | Bank of America |
| Account Number / CD #: | *******9293  Money Market - Interest Bearing |

| | |
|---|---|
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| Ct  11/12/10 | | Transfer from Acct #*******9280 | Bank Funds Transfer 11/12/10 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 79,082.14 |
| C   11/30/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 3.73 | | 79,085.87 |
| Ct  12/20/10 | | Transfer from Acct #*******9280 | Bank Funds Transfer 12/20/10 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 89,085.87 |
| C   12/31/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 4.23 | | 89,090.10 |
| Ct  01/14/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 01/14/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 99,090.10 |
| C   01/31/11 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 4.84 | | 99,094.94 |
| Ct  02/10/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 02/10/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 109,094.94 |
| C   02/28/11 | 1 | Bank of America | Interest Rate  0.010 | 1270-000 | 0.81 | | 109,095.75 |
| Ct  03/21/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 03/21/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 119,095.75 |
| C   03/31/11 | 1 | Bank of America | Interest Rate  0.010 | 1270-000 | 0.96 | | 119,096.71 |
| C   04/29/11 | 1 | Bank of America | Interest Rate  0.010 | 1270-000 | 0.98 | | 119,097.69 |
| Ct  05/13/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 05/13/11 - Transfer cleared funds from DDA to interest bearing account.  Transfer to MMA was delayed as alert of deposit posting was never received. | 9999-000 | 10,000.00 | | 129,097.69 |
| Ct  05/17/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 05/17/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 139,097.69 |
| C   05/31/11 | 1 | Bank of America | Interest Rate  0.010 | 1270-000 | 1.11 | | 139,098.80 |
| Ct  06/16/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 06/16/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 149,098.80 |

FORM 2    Page:    31

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | |
|---|---|
| Case No: | 12-16115  -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | Bank of America |
| Account Number / CD #: | *******9293  Money Market - Interest Bearing |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| Ct 07/19/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 07/19/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 159,098.80 |
| Ct 08/01/11 | | Transfer to Acct #*******9280 | Bank Funds Transfer 08/01/11 - Transfer funds from Corporate Personnel Network to DDA in order to transfer into Segregated TIP Account for CPN | 9999-000 | | 120,000.00 | 39,098.80 |
| Ct 08/29/11 | | Transfer to Acct #*******9280 | Final Posting Transfer 08/29/11 - Post interest and transfer funds from interest-bearing account to DDA to prepare for implementation of bank fees beginning October 2011. | 9999-000 | | 39,098.80 | 0.00 |

* **Reversed**
t **Funds Transfer**
C **Bank Cleared**

| Account | | | | | |
|---|---|---|---|---|---|
| *******9293 | | Balance Forward | 0.00 | | |
| | 0 | Deposits | 0.00 | 0 Checks | 0.00 |
| | 39 | Interest Postings | 43.43 | 0 Adjustments Out | 0.00 |
| | | | | 6 Transfers Out | 159,364.68 |
| | | Subtotal | $    43.43 | | |
| | | | | Total | $    159,364.68 |
| | 0 | Adjustments In | 0.00 | | |
| | 14 | Transfers In | 159,321.25 | | |
| | | Total | $    159,364.68 | | |

FORM 2    Page:    32

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | | |
|---|---|---|
| Case No: | 12-16115 -RK | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |
| Taxpayer ID No: | *******0907 | |
| For Period Ending: | 02/16/17 | |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | Bank of America |
| Account Number / CD #: | *******9785  Segregated Funds |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| C  04/22/09 | | Transfer from Acct #*******9280 | Bank Funds Transfer 04/22/09 - Transfer cleared funds from DDA to Segregated interest bearing account. | 9999-000 | 105,355.55 | | 105,355.55 |
| C  04/30/09 | 1 | Bank of America | Interest Rate  0.080 | 1270-000 | 1.39 | | 105,356.94 |
| C  05/29/09 | 1 | Bank of America | Interest Rate  0.080 | 1270-000 | 7.16 | | 105,364.10 |
| C  06/30/09 | 1 | Bank of America | Interest Rate  0.080 | 1270-000 | 6.93 | | 105,371.03 |
| C  07/31/09 | 1 | Bank of America | Interest Rate  0.080 | 1270-000 | 7.16 | | 105,378.19 |
| C  08/31/09 | 1 | Bank of America | Interest Rate  0.080 | 1270-000 | 7.16 | | 105,385.35 |
| C  09/30/09 | 1 | Bank of America | Interest Rate  0.080 | 1270-000 | 6.93 | | 105,392.28 |
| C  10/30/09 | 1 | Bank of America | Interest Rate  0.080 | 1270-000 | 7.16 | | 105,399.44 |
| C  11/30/09 | 1 | Bank of America | Interest Rate  0.080 | 1270-000 | 6.93 | | 105,406.37 |
| C  12/31/09 | 1 | Bank of America | Interest Rate  0.080 | 1270-000 | 7.16 | | 105,413.53 |
| C  01/29/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.54 | | 105,419.07 |
| C  02/26/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 4.85 | | 105,423.92 |
| C  03/31/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.38 | | 105,429.30 |
| C  04/30/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.20 | | 105,434.50 |
| C  05/28/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.36 | | 105,439.86 |
| C  06/30/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.21 | | 105,445.07 |
| C  07/30/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.37 | | 105,450.44 |
| C  08/31/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.38 | | 105,455.82 |
| C  09/30/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.20 | | 105,461.02 |
| C  10/29/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.37 | | 105,466.39 |
| C  11/30/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.21 | | 105,471.60 |
| C  12/31/10 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.37 | | 105,476.97 |

PFORM2T4

Ver: 19.06

FORM 2

Page: 33

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | | |
|---|---|---|
| Case No: | 12-16115 -RK | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

| | |
|---|---|
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | Bank of America |
| Account Number / CD #: | *******9785  Segregated Funds |

Blanket Bond (per case limit): $ 5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| C 01/31/11 | 1 | Bank of America | Interest Rate  0.060 | 1270-000 | 5.37 | | 105,482.34 |
| C 02/28/11 | 1 | Bank of America | Interest Rate  0.010 | 1270-000 | 0.81 | | 105,483.15 |
| C 03/31/11 | 1 | Bank of America | Interest Rate  0.010 | 1270-000 | 0.90 | | 105,484.05 |
| C 04/29/11 | 1 | Bank of America | Interest Rate  0.010 | 1270-000 | 0.86 | | 105,484.91 |
| C 05/31/11 | 1 | Bank of America | Interest Rate  0.010 | 1270-000 | 0.90 | | 105,485.81 |
| C 10/31/11 | | Bank of America | BANK SERVICE FEE | 2600-000 | | 134.39 | 105,351.42 |
| C 11/30/11 | | Bank of America | BANK SERVICE FEE | 2600-000 | | 129.89 | 105,221.53 |
| C 12/30/11 | | Bank of America | BANK SERVICE FEE | 2600-000 | | 129.73 | 105,091.80 |
| C 01/31/12 | | Bank of America | BANK SERVICE FEE | 2600-000 | | 137.83 | 104,953.97 |
| C 02/29/12 | | Bank of America | BANK SERVICE FEE | 2600-000 | | 124.74 | 104,829.23 |
| C t 03/20/12 | | Transfer to Acct #*******9280 | Final Posting Transfer 03/20/12 - Pursuant to order entered 03/19/12, Trustee no longer required to segregate these funds. | 9999-000 | | 104,829.23 | 0.00 |

* Reversed
t Funds Transfer
C Bank Cleared

| Account | | | | | |
|---|---|---|---|---|---|
| *******9785 | Balance Forward | 0.00 | 0 Checks | 0.00 |
| | 0 Deposits | 0.00 | 5 Adjustments Out | 656.58 |
| | 26 Interest Postings | 130.26 | 1 Transfers Out | 104,829.23 |
| | Subtotal | $ 130.26 | Total | $ 105,485.81 |
| | 0 Adjustments In | 0.00 | | |
| | 1 Transfers In | 105,355.55 | | |
| | Total | $ 105,485.81 | | |

FORM 2    Page: 34

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | | |
|---|---|---|
| Case No: | 12-16115  -RK | |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | Bank of America |
| Account Number / CD #: | *******3097  Segregated for CPN |

| | |
|---|---|
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| Ct 08/01/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 08/01/11 - Transfer funds from DDA for Corporate Personnel Network into Segregated TIP Account for CPN | 9999-000 | 120,000.00 | | 120,000.00 |
| Ct 08/19/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 08/19/11 - Transfer cleared funds from DDA to interest bearing account. | 9999-000 | 10,000.00 | | 130,000.00 |
| Ct 09/19/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 09/19/11 - Transfer cleared funds from DDA to segregated account. | 9999-000 | 10,000.00 | | 140,000.00 |
| Ct 10/18/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 10/18/11 - Transfer cleared funds from DDA to segregated account. | 9999-000 | 10,000.00 | | 150,000.00 |
| Ct 11/22/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer 11/22/11 - Transfer cleared funds from DDA to segregated account. | 9999-000 | 10,000.00 | | 160,000.00 |
| Ct 01/17/12 | | Transfer from Acct #*******9280 | Bank Funds Transfer 01/17/12 - Transfer cleared funds from DDA to segregated account. | 9999-000 | 10,000.00 | | 170,000.00 |
| Ct 04/18/12 | 000101 | Estate of Consolidated Employer Management | Funds transfer to Capital One | 9999-000 | | 170,000.00 | 0.00 |

\* Reversed
t  Funds Transfer
C  Bank Cleared

| Account | | | | | |
|---|---|---|---|---|---|
| *******3097 | Balance Forward | | 0.00 | | |
| | 0 Deposits | | 0.00 | 0 Checks | 0.00 |
| | 0 Interest Postings | | 0.00 | 0 Adjustments Out | 0.00 |
| | | | | 1 Transfers Out | 170,000.00 |
| | Subtotal | $ | 0.00 | | |
| | | | | Total | $ 170,000.00 |
| | 0 Adjustments In | | 0.00 | | |
| | 6 Transfers In | | 170,000.00 | | |
| | Total | $ | 170,000.00 | | |

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page:   35

Exhibit 9

| Case No: | 12-16115  -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | Bank of America |
| | | | Account Number / CD #: | *******3110  Segregated for SELECT |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| Ct  08/29/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer  08/29/11 - Transfer cleared funds from DDA to segregated account. | 9999-000 | 375,000.00 | | 375,000.00 |
| Ct  09/15/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer  09/15/11 - Transfer cleared funds from DDA to segregated account. | 9999-000 | 562,500.00 | | 937,500.00 |
| Ct  09/29/11 | | Transfer from Acct #*******9280 | Bank Funds Transfer  09/29/11 - Transfer cleared funds from DDA to segregated account. | 9999-000 | 562,500.00 | | 1,500,000.00 |
| Ct  04/18/12 | 000101 | Estate of Consolidated Employer Management | Funds transfer to Capital One | 9999-000 | | 1,500,000.00 | 0.00 |

```
*   Reversed
t   Funds Transfer
C   Bank Cleared
```

| Account | | | | | |
|---|---|---|---|---|---|
| *******3110 | Balance Forward | 0.00 | | 0 Checks | 0.00 |
| | 0 Deposits | 0.00 | | 0 Adjustments Out | 0.00 |
| | 0 Interest Postings | 0.00 | | 1 Transfers Out | 1,500,000.00 |
| | Subtotal | $  0.00 | | Total | $  1,500,000.00 |
| | 0 Adjustments In | 0.00 | | | |
| | 3 Transfers In | 1,500,000.00 | | | |
| | Total | $  1,500,000.00 | | | |

FORM 2    Page: 36

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| | |
|---|---|
| Case No: | 12-16115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | Capital One |
| Account Number / CD #: | *******4296  Checking - Non Interest |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| C  04/18/12 | | Estate of Consolidated Employer Management | Funds transfer to Capital One | 9999-000 | 87,823.45 | | 87,823.45 |
| C  04/24/12 | 002001 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman 910 Harvest Drive Blue Bell, PA  19422 | Professional Fees Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for Mar 2012 filed 04/09/12. Professional Fee Statement Mar Fees $13,840.00; Expenses $21.25 | 3210-600 | | 13,840.00 | 73,983.45 |
| C  04/24/12 | 002002 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman 910 Harvest Drive Blue Bell, PA  19422 | Professional Expenses Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for Mar 2012 filed 04/09/12. Professional Fee Statement Mar Fees $13,840.00; Expenses $21.25 | 3220-610 | | 21.25 | 73,962.20 |
| C  05/15/12 | 002003 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman 910 Harvest Drive Blue Bell, PA  19422 | Professional Fees Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for Apr 2012 filed 05/04/12. Professional Fee Statement Apr Fees $17,537.50; Expenses $756.89 | 3210-600 | | 17,537.50 | 56,424.70 |
| C  05/15/12 | 002004 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman 910 Harvest Drive Blue Bell, PA  19422 | Professional Expenses Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for Apr 2012 filed 05/04/12. Professional Fee Statement Apr Fees $17,537.50; Expenses $756.89 | 3220-610 | | 756.89 | 55,667.81 |
| C  06/14/12 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4359, dated 06/10/12 | 1249-000 | 100.00 | | 55,767.81 |
| C  06/18/12 | 002005 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman | Professional Fees Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by | 3210-600 | | 5,160.00 | 50,607.81 |

FORM 2    Page: 37

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| Case No: | 12-16115 -RK | | |
|---|---|---|---|
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | |

Taxpayer ID No: *******0907

For Period Ending: 02/16/17

Trustee Name: KAREN SUE NAYLOR

Bank Name: Capital One

Account Number / CD #: *******4296  Checking - Non Interest

Blanket Bond (per case limit): $ 5,000,000.00

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | 910 Harvest Drive<br>Blue Bell, PA  19422 | Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for May 2012 filed 06/05/12.<br>Professional Fee Statement<br>May Fees $5,160.00; Expenses $0.00 | | | | |
| C  07/05/12 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check No. 4370, dated 06/30/12 | 1249-000 | 100.00 | | 50,707.81 |
| C  07/31/12 | 002006 | KAPLIN STEWART MELOFF REITER & STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Fees<br>Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for June 2012 filed 07/19/12.<br>Professional Fee Statement<br>June Fees $1,320.00; Expenses $0.00 | 3210-600 | | 1,320.00 | 49,387.81 |
| C  08/06/12 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check No. 4391, dated 08/01/12 | 1249-000 | 100.00 | | 49,487.81 |
| C  08/20/12 | 002007 | KAPLIN STEWART MELOFF REITER & STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Fees<br>Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for July 2012 filed 08/08/12.<br>Professional Fee Statement<br>July Fees $4,520.00; Expenses $0.00 | 3210-600 | | 4,520.00 | 44,967.81 |
| C  09/07/12 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement<br>Check No. 4410, dated 09/01/12 | 1249-000 | 100.00 | | 45,067.81 |
| C  09/07/12 | | Transfer from Acct #*******4474 | Bank Funds Transfer<br>Transfer of CPN Segregated Funds to DDA pursuant to final order and instructions of counsel | 9999-000 | 170,000.00 | | 215,067.81 |
| C  09/14/12 | 67 | ASKEW KABALA & COMPANY INC. | Proceeds from Settlement<br>Check No. 4895, dated 08/30/12 | 1249-000 | 1,000.00 | | 216,067.81 |
| C  09/24/12 | 002008 | KAPLIN STEWART MELOFF REITER & STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Fees<br>Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for August 2012 filed 09/11/12. | 3210-600 | | 7,187.50 | 208,880.31 |

PFORM2T4

Ver: 19.06

FORM 2

Page: 38

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| Case No: | 12-16115 -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | Capital One |
| | | | Account Number / CD #: | *******4296  Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | Professional Fee Statement August Fees $7,187.50; Expenses $18.80 | | | | |
| C  09/24/12 | 002009 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman 910 Harvest Drive Blue Bell, PA  19422 | Professional Expenses Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for August 2012 filed 09/11/12. Professional Fee Statement August Fees $7,187.50; Expenses $18.80 | 3220-610 | | 18.80 | 208,861.51 |
| Ct  09/24/12 | | Transfer to Acct #*******4482 | Bank Funds Transfer 09/24/12 - Transfer ASKEW funds to segregated account | 9999-000 | | 1,000.00 | 207,861.51 |
| C  10/02/12 | 67 | ASKEW KABALA & COMPANY INC. | Proceeds from Settlement Check No. 4918, dated 10/01/12 | 1249-000 | 1,000.00 | | 208,861.51 |
| C  10/04/12 | 64 | ALIAS CONFIDENTIAL INVESTIGATIONS | Proceeds from Settlement Check No. 4426, dated 10/01/12 | 1249-000 | 100.00 | | 208,961.51 |
| Ct  10/04/12 | | Transfer to Acct #*******4482 | Bank Funds Transfer 10/04/12 - Transfer ASKEW funds to segregated account | 9999-000 | | 1,000.00 | 207,961.51 |
| C  10/22/12 | 002010 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman 910 Harvest Drive Blue Bell, PA  19422 | Professional Fees Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for September 2012 filed 10/10/12. Professional Fee Statement September Fees $1,160.00; Expenses $2.46 | 3210-600 | | 1,160.00 | 206,801.51 |
| C  10/22/12 | 002011 | KAPLIN STEWART MELOFF REITER & STEIN, PC Barry A. Furman 910 Harvest Drive Blue Bell, PA  19422 | Professional Expenses Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for September 2012 filed 10/10/12. Professional Fee Statement September Fees $1,160.00; Expenses $2.46 | 3220-610 | | 2.46 | 206,799.05 |
| C  11/06/12 | 67 | ASKEW KABALA & COMPANY, INC. | Proceeds from Settlement Check No. 4930, dated 11/01/12 | 1249-000 | 1,000.00 | | 207,799.05 |

Ver: 19.06

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 39

Exhibit 9

| Case No: | 12-16115 -RK | | Trustee Name: | KAREN SUE NAYLOR |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | Capital One |
| | | | Account Number / CD #: | *******4296  Checking - Non Interest |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| C  11/06/12 | 64 | ALIAS CONFIDENTIAL SETTLEMENT | Proceeds from Settlement<br>Check No. 4445, dated 10/31/12 | 1249-000 | 100.00 | | 207,899.05 |
| Ct 11/13/12 | | Transfer to Acct #*******4482 | Bank Funds Transfer<br>11/13/12 - Transfer ASKEW funds to segregated account | 9999-000 | | 1,000.00 | 206,899.05 |
| C  11/19/12 | 002012 | KAPLIN STEWART MELOFF REITER & STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Fees<br>Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for October 2012 filed 11/06/12.<br>Professional Fee Statement<br>October Fees $360.00; Expenses $18.55 | 3210-600 | | 360.00 | 206,539.05 |
| C  11/19/12 | 002013 | KAPLIN STEWART MELOFF REITER & STEIN, PC<br>Barry A. Furman<br>910 Harvest Drive<br>Blue Bell, PA  19422 | Professional Expenses<br>Professional Fees to Special Tax Counsel paid pursuant to Order Approving Application by Chapter 7 Trustee to Employ Special Tax Counsel entered 11/30/11 and pursuant to Professional Fee Statement for October 2012 filed 11/06/12.<br>Professional Fee Statement<br>October Fees $360.00; Expenses $18.55 | 3220-610 | | 18.55 | 206,520.50 |
| C  12/05/12 | 64 | ALIAS CONFIDENTIAL SETTLEMENT | Proceeds from Settlement<br>Check No. 4465, dated 12/01/12 | 1249-000 | 100.00 | | 206,620.50 |
| Ct 12/13/12 | | Trsf To UNION BANK | FINAL TRANSFER | 9999-000 | | 206,620.50 | 0.00 |

\* **Reversed**
t  **Funds Transfer**
C  **Bank Cleared**

| Account | | | | | |
|---|---|---|---|---|---|
| *******4296 | | Balance Forward | 0.00 | | |
| | 10 | Deposits | 3,700.00 | 13  Checks | 51,902.95 |
| | 0 | Interest Postings | 0.00 | 0  Adjustments Out | 0.00 |
| | | | | 4  Transfers Out | 209,620.50 |
| | | Subtotal | $    3,700.00 | | |
| | | | | Total | $   261,523.45 |
| | 0 | Adjustments In | 0.00 | | |
| | 2 | Transfers In | 257,823.45 | | |
| | | Total | $  261,523.45 | | |

FORM 2                                                                                          Page:   40

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit 9

| Case No: | 12-16115 -RK | | Trustee Name: | KAREN SUE NAYLOR |
|---|---|---|---|---|
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO | | Bank Name: | Capital One |
| | | | Account Number / CD #: | *******4474  Segregated for CPN |
| Taxpayer ID No: | *******0907 | | | |
| For Period Ending: | 02/16/17 | | Blanket Bond (per case limit): | $  5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| C t  04/18/12 | | Estate of Consolidated Employer Management | Funds transfer to Capital One | 9999-000 | 170,000.00 | | 170,000.00 |
| C t  09/07/12 | | Transfer to Acct #*******4296 | Bank Funds Transfer  Transfer of CPN Segregated Funds to DDA pursuant to final order and instructions of counsel | 9999-000 | | 170,000.00 | 0.00 |

\*  **Reversed**
t  **Funds Transfer**
C  **Bank Cleared**

| Account | | | | | |
|---|---|---|---|---|---|
| *******4474 | Balance Forward | 0.00 | | | |
| 0 | Deposits | 0.00 | 0 | Checks | 0.00 |
| 0 | Interest Postings | 0.00 | 0 | Adjustments Out | 0.00 |
| | | | 1 | Transfers Out | 170,000.00 |
| | Subtotal | $     0.00 | | | |
| | | | | Total | $     170,000.00 |
| 0 | Adjustments In | 0.00 | | | |
| 1 | Transfers In | 170,000.00 | | | |
| | Total | $     170,000.00 | | | |

FORM 2

Page: 41

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit 9

| | |
|---|---|
| Case No: | 12-16115 -RK |
| Case Name: | CONSOLIDATED EMPLOYER MANAGEMENT SO |
| Taxpayer ID No: | *******0907 |
| For Period Ending: | 02/16/17 |

| | |
|---|---|
| Trustee Name: | KAREN SUE NAYLOR |
| Bank Name: | Capital One |
| Account Number / CD #: | *******4482  Segregated for SETTLEMENT FUNDS |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
|---|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | | 0.00 |
| C† 04/18/12 | | Estate of Consolidated Employer Management | Funds transfer to Capital One | 9999-000 | 1,500,000.00 | | 1,500,000.00 |
| C† 09/24/12 | | Transfer from Acct #*******4296 | Bank Funds Transfer 09/24/12 - Transfer ASKEW funds to segregated account | 9999-000 | 1,000.00 | | 1,501,000.00 |
| C† 10/04/12 | | Transfer from Acct #*******4296 | Bank Funds Transfer 10/04/12 - Transfer ASKEW funds to segregated account | 9999-000 | 1,000.00 | | 1,502,000.00 |
| C† 11/13/12 | | Transfer from Acct #*******4296 | Bank Funds Transfer 11/13/12 - Transfer ASKEW funds to segregated account | 9999-000 | 1,000.00 | | 1,503,000.00 |
| C† 12/13/12 | | Transfer to Acct #*******0383 | Bank Funds Transfer | 9999-000 | | 1,503,000.00 | 0.00 |

\* **Reversed**
† **Funds Transfer**
C **Bank Cleared**

| Account *******4482 | | | | |
|---|---|---|---|---|
| | Balance Forward | 0.00 | 0 Checks | 0.00 |
| 0 | Deposits | 0.00 | 0 Adjustments Out | 0.00 |
| 0 | Interest Postings | 0.00 | 1 Transfers Out | 1,503,000.00 |
| | Subtotal | $ 0.00 | Total | $ 1,503,000.00 |
| 0 | Adjustments In | 0.00 | | |
| 4 | Transfers In | 1,503,000.00 | | |
| | Total | $ 1,503,000.00 | | |

| Report Totals | | | | |
|---|---|---|---|---|
| | Balance Forward | 0.00 | | |
| 119 | Deposits | 2,143,276.80 | 66 Checks | 2,141,367.29 |
| 65 | Interest Postings | 173.69 | 12 Adjustments Out | 2,083.20 |
| | Subtotal | $ 2,143,450.49 | 60 Transfers Out | 7,551,114.66 |
| 0 | Adjustments In | 0.00 | Total | $ 9,694,565.15 |
| 60 | Transfers In | 7,551,114.66 | | |
| | Total | $ 9,694,565.15 | Net Total Balance | $ 0.00 |